# **<u>Exhibit A</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EGI-VSR, LLC, | ) |
| | ) Case No. 1:15-cv-20098-RNS |
| Petitioner, | ) |
| | ) Judge Robert N. Scola, Jr. |
| v. | ) |
| | ) |
| JUAN CARLOS CELESTINO | ) |
| CODERCH MITJANS A/K/A | ) |
| JUAN CODERCH, | ) |
| | ) |
| | ) |
| Respondent. | ) |
| | / |

---

### DECLARATION OF
### PEDRO OLIVEIRA DA COSTA

---

I, Pedro Oliveira da Costa, partner of Barbosa, Müssnich, Aragão Advogados, located at Avenida Almirante Barroso, 52/33º, Centro, Rio de Janeiro, RJ, Brazil, declare as follows:

1. I am a citizen of the Federative Republic of Brazil ("Brazil"), and an attorney at law enrolled in the Brazilian Bar Association (OAB/RJ) with registration number 97.550. I am a partner in the firm Barbosa, Müssnich, Aragão Advogados, where I work as one of the leaders of the Dispute Resolution (Litigation and Arbitration) practice. The firm has offices in Rio de Janeiro (Av. Almirante Barroso, 52/33º, Centro), São Paulo (Av. Pres. Juscelino Kubitschek, 1455, 10º andar, Itaim-Bibi) and Brasília (SHS Quadra 6, Conjunto A, Bloco E, 19º andar).



1

2.    In 1998, I obtained a Bachelor at Law degree from Universidade do Estado do Rio de Janeiro. Since my graduation, I have focused my practice on civil and corporate litigation and arbitration. I also hold a Master Degree in Civil Law at Universidade do Estado do Rio de Janeiro. In addition to my legal practice, I was a Professor of Commercial Law at Universidade do Estado do Rio de Janeiro and in post-graduation courses of Civil Law and Commercial Law at Pontifícia Universidade Católica do Rio de Janeiro, Universidade do Estado do Rio de Janeiro and FGV – Fundação Getúlio Vargas.

3.    EGI-VSR, LLP ("EGI-VSR") commenced, pursuant to Article 23 of its Shareholders' Agreement, on November 27, 2009, an arbitration against, among others, Juan Carlos Celestino Coderch Mitjans ("Juan Coderch").

4.    On January 13, 2012, the sole arbitrator of the said dispute, Mr. Vasco Costa Ramírez, issued his final arbitration decision (the "Final Award"). In the Final Award, Mr. Vasco Costa Ramírez determined that the respondents, including Respondent Juan Coderch, were jointly and severally "(…) *ordered to buy and pay for all the shares of the claimant, EGI-VSR, L.L.C., in the company Viña San Rafael SA in the way requested in the claim.*"

5.    On January 12, 2015, EGI-VSR petitioned the United States District Court for the Southern District of Florida, seeking to enforce the Final Award against Juan Coderch (the "Enforcement Proceeding") under the terms of the Inter-American Convention on International Commercial Arbitration of January 30, 1975 (the "Panama Convention").

6.    To serve the summons and notify Juan Coderch of the Enforcement Proceeding, the Southern District of Florida issued of a Letter Rogatory to Brazil, requesting the



2

service to be carried out in the following manner: *"(1) In accordance with the special procedures or additional formalities that are described below, as provided for in the second paragraph of Article 10 of the above mentioned Convention: or (2) By service personally on the identified addressee or, in the case of legal entity, on its authorized agent; or (3) If the person or the authorized agent of the entity to be served is not found, service shall be made in accordance with the law of the State of destination."*

7.   EGI-VSR engaged my law firm to assist with the application for the Letter Rogatory. I personally worked on the matter and have knowledge of the facts relating to the request for the Letter Rogatory and the process followed in Brazil in connection with the issuance of the Letter Rogatory for this case.

8.   In the case at hand, both the Public Prosecutor and the Superior Court of Justice (*Superior Tribunal de Justiça* - "STJ") determined that Juan Coderch had been lawfully served in accordance with Brazilian law under the special proceeding (*citação por hora certa*[1]) provided for in Article 252 of the Brazilian Code of Civil Procedure (*Código de Processo Civil* - "CPC").[2]

9.   I confirm in this declaration that Mr. Juan Coderch was properly served with process under Brazilian law. All matters set forth herein are truthful and based on the documentation presented in the process, on my personal knowledge of the law, and on facts and matters that are known to me or of which I have been informed by others. Where I have been informed by others, the information is true to the best of my knowledge and belief, and I state the other source of the information. Although I

---

[1] In some documents the procedure of *citação por hora certa* has been translated into English as "service of process at a certain time".

[2] Law n. 13.105, from May 16, 2015, effective upon March 18, 2016. Whenever necessary, the old legislation (which also provided for the *citação por hora certa* mechanism) will be referred to in this declaration as "CPC-1973," as a reference to the Law 5.869, from January, 11, 1973, which was replaced in 2016.



represent EGI-VSR relating to the service of Juan Coderch in Brazil, all opinions that I express on matters of Brazilian law are my own.

## SERVICE OF PROCESS ON MR. JUAN CODERCH

10.  I have reviewed the Motion to Quash and Exhibits filed by Mr. Coderch in Case no. 15.20098-CIV-SCOLA (Documents 21 and 21-1), currently pending before the United States District Court for the Southern District of Florida, whereby Mr. Juan Coderch questions the validity of the service of process effected on him in Brazil.

11.  At the outset, it should be stressed that service of process on Mr. Juan Coderch was carried out under the supervision of the Federal Courts of Rio de Janeiro, by a bailiff who enjoys "public faith."[3] The *citação por hora certa* procedure was adopted by express determination of the Superior Court of Justice (Exhibit 1), with the approval of the Federal Public Attorney's Office (*Ministério Público Federal* – "MPF") and with the participation of the Federal Public Defender's Office (*Defensoria Pública da União* – "DPU"), which acted on behalf of Mr. Juan Coderch.[4]

---

[3] Under the Brazilian judicial system, orders and commands issued by judges are performed by bailiffs, who, due to the public office they hold, enjoy "public faith" (*i.e.* their actions are considered to be correct and true, for all legal purposes, until formal concrete evidence is produced in court demonstrating their falseness). Notaries also enjoy "public faith"; documents issued or certified by a notary are expressly admitted as evidence in court (see art. 384 of the CPC: "*the existence and the mode of existence of any fact may be attested or documented, according to the requirement of the interested party, in accordance to the Notarial Minutes made by the public notary*"). Therefore, there is no room for questioning/raising doubts regarding the information furnished by the bailiffs whose certificates are attached to the record, nor with respect to the *Ata Notarial* (Notarial Minute) drawn up.

[4] Article 72 of the CPC provides that, in cases of constructive service – such as the case of *citação por hora certa*, in the event of default of appearance, the Public Defender's Office must act as *ad hoc* curator. In the words of a legal commentator, "*the curator is appointed because the defendant has not entered an appearance in the proceedings, with a risk of having judgment entered against him without the possibility of defense […]. The appointment is in accordance with the principle of due legal process.*" (NERY JUNIOR, Nelson e NERY, Rosa Maria de Andrade. *Código de Processo Civil comentado* (Commented Code of Civil Procedure). 16a. ed. rev. atual. e ampl. São Paulo: Editora Revista dos Tribunais. 2016, p. 417).



12.     As attested by the certificate issued by the Superior Court of Justice, attached, <u>process</u>
        <u>was served on Mr. Juan Coderch in accordance with Brazilian law</u> (Exhibit 2). To this
        day, Coderch has taken no action in Brazil seeking to invalidate the service made.
        Even if he had attempted to attack service in Brazil – and even taking into
        consideration the remote and hypothetical possibility that Mr. Juan Coderch might
        have been successful in this venture – Mr. Coderch would have been at that time
        declared as having been duly served.

13.     Notably, under Brazilian law (CPC, art. 239, §1), the defendant's unequivocal
        knowledge of the existence and subject matter of the proceedings obviates the need
        for formal service (or, more accurately, obviates the need to adopt any of the formal
        procedures for service of process stipulated in the CPC), since service is deemed to
        have been effected for all legal purposes and effects. [5]

14.     Thus, if Mr. Coderch had successfully challenged service in the Brazilian courts, as
        would have been the proper procedure, the only practical effect would be to postpone
        the date of service until the date on which it is shown that he became unmistakably
        aware of the existence and subject matter of the proceedings. Thus, his challenge at
        best would have meant nothing more than delaying the date by which he was deemed
        served under Brazil law.

---

[5] CPC, Art. 239, § 1: *"The spontaneous entry of an appearance by the defendant or judgment debtor cures the lack or nullity of the service, and the time for filing a defense or motion to stay execution starts to run from the date such appearance is entered."*



## THERE IS NO PROOF THAT THE PLACE OF SERVICE OF PROCESS WAS NOT THE RESIDENCE OR DOMICILE OF JUAN CODERCH. IN FACT, THERE IS EVIDENCE TO THE CONTRARY

15. In order to nullify his service, Juan Coderch states that he has ceased to maintain domicile and residence in Brazil since December 2015, having moved to a "Finca" in Paraguay.

16. Mr. Coderch points to a declaration submitted to the Brazilian Federal Revenue Service to suggest that he would have "definitely moved" from Brazil in December 2015.

17. Notwithstanding that such a declaration has no connection with the rules of the law regarding the places where the service of process on the defendant in judicial proceedings may be validly effected, Mr. Coderch's allegation is inconsistent with the documents presented by Mr. Juan Coderch himself: in the document regarding his presence in the country, it is stated that his entrance to Brazil occurred on December 22, 2015. However, according to the declaration he uses as an excuse for not being served, his exit of the country would have occurred on that same date, December 22, 2015 (Exhibits 3 and 4).

18. Mr. Juan Coderch somehow alleges that this declaration renders him immune to the application of art. 252 of the CPC because Mr. Coderch claims the address where the bailiff went "was not his residence or domicile."

19. This allegation is not well-founded. First, the Superior Court of Justice, the Federal Public Attorney's Office and the Public Defender's Office were all aware of his contention that he did not reside or domicile in Brazil at the time of the attempts to make service on him, and none of these institutions viewed this as an obstacle to the adoption of the procedure of *citação por hora certa*. 

6

20.    The fact that Mr. Juan Coderch may no longer have *tax domicile* in Brazil (which is the sole effect of such declaration – see discussion at paragraphs 53-59 below) does not mean that he no longer has residence or domicile in the country, or that he cannot be served with process in Brazil. After all, at no time has it been proved on the record, or even alleged by Mr. Coderch, that the apartment situated at Av. Prefeito Mendes de Moraes, 1150 (Cobertura) is not used by him and by his family.

21.    Quite the contrary. According to the doormen and the maid who works at the São Conrado building, Mr. Juan Coderch "*lives in the penthouse of that building* situated at *Avenida Prefeito Mendes de Moraes, 1150*" (Exhibit 5). His wife also resides there and frequents the place, giving orders and instructions to the employees on behalf of her husband (*See e.g.*, Exhibit 6).  In addition, when initially investigating this address, I learned from a colleague who at that time used to reside in the building, that Mr. Coderch and his wife live in the penthouse apartment.

22.    Accordingly, considering that the São Conrado apartment is known to be, and has been proven to be, one of Juan Coderch's residences (see discussions at paragraphs 35-49 below), it is clear that it may also be deemed to be his domicile, as expressly provided in art. 71 of the Brazilian Civil Code: "*If, however, the individual person has various places of residence, where he lives alternately, any of them may be treated as his domicile*".

23.    It is important to note that the document produced by Mr. Juan Coderch relating to his supposed migratory movements (according to the records of the Federal Police of



7

Rio de Janeiro) only proves that, in 2016, Mr. Coderch was in Brazil (more precisely in Rio de Janeiro) for many months.[6]

24.    Although this document is only evidence of Mr. Coderch's departures and arrivals through the International Airport of Rio de Janeiro – with no information as to his entering and leaving the country through other airports, ports or frontiers[7] – the fact that Mr. Juan Coderch remains in Rio de Janeiro for extended periods of time constitutes additional proof that he has domicile (even though not tax domicile) in Brazil.

25.    It is precisely because of situations such as these that art. 73 of the Brazilian Civil Code provides that "the domicile of an individual person who has no fixed abode shall be the place where he is encountered."

26.    There is therefore no defect whatsoever in the service of process made at the São Conrado address, deemed to be the residence and domicile of Mr. Juan Coderch, pursuant to Brazilian law.

27.    Mr. Juan Coderch argues that EGI-VSR is being disingenuous because it accomplished service on Mr. Coderch in Chile for a Chilean proceeding, and separately and at another time, accomplished service on him in Brazil. This is permissible under Brazilian law. There is no reasonable justification why a defendant, who has two or

---

[6] According to the said document, Juan Coderch arrived at Antonio Carlos Jobim International Airport, Rio de Janeiro, on December 22, 2015 and stayed in Brazil until January 7, 2016. Later, Mr. Coderch returned to Rio de Janeiro, arriving at the International Airport in June 20, 2016 and only leaving on October 15, 2016.

[7] Considering that Mr. Coderch states he has land in Paraguay – although he has produced a supposedly non-existent address, as attested by documents that have the quality of "public faith" – only a few miles from the frontier with Brazil, there is nothing to stop him from crossing the frontier by car or by any other means of transport and flying to Rio de Janeiro using regional airports.



more places of residence where he lives alternately (as is the case for Mr. Juan Coderch), can only be served with process in the place that it appears to be the most convenient to him. This is an illogical argument, which disregards the letter of the law and does not respect the current order of things and of business practices,[8] and has been rejected by the Brazilian courts:

> "INTERLOCUTORY APPEAL. DOUBLE DOMICILE. SERVICE OF PROCESS AT DESIGNATED TIME. ANNULMENT. INADMISSIBILITY. CERTIFICATE OF BAILIFF WHO HAS 'PUBLIC FAITH' AND FULFILLS REQUIREMENTS OF ART. 227 OF [CPC-1973]. APPEAL ENTERTAINED IN PART, AND SUCH PART REJECTED. **1. If, as has been proved, at the time of the service of process the appellants exercised their profession at the address stated in the warrant, irrespective of also having possibly set up an office in Barueri, the rule of art. 94, § 1, of the [CPC-1973] is applicable: 'if he has more than one domicile, the defendant may be served with process in the courts of any of them'.** (...)" (TJSP. 29th Chamber of Private Law. Interlocutory Appeal 0446647-42.2010.8.26.0000, ruled in May 18, 2011).

---

[8] Brazilian jurists frequently criticize arguments such as this one made by Mr. Juan Coderch that he can only have one place of residence or domicile and cannot be served in any other place: *"In the modern world, with the expansion of business, with the increased means of transportation, with the development of communications, it is becoming more and more frequent for persons to have various places of residence, where they live alternately, or more than one center of habitual occupation' (Zeno Veloso, 'O Domicílio'). Provided they combine, in the different locations, the requirements of intention to stay and residence, the plurality of domicile should be accepted, since it better reflects reality, eliminating the idea of domicile as a legal fiction. [...] Just as it admits the possibility of plurality of domicile, the Law also considers the opposite situation, where the individual person, instead of many, has no fixed residence: although he lives in a given place, the subjective requirement is lacking, namely the intention to remain"* (TEPEDINO, Gustavo et al. *Código Civil interpretado conforme a Constituição da República* (Civil Code interpreted according to the Federal Constitution). vol. I. 3ª ed. Rio de Janeiro: Renovar, 2014, pp. 161-162). Following the same line, on commenting art. 71 of the Brazilian Civil Code, Nelson Nery states: *"Here the law opens an opportunity for recognition of the possibility for the citizen to have more than one domicile, in a situation different from that referred to in CC, article 72, sole paragraph. The multiplicity of places of residence that authorizes the variety of domicile is that which preserves for each one special characteristics capable of indicating aspects of the constant permanence of the person in those places. Thus, the person must have in all the places where he invokes residence-domicile a bundle of permanent interests based on the zeal for which it may be stated that those aspects are present that define the center of his existence, such aspects forming the definition of domicile. Imagine a retired couple who live throughout the year alternately six months in their country house and six months in their beach house. Present in this example is the idea of dual alternating residence, capable of justifying the invocation of double domicile"* (NERY JUNIOR, Nelson et al. *Código Civil comentado* (Commented Civil Code). 12ª ed. rev. ampl. atual. São Paulo: Editora Revista dos Tribunais. 2017, p. 459).

## THE FACTS THAT LED TO SERVICE OF PROCESS ON MR. JUAN CODERCH *POR HORA CERTA*

28.    Upon receipt of the Letter Rogatory for service of process on Juan Coderch, the Vice-President of the STJ, Justice Laurita Vaz, on July 1, 2015, ordered (i) the notification of the "interested party, if he so wishes, to offer opposition to the present letter rogatory"; (ii) "if the party of interest replies", the remittance of the case records "to the Federal Prosecutor's Office (MPF) for a statement on granting *exequatur*; (iii) "if the party of interest is not found", the remittance of the case records "to the MPF in order for any possible supply of other addresses for locating the defendant"; (iv) "once the attempts to identify the whereabouts of the party of interest have been exhausted or the default judgement of the defendant has been established", the notification of "the Public Defender's Office for purpose of indicating a representative to act as the *ad hoc* curator, as prescribed by art. 216-R under the bylaws of the Superior Court of Justice".

29.    On the following day, July, 2, 2015, the necessary warrant for service was issued, by mail, addressed to Av. Prefeito Mendes de Moraes, 1150 (Cobertura), São Conrado, Rio de Janeiro.

30.    On August 3, 2015, the return receipt for the letter sent for the purpose of effecting service on Juan Coderch was returned to the STJ, stating that service had not been effected, on the grounds that the defendant "had moved."

31.    In view of this failed attempt, the court file was remitted to the Federal Public Attorney's Office, which indicated, on September 22, 2015 three other potential addresses for service on Mr. Juan Coderch: (i) Av. das Américas, nº 700, Bloco 1, sala 306 and 307, (ii) Rodovia São Francisco do Iracem, s/n, A, Zona Rural, Xapuri/AC and



(iii) R. 1º de Março, nº 21, 3º andar, Centro, Rio de Janeiro, all of which were listed in public records as places where Mr. Coderch exercised professional activities.

32.   At the request of the Federal Public Attorney's Office, the STJ ordered process to be served on Mr. Coderch, by mail, at these three different addresses. These further attempts, carried out in November 2015, were equally unsuccessful.

33.   The Letter Rogatory was then remitted to: (i) the Federal Public Defender's Office, which, on behalf of Juan Carlos Celestino Coderch (mentioned as the "interested party" in DPU's motion – Exhibit 7), requested that the record be returned to the requesting court, stating that it was not possible to comply with the order issued by the Southern District of Florida; and (ii) the Federal Public Attorney's Office, which, in turn, requested that the record be remitted to the Federal Courts of Rio de Janeiro, in order to exhaust all possible attempts to serve notice of process on Mr. Coderch.

34.   The Superior Court of Justice, on accepting the opinion of the Federal Public Attorney's Office, ordered the record to be remitted to the Federal Courts in Rio to exhaust all possible ways to serve Mr. Coderch, and in the event that he was not found, to carry out a search for Mr. Coderch's current address through public departments and public utility providers (e.g., water, power and telephone) (Exhibit 8).

35.   On May 18, 2016, the bailiff returned to Mr. Juan Coderch's apartment in the district of São Conrado, Rio de Janeiro, for another attempt to serve process on Mr. Juan Coderch personally. As per the certificate issued by the bailiff, "it was not possible to serve process on JUAN CARLOS CELESTINO CODERCH, since the latter's whereabouts were unknown. I went to Av. Prefeito Mendes de Moraes, 1150, on May 18. On this occasion I was informed by the doorman, who identified himself by the 

11

name of Walter, that Cecília, the defendant's wife, had left in the entrance hall a document to be shown to all court officials who should appear. This document contains a statement from the defendant to the Federal Revenue authorities, in which he states that he is living abroad. The doorman also said he is not authorized by Cecília to receive any document from court officials" (Exhibit 6).

36.  In view of this, the STJ ordered that the Letter Rogatory be returned to the United States District Court for the Southern District of Florida.

37.  Before the Letter Rogatory was returned, however, EGI-VSR engaged my law firm and petitioned the STJ to reconsider the decision ordering the return of the Letter Rogatory for non-compliance, in light of the fact that at no time had the bailiff stated that Mr. Juan Coderch did not reside at the address stated in the warrant for service.

38.  The bailiff merely certified that the wife of Mr. Coderch, "Mrs. Cecília", resident at that address, had left a declaration from her husband, supplied to the Brazilian Federal Revenue Service, to be shown to "all court officials who might appear there," stating that Mr. Juan Coderch resided abroad.

39.  The conclusions that may be drawn from this information are that (i) Mr. Juan Coderch in fact maintains an apartment at Av. Prefeito Mendes de Moraes, 1150, São Conrado, Rio de Janeiro; (ii) his wife frequents that apartment; (iii) the couple maintain contact, Mrs. Cecília acting as spokeswoman for her husband; (iv) Mr. Juan Coderch is constantly sought by court officials – to the point of giving orders (through his wife) that certain information be passed to "all court officials who might appear there"; and (v) Mr. Juan Coderch decided to choose another country as his tax domicile, thereby ceasing to pay income tax in Brazil.

12

40. In addition to these conclusions, it came to my knowledge that, around the same time (more precisely on <u>August 12, 2016</u>), the defendant's brother, Mr. Jorge Celestino Coderch, stated before the Chilean court, that Juan Coderch "has been resident and domiciled in Brazil for 50 years." (Exhibit 9).

41. As an additional note, we also knew from a colleague at my law firm, who until recently lived in an apartment next to Av. Prefeito Mendes de Moraes, 1150, São Conrado, and personally knows the couple that now lives in her former apartment, that Juan and his wife lived in the penthouse apartment at Av. Prefeito Mendes de Moraes, 1150, São Conrado during the time when she was a neighbor and the Coderchs seem to continue to live there and enjoy a relationship with the neighbor couple.

42. Notably, a quick Google search confirms that the Coderchs reside in the apartment, for example, a publication from July 9, 2016 shows that Cecília Coderch, Juan's wife, celebrated her birthday in "her 3-floor penthouse (triplex) in São Conrado with her husband Juan and her daughters Adriana and Melina and a select group of friends". (Exhibit 10).[9]

43. In light of all the signs of hiding from the authorities, on October 3, 2016 one of my colleagues in the firm went to the above-mentioned address (Av. Prefeito Mendes de Moraes, 1150, São Conrado), where Mr. Juan Coderch's apartment is situated, accompanied by a notary public, in order to obtain information. Upon arrival, they

---

[9] Additionally, public records show that the São Conrado apartment is registered as a property of Litus Administração Ltda., which has Santa Lucia Concessões Públicas S.A. as a shareholder. Research on the internet (https://www.empresascnpj.com/s/empresa/santa-lucia-concessoes-publicas-s-a/08325574000141) demonstrates that Melina Coderch, Juan Coderch's daughter, who is pictured and mentioned in the article about Cecilia Coderch's birthday celebration, is one of the shareholders of Santa Lucia Concessões Públicas S.A.



were informed by the doorman that "*Mr. Juan Coderch <u>lives in the penthouse of the building</u> situated in Avenida Prefeito Mendes de Moraes, 1150*" (Exhibit 5).

44.   Without specific instructions as to how to deal with persons other than court officials, the doorman willingly telephoned the apartment, and received information allegedly from the maid that neither Mr. Juan Coderch nor his wife were at home "at that moment".

45.   The details of that visit were recorded in a notarial instrument drawn up by the 10th Notary's Office of the State of Rio de Janeiro, which was submitted to the STJ, together with the other information above, to enable that Court to evaluate the need to adopt the procedure of *citação por hora certa*, considering the signs that Mr. Juan Coderch was concealing.

46.   The STJ then determined that the record be remitted once again to the Federal Courts of the State of Rio de Janeiro for another attempt at serving process on Mr. Juan Coderch. This decision was communicated to the Federal Public Attorney's Office and to the Public Defender's Office.

47.   This time, the doorman had been instructed to furnish new information. On this occasion, the doorman presented a piece of paper with an address in Paraguay: Distrito de Los Cedrales, Calle 20, Finca 6808, Número 8231. The doorman refused to provide a copy of the piece of paper and despite his refusals to provide, the attorney who was accompanying the notary public a picture of the piece of paper to document exactly what it said.

48.   As I was informed and as is described in the *Acta Notarial*, EGI-VSR engaged a law firm in Paraguay, in order to find Juan's whereabouts or to check the truth of the above



14

mentioned information. The Paraguayan attorneys spoke with the local notary's office, which took steps to investigate and interview various people in an effort to discover the actual location of the interested party, and came to the conclusion that the address supplied by Mr. Juan Coderch does not exist and he does not reside in that locality.

49. This information was recorded in an "Acta Notarial" (Notarial Minute) drawn up on December 5, 2016, which was also brought to the notice of the Superior Court of Justice, with a new request to evaluate the need to adopt the procedure of *citação por hora certa*, pursuant to arts. 252 and 253 of the CPC.

50. Both the Federal Public Attorney's Office and the Federal Public Defender's Office were notified of such request. The Federal Public Attorney's Office agreed in applying the procedure of *citação por hora certa* and the Federal Public Defender's Office did not object to service through that process after receiving full notification of the request. The STJ then, on February 2, 2017, determined that further attempts be made to serve process on Mr. Juan Coderch, **expressly saying in its decision that the procedure of** *citação por hora certa* **should be applied** (Exhibits 11, 12).

51. In furtherance of the STJ ruling, the Federal Court of Rio de Janeiro ordered that the warrant for service be renewed, with particular reference to the procedure of service *citação por hora certa*. The bailiff returned to Av. Prefeito Mendes de Moraes, 1.150, twice (on April 6 and April 11), being informed on both occasions that Juan Coderch was not home.

52. In compliance with the decisions ordering service at a designated time, the bailiff informed the doorman of the building at Av. Prefeito Mendes de Moraes, 1150, that he would return on April 12, 2017 at 2 p.m. to effect service, and this was done. At 

15

that time, as stipulated in the CPC, the bailiff left the summons and copies of the court documents with the doorman, who controls access to the apartments in the building and receives packages and mail at the building.

53. Accordingly, on April 12, 2017 the procedure of *citação por hora certa* was completed, and Mr. Juan Coderch was duly served in the manner stipulated in art. 252 of the CPC.

## THE DECLARATION PRESENTED TO THE BRAZILIAN FISCAL AUTHORITIES IS FOR TAX PURPOSES ONLY

54. In Mr. Coderch's motion, he attempts to use his final departure declaration to the Brazilian Ministry of Finance to demonstrate that he was no longer residing in Brazil. The use of that document, however, is wrong. The declaration relates to the mandatory fulfilment of accessories obligations before the Fiscal authorities (*e.g.* Income Tax Declaration and the payment of the tax owed the State). The heading of the referred document ("Communication of Definite Departure from the Country") relates to fiscal matters, indicating change of fiscal address of the tax payer, nothing more.

55. According to Brazilian law, the presentation of said declaration (and the performance of correlated formalities) frees the signer of the obligation of presenting an annual declaration of income and of paying the related tax, once the requirement that the signer does not remain in Brazilian territory for more than six months per year is observed – under penalty of the exemption being revoked and the fiscal obligations reestablished.

56. Tax issues, including residency for purposes of taxation, cannot be confused and have nothing to do with the rules of the Brazilian Civil Code (*Código Civil* - "CC") regarding 

16

residency or domicile or the rules of the CPC regarding the places where the service of process on the defendant in judicial proceedings may be validly effected.

57.  The Normative Instruction 208 of the Secretariat of the (Brazilian) National Treasury[10] (art. 11-A) lists such a declaration as one of the documents to be provided by the tax payer who wants to change its fiscal domicile, being considered a "non-resident" in Brazil for taxation purposes solely.

58.  In accordance with such Normative Instruction (see art. 2º, III, 'b'.2, and V, and art. 3º, among others),[11-12] persons with multiple domiciles who remain absent from Brazil for

---

[10] Normative Instruction 208 of the (Brazilian) National Treasury provides for *"the taxation, by income tax, of income received from sources located abroad and of capital gains calculated on the alienation of assets and rights located abroad by individuals resident in Brazil and income received and capital gains verified in the Country by a natural person who is not resident in Brazil"* and establishes in article 1º: *"Income received from sources abroad, including Brazilian government agencies located outside Brazil, and capital gains calculated on the sale of assets and rights abroad by individuals resident in Brazil, as well as income received and earnings of capital accrued in Brazil by a natural person not resident in Brazil are subject to income taxation, in accordance with the provisions of this Normative Instruction, without prejudice to the international agreements, treaties and conventions signed by Brazil or the existence of reciprocal treatment"*.

[11] Art. 2º: *It is considered <u>resident in Brazil</u>, the individual:*

*I – that resides in Brazil permanently;*

*II – that is absent to provide services as an employee to Brazilian government autarchies or divisions located overseas;*

*III – that enters in Brazil:*

*a) with a permanent visa, on the date of arrival;*

*b) with a temporary visa:*

*1. to work with an employment relationship or act as a doctor in the 'Mais Médicos' Program, which is regulated by the Provisional Measure nº 621, from July 8th, 2013, on the date of arrival;*

*2. <u>in the date in which completes 184 days, consecutives or not, of residence in Brazil, within a period of up to 12 months</u>;*

*3. in the date of the acquisition of a permanent visa or an employment relationship, if it occurred before completing 184 days, consecutives or not, of residence in Brazil, within a period of up to 12 months.*

*IV – that is a Brazilian citizen who has acquired the status of non-resident in Brazil and returns to the Country with a definite spirit, on the date of arrival;*

*V – that is absent from Brazil on a temporary basis or retires permanently from the national territory without submitting the Communication of Definite Departure from the Country, which is dealt with in art. 11-A, during the first twelve (12) consecutive months of absence.*

[12] Art. 3º *It is considered <u>non-resident in Brazil</u>, the individual:*

17

up to 6 months (up to 183 days) per annum (consecutive or not) may opt to pay income tax in another country and are released of the obligation to present the income tax return – by means of the Annual Adjustment Statement (*Declaração de Ajuste Anual*) – to the Brazilian authorities.[13]

59. Therefore, the declaration presented to the Brazilian Federal Revenue simply shows that Mr. Coderch has undertaken steps to avoid continuing to pay income taxes in Brazil and instead pay them to Paraguay (or in another country where he has fixed his tax domicile).

60. The use of this declaration for other purposes shows that Juan Coderch resorts to ruses and subterfuges to evade from "any court official" who goes looking for him.

---

*I - that does not reside in Brazil on a permanent basis and does not fit the hypotheses provided for in art. 2º;*

*II - that withdraw permanently from the national territory, on the date of departure, except as provided in item V of art. 2º;*

*III - who, as a non-resident, enters in Brazil to provide services as an employee of a foreign governing body located in Brazil, except as provided in item IV of art. 2º;*

*IV – that enters in Brazil with a temporary visa:*

*a) and remain up to 183 days, consecutive or not, in a period of up to twelve months;*

*b) until the day before obtaining a permanent visa or employment relationship, if it occurs before completing 184 days, consecutive or not, of permanence in Brazil, within a period of up to twelve months;*

*V - who is absent from Brazil on a temporary basis, from the day following that on which he completes twelve consecutive months of absence.*

[13] *Article 9º: Individuals residing in Brazil who withdraw permanently from national territory in the course of the calendar year shall, subject to the provisions of art. 11-A:*

*I - present the Declaration of Definitive Departure from the Country, relative to the period in which he remained as a Brazilian resident in the calendar year of departure, until the last working day of April of the calendar year subsequent to the final departure, as well as the income tax return declarations corresponding to previous calendar years, if obligatory and not yet delivered;*

*II - collect in a single quota, until the date provided for delivery of the income tax return declarations referred to in item I, the tax assessed thereon and other tax credits not yet paid, whose deadlines for payment are considered due on this date, if less time is not stipulated in tax legislation.*

*[...] Paragraph 3: In the Declaration of Definitive Departure from the Country, the tax is calculated by using the values of the monthly progressive table, valid in the calendar year of the exit, multiplied by the number of months in which the taxpayer has remained in the condition of resident in Brazil, in the year-calendar in question.*

*Paragraph 4: In determining the basis of calculation in the Declaration of Definitive Departure from the Country can be deduced, observing the limits and conditions set in the pertinent legislation: [omissis].*

18

## INNUMERABLE INDICATIONS OF JUAN CODERCH'S CONCEALMENT

61. According to his statements and to his declaration of non-residence presented to the Brazilian Federal Revenue Service, Mr. Coderch would have moved out of the country by December of 2015.

62. There are innumerable indications that this is not true and that Juan Coderch uses ruses to avoid being summoned.

63. According to the documents presented by Mr. Juan Coderch himself, at the date of his alleged definitive exit from Brazil (December 22, 2015) he was actually entering the country. Besides that, just a few months after what would have been this "definitive leaving of the country," he returned to Rio de Janeiro for a long stay of 4 months.

64. If it were not enough, the efforts of serving Juan Coderch were not limited to the address situated at Av. Prefeito Mendes de Moraes, nº 1150. In answer to a petition of the Federal Public Attorney's Office, the STJ determined that the summons of Mr. Juan Coderch be made at three other addresses on November of 2015 (Av. das Américas, nº 700, Bloco 1, sala 306 and 307; Rodovia São Francisco do Iracem, s/n, A, Zona Rural, Xapuri/AC and R. 1º de Março, nº 21, 3º andar, Centro, Rio de Janeiro), before the supposed move to Paraguay.

65. At last, there are Notarial Minutes collected by the notary public of the purposeful deceptive practices employed by Mr. Juan Coderch to try to avoid been summoned.

66. The first being the statement made by the employee of the São Conrado building to the effect that Mr. Coderch *"lives in the penthouse of the building situated at Avenida Prefeito Mendes de Moraes, nº 1150"*, including the attested information that was given 

19

by the maid that works in the house of Mr. and Mrs. Coderch, according to which Juan and his wife were not at home "at the moment," showing that habitually they are at the apartment.

67.   The second being the piece of paper left with the São Conrado's building doorman that shows an address in Paraguay that, according to the Paraguayan Notarial Minute does not exist.

68.   Against these overwhelming proofs, Mr. Coderch only presents allegations. According to Brazilian law, I can firmly state that these evasive and general declarations of Mr. Juan Coderch do not invalidate any proof contained in the Notarial Minutes.

69.   According to the terms of Article 3º of Law n. 8.935/1994 (which regulates article 236 of Brazilian Constitution, providing for the notary and registry services and for the registered public records), *"the public notary, and the register officer, are professionals of law, endowed with public faith, to whom is delegated the exercise of public notary activity and that of register"*. Due to the strength of the public notary's words – considered to be true and honest as per its public faith – the CPC disposes, in its art. 384, that *"the existence and the mode of existence of any fact may be attested or documented, according to the requirement of the interested party, in accordance to the Notarial Minutes made by the public notary"*.

## MR. CODERCH'S ARGUMENTS TO NULLIFY SERVICE HAVE NO FORCE UNDER BRAZILIAN LAW

70.   While still trying to question the service effectuated in Brazil, Mr. Juan Coderch invests in formal arguments and insists that there is no proof that he was concealing. Once more, his arguments evolve around the non-resident declaration presented to

20

the Brazilian Federal Revenue Service and the verbal declaration of the doorman (given at the express orders received from "Mrs. Cecilia," Mr. Coderch's wife) that Mr. Juan Coderch was away from Brazil since December 2015, at which time he had (allegedly) moved to a "Finca" in Paraguay.

71.     These arguments, however, did not convince the STJ nor the Federal Public Attorney's Office. The existence of such declaration to the fiscal authorities as well as the fact that the doorman informed that he left Brazil to live in Paraguay, supposedly "since 2015", already have been considered – and rejected – by the aforementioned judicial bodies (STJ) and the inspection bodies of the application of federal law (Federal Public Attorney's Office). The referred information was acknowledged by both as well as by the Federal Public Defender's office, and neither body concluded that this could be an obstacle for the *citação por hora certa*.

72.     It is notable that Mr. Juan Coderch has avoided raising this discussion in the proper forum (the Brazilian Superior Courts, the only one competent to disavow said constructive citation which was determined and attested by the STJ), preferring instead to try to "challenge" the service of process in Florida, on the grounds of foreign law (in this case, Brazilian law) by means of affidavits that distort what the law disposes of and ignore the subtleties of the real situation.

73.     Mr. Coderch claims that (i) the certificate of service should be null and void as it failed to advise Mr. Coderch that a special guardian would be appointed for him in the event of default; (ii) the copy of the certificate of service was delivered to the doorman at the apartment building and not to his family; and (iii) the service was null because it failed to indicate the precise times at which the bailiff carrying out the service unsuccessfully sought to serve Mr. Coderch.



21

74.    First, it is important to point out that the Federal Public Defender's Office was summoned and advocated on behalf of Mr. Coderch (as explained in paragraphs 11, 19, 29, 33, 45 and 49 above). The proceedings were not "*ex parte*" as he alleges.

75.    In fact, even after the letter rogatory with the purpose of summoning Juan was fulfilled as certified by the STJ – and then remitted to the United States – the Public Defender's Office made an inquiry to the Superior Court of Justice, on behalf of Juan, whether a certain formal requirement of the *citação por hora certa* had been complied with. The Superior Court of Justice considered the inquiry, reviewed the documents and determined that such requirement was met. In light of that, the Public Defender's Office informed not to have any further request. Notably, as recent as December 11, 2017, the Superior Court of Justice addressed new issue related to the service of Mr. Coderch, which was made by the Public Defender on Mr. Coderch's behalf. The Superior Court of Justice demonstrated that the formality was met, attesting once again the service was properly made in this case.

76.    As to the summons and delivery of the copy of the certificate of service to be provided to the doorman, it is important to note that the CPC expressly authorizes that "in the residential condominiums and housing states with access control, the summons referred to in the head provision shall be valid when delivered to the personnel responsible for the receipt of mail" (CPC, article 252, sole paragraph)." The objection made by Mr. Coderch, therefore, is against the express terms of the law.

77.    Even under the auspices of the former law (CPC-1973), allegations such as the ones made by Mr. Coderch were already declined by the Courts, which have concluded that '*citação por hora certa*' was not invalidated by summons provided to a doorman of the building where the defendant lives: 

22

"CIVIL PROCEDURE. 'CITAÇÃO POR HORA CERTA'. ART. 227 OF THE PROCEDURE LAW [CPC-1973]. SUMMONS OF THE DOORMAN. ACCEPTABILITY. (art. 227 of the [CPC-1973])" (STJ, 4th Panel, Resp 647.201/SP, ruled in October 5, 2004).

78.    Finally, in the present case, the reasons it was suspected that Mr. Coderch was concealing did not derive from the last three attempts of service by the bailiff. They were already recorded in the Letter Rogatory by means of several documents and information. In situations like this, Brazilian case law states that it is "unnecessary to appear in the certificate made by the bailiff the times in which he proceeded with the diligences as to locate the defendant. The persistent absence of that party, solely, is enough to justify the suspicion of concealment that conduces to the initiative of designating a time to implement the summons. Lack of nullity of the summons made this way" (TACível, AC 4.277/95 (Reg. 2622-3), 4ª Chamber, ruled in August 31, 1995).

## CODERCH'S COLLATERAL ATTACKS ON THE NOTARIAL MINUTES AND DETERMINATION OF SERVICE ARE IMPROPER AND THERE IS A PROCESS FOR CHALLENGING THOSE DOCUMENTS BEFORE A BRAZILIAN COURT UNDER BRAZILIAN LAW

79.    Mr. Coderch's attack on the Notarial Minutes is improper and does not follow the process afforded him under Brazilian law if he believes that a Brazilian notary made incorrect statements under the color of law. The Notarial Minutes attached in the records of the Letter Rogatory have the force of proof and the presumption of veracity under Brazilian law. To the extent that Juan Coderch does not accept them as true, or believes that they are filled with errors, the appropriate procedure for disputing the Notarial Minutes is under article 37 of Law 8.935/1994, before the Brazilian law courts, as provided by Brazilian law. According to article 37 of Law 8.935/1994: *"The judiciary inspection of the public notary's acts and records, mentioned in the articles 6º and 13º, will be effected by the competent judge, so defined in the state's scope and in that of the Federal*

23

*District, whenever it becomes necessary or according to the representation of anyone interested in so doing when there occurs a disobedience of the legal obligation on the part of the public notary or of the registrar's officer, or of their substitutes."*

80.   Legal commentators are clear when stating that any challenge to a notarial declaration has to be made by means of a judicial proceeding: *"the inspection and the right to punish in legal hypothesis, is given to the [Brazilian] Judiciary Power that represents the State, through the competent judge, so defined in the area of the State or of the Federal District. The duty of inspection by the Judiciary Power may be exercised <u>ex officio</u> or according to the representation of anyone interested, when the negligence of the legal obligation on the part of the public notary or the registrar's officer or their substitutes, as may be read in art. 37 of the law 8.935, of November 18, 1944. <u>It is therefore up to the interested party to represent against the public notary, the registrar's officer or their substitutes to the competent judge</u>, who shall take the necessary measures for check the denounced fact"*.[14]

\* \* \*

81.   Therefore, I confirm that Mr. Juan Carlos Celestino Coderch was properly served under Brazilian law. The competent courts considered that there were various indications that Mr. Coderch was purposefully concealing his whereabouts. These indications were taken into consideration by the STJ in order to determine the summons as well as by the Federal Public Attorney's Office to confirm the summons which was given to Mr. Juan Coderch. The procedures followed by EGI-VSR comply with the prerequisites of Brazilian law, thus the summons are valid and true.



---

[14] PARIZATTO, João Roberto. *Serviços notariais e de registro, de acordo com a lei nº 8.935, de 18/11/1994*: atribuições dos tabeliães e oficiais: manual prático (Notary services and registry according to Law n. 8.935 of November 18, 1994: duties of notary public and deputy notary public: practical manual). Brasília: Livraria e Editora Brasília Jurídica, 1995.

Pursuant to 28. U.S.C. § 1746, I declare under penalty of perjury under the laws of

the United States of America that the foregoing is true and correct.

Date: ___JANUARY, 12, 2018___          _____

Pedro Oliveira da Costa

# **<u>Exhibit 1</u>**

*Superior Tribunal de Justiça*

**CARTA ROGATÓRIA Nº 10.070 - US (2015/0148596-2)**

| | | |
|---|---|---|
| **RELATORA** | : | **MINISTRA PRESIDENTE DO STJ** |
| JUSROGANTE | : | TRIBUNAL DISTRITAL DO SUL DA FLORIDA |
| INTERES. | : | JUAN CARLOS CELESTINO CODERCH |
| ADVOGADO | : | DEFENSORIA PÚBLICA DA UNIÃO - CURADOR ESPECIAL |
| PARTE | : | EGI-VRS, LLC |
| ADVOGADOS | : | PEDRO OLIVEIRA DA COSTA  - RJ097550 |
| | | ANDRÉ MACEDO DE OLIVEIRA  - DF015014 |
| A.CENTRAL | : | MINISTERIO DA JUSTIÇA |

**DESPACHO**

Oficie-se ao Juízo rogado para que proceda à aplicação do artigo 252 do Código de Processo Civil, com a citação por hora certa da parte Interessada.

Publique-se.  Intimem-se.

Brasília (DF), 02 de fevereiro de 2017.

MINISTRA LAURITA VAZ
Presidente



Documento eletrônico VDA15901736 assinado eletronicamente nos termos do Art.1º §2º inciso III da Lei 11.419/2006
Signatário(a):  MINISTRA Laurita Vaz   Assinado em: 07/02/2017 19:35:40
Publicação no DJe/STJ nº 2141 de 09/02/2017. Código de Controle do Documento: 03846C36-0978-4AD7-8DE6-D89A80A5AA38

English Translation

# TRANSLATION CERTIFICATION

**County of New York**
**State of New York**

Date: December 15, 2017

To whom it may concern:

This is to certify that the attached translation from Portuguese into English is an accurate representation of the documents received by this office.

The documents are designated as:
- Doc. 10_English.pdf

Molly Capriotti, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____
Signature of Molly Capriotti

**Global Solutions.** Local Expertise.

*Superior court of Justice (S.T.J)*

LETTER ROGATORY No. 10070 - US (2015/0148596-2)

| | |
|---|---|
| RAPPORTEUR | CHIEF JUSTICE OF THE STJ |
| REQ. COURT | DISTRICT COURT OF SOUTH FLORIDA |
| PTY OF INT. | JUAN CARLOS CELESTINO CODERCH |
| ATTORNEY | FEDERAL PUBLIC DEFENDER - AD HOC CURATOR |
| PARTY | EGI-VRS, LLC |
| ATTORNEYS | PEDRO OLIVEIRA DA COSTA - RJ097550 |
| | ANDRÉ MACEDO DE OLIVEIRA - DF015014 |
| CENTRAL A. | MINISTRY OF JUSTICE |

COURT ORDER

The Requested Court shall be notified by official letter to proceed application of article 252 (under the Code of Civil Procedure), with the service of process upon the Party of Interest at a designated hour;

Published; and Served.

Brasília (DF), February 2, 2017.

JUSTICE LAURITA VAZ
Chief Justice

PR1.9/1.10-e
CR      10070
C<41311092164122@

C542065515221:10;00131@

2015/0148596-2          Document          Page 1 of 1

Electronic document VDA15901736 signed electronically as prescribed by Act 11419 (Art.1, §2, item III) of 2006 Signatory:
MINISTER Laurita Vaz  Signed on: 2/7/2017 7:35:40 PM
DJe/STJ Publication No. 2141 on 2/9/2017. Document Control Code:   03846C36-0978-4AD7-8DE6-D89A80A5AA38

# **<u>Exhibit 2</u>**



*Superior Tribunal de Justiça*

A COORDENADORA DA CORTE ESPECIAL, da Secretaria dos Órgãos Julgadores do Superior Tribunal de Justiça, usando das atribuições que lhe são conferidas por lei,

CERTIFICA

que, nos registros eletrônicos do(a) CARTA ROGATÓRIA n° 10070/US (2015/0148596-2), número(s) na origem: 08099006115201562, 8099006115201562, 47322015; classificado sob o assunto: DIREITO PROCESSUAL CIVIL E DO TRABALHO - Objetos de cartas precatórias/de ordem - Diligências, do qual é Relatora a Excelentíssima Senhora Ministra PRESIDENTE DO STJ e no qual figuram, como JUSROGANTE, TRIBUNAL DISTRITAL DO SUL DA FLORIDA; como INTERES. , JUAN CARLOS CELESTINO CODERCH, ADVOGADO: DEFENSORIA PÚBLICA DA UNIÃO - CURADOR ESPECIAL; como PARTE, EGI-VRS, LLC, ADVOGADOS: PEDRO OLIVEIRA DA COSTA - RJ097550 , : ANDRÉ MACEDO DE OLIVEIRA - DF015014 ; como A.CENTRAL , MINISTERIO DA JUSTIÇA, constam as seguintes fases: em 11 de abril de 2016, Concedido o Exequatur (Publicado em 12/04/2016); em 15 de maio de 2017, Determinada a devolução da carta rogatória ao juízo rogante (Publicado em 16/05/2017); em 01 de junho de 2017, Remetidos os Autos (para devolução à justiça rogante) para MINISTÉRIO DA JUSTIÇA. Outrossim, certifico que o interessado JUAN CARLOS CELESTINO CODERCH foi citado por hora certa no endereço Avenida Prefeito Mendes de Moraes, 1150, na cidade do Rio de Janeiro, no qual o oficial de justiça esteve em dilgência nos dias 6 de de abril de 2017, dia 11 de abril de 2017 e no dia 12 de abril de 2017, às 14h, deixando cópia do mandado de citação e da petição incial. O REFERIDO É VERDADE E DOU FÉ. Dada e passada em 30 de novembro de 2017 em Brasília, Distrito Federal. Eu, _____, (Franco Deybson Soriano de Araújo), Assessor "B" da Coordenadoria, visei-a.

**Vânia Maria Soares Rocha**
Coordenadora da CORTE ESPECIAL



**CNJ** CONSELHO NACIONAL DE JUSTIÇA

**BRASIL**
APOSTILLE
(Convention de La Haye du 5 octobre 1961)

1. País:
   (Country / Pays): REPÚBLICA FEDERATIVA DO BRASIL

Este documento público
(This public document / Le présent acte public)

2. Foi assinado por:
   (Has been signed by / A été signé par)    VÂNIA MARIA SOARES ROCHA

3. Na qualidade de:
   (Acting in the capacity of / Agissant en qualité de)    COORDENADORA DA CORTE MARCIAL

4. Tem o selo / carimbo de:
   (Bears the seal / stamp of / Est revêtu du sceau / timbre de)    SUPERIOR TRIBUNAL DE JUSTIÇA

Certificado
(Certified / Attesté)

| 5. Em: (At / A) | Brasília | 6. No dia: (The / Le) | 05/12/2017 |
|---|---|---|---|

7. Por:
   (By / Par):    MC ARTHUR DI ANDRADE CAMARGO

8. Nº:
   (Nº / Sous nº)    3294686

9. Selo / Carimbo:
   (Seal / Stamp / Sceau / Timbre)

10. Firma:
    (Signature)    Assinatura Electrônica
    Electronic Signature
    Signature Électronique

Tipo de documento:
(Type of document / Type d'acte)    CERTIDÃO

Nome do titular:
(Name of holder of document / Nom du titulaire)    JUAN CARLOS CELESTINO CODERCH



Código/Code:
3294686
(3G)
02B98296



www.cnj.jus.br/apostille/consulta    ouvidoria@cnj.jus.br

17.0.01219134-2

176145

1º Ofício de Notas e Protesto de Brasília

CARTORIOJK

RECONHECO e dou fé por SEMELHANCA a(s) firma(s) de:
(1DUq6R1)--VANIA MARIA SOARES ROCHA ............
...............................................
...............................................

Selo TJDFT20170012021706LUNE
BSB,05/12/2017 - 10:36:07
MAL-Consultar selo. ""www.tjdft.jus.br""

JEFFERSON ALVARES SCHUAB TABOAS

AA 3204105

English Translation

# TRANSLATION CERTIFICATION

Date: December 11, 2017

To whom it may concern:

This is to certify that the attached translation from Portuguese into English is an accurate representation of the document received by this office.

The document is designated as:
- Letters Rogatory

Natalie Legros, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned document is a true, full and accurate translation of the specified document."

_Natalie Legros_
_____
Signature of Natalie Legros



*Superior Court of Justice*

The COORDINATOR OF THE SPECIAL COURT, of the Secretariat of Judicial Agencies of the Superior Court of Justice, in the exercise of the powers conferred upon it by law,

CERTIFIES

that, in the electronic registries of LETTER ROGATORY number 10070/US (2015/0148596-2), source number(s): 08099006115201562, 8099006115201562, 47322015; classified under topic: CIVIL AND LABOR PROCEDURAL LAW – Subjects of requesting/order letters – Inquiries, for which the Reporting Judge is the Honorable Madame CHIEF JUSTICE OF THE SUPERIOR COURT and in which the involved parties are, as REQUESTING COURT, SOUTH FLORIDA DISTRICT COURT; as PARTY CONCERNED, JUAN CARLOS CELESTINO CODERCH, ATTORNEY: PUBLIC DEFENSE OF THE UNION – SPECIAL COUNSEL; as PARTY, EGI-VRS, LLC, ATTORNEYS: PEDRO OLIVEIRA DA COSTA – RJ097550,: ANDRE MACEDO DE OLIVEIRA – DF015014; as CENTRAL A., JUSTICE MINISTRY, includes the following phases: on April 11, 2016, Exequatur Granted (Published on 04/12/2016); on May 15, 2017, Ruling to return the letter rogatory to the requesting court (Published on 05/16/2017); on June 01, 2017, Proceedings Remitted (for return to the requesting court) to JUSTICE MINISTRY. Likewise, I certify that the party concerned JUAN CARLOS CELESTINO CODERCH was served at a specified time at the address Avenida Prefeito Mendes de Moraes, 1150, in the city of Rio de Janeiro, at which the court officer executed the warrant on April 6, 2017, April 11, 2017, and April 12, 2017, at 2:00 p.m., leaving a copy of the summons order and the initial application. THE ABOVE IS TRUE AND I SO SWEAR. Provided and transcribed on November 30, 2017, in Brasilia, Federal District. I [signature], (Franco Deybson Soriano de Araujo), Counsel "B" of the Coordinating Body, oversaw it.

[Signature]
**Vania Maria Soares Rocha**
Coordinator of the SPECIAL COURT

| **BRAZIL** | |
|---|---|
| CNJ National Council of Justice | **BRAZIL**<br>Apostille<br>(Hague Convention of 5 October 1961) |

| 1. Country: | FEDERATIVE REPUBLIC OF BRAZIL | |
|---|---|---|
| This public document | | |
| 2. Was signed by: | FRANCO DEYBSON SORIANO DE ARAUJO | |
| 3. In the capacity of: | COURT CLERK | |
| 4. With the seal / stamp of: | SUPERIOR COURT OF JUSTICE | |
| Certified | | |
| 5. In: | Brasilia | 6. On: | 12/05/2017 |
| 7. By: | MC ARTHUR DE ANDRADE CAMARGO | |
| 8. Number: | 3294785 | |
| 9. Seal / Stamp: | 10. Signature | |
| | [Signature]   Electronic Signature | |

Type of Document:     CERTIFICATE





*Superior Court of Justice*

CR 10070/US

CERTIFICATE

I certify that this page consists of a printout on document paper produced electronically from the proceedings of the corresponding letter rogatory and that, therefore, it enjoys the guarantee of its original and of its signatory(ies), under the terms of Law number 11,419, of 19 December 2006.

Access to the entirety of the case may be obtained by attorneys regularly represented in the proceedings, by means of registration of their electronic certificate, directly from any of the Certifying Authorities (ACs) that make up the so-called Brazilian Public Key Infrastructure (ICP-Brasil). The web site of the Superior Court of Justice is www.stj.jus.br.

Brasilia, December 4, 2017



[signature]

STJ – Coordinating Office of the Special Court

1st Office of Notices and Complaints of Brasilia
[obscured address]
Telephone: (61)3799 1515 | cartoriojk.com.br
Notary: McArthur De Andrade Camargo
I RECOGNIZE and swear to the SIMILARITY of the signature[s] of:
[LDUqnty] – FRANCO DEYBSON SORIANO DE ARAUJO
Stamp TJDFT20170012021738ZURR
BSB, 12/05/2017 – 10:37:20
MAL – Consult stamp: "www.tjdft.jus.br"
JEFFERSON ALVARES SCHUAB TABOAS [Signature]



*Superior Court of Justice*
**CONFORMS TO ORIGINAL OR COPY IN THE RECORDS**
[Signature]
Franco Deybson Soriano de Araujo
Court Clerk – Reg. S038290
Coordinating Office of the Special Court

# **Exhibit 3**



SERVIÇO PÚBLICO FEDERAL
M.J. - POLÍCIA FEDERAL
DEL. ESP. DE POLICIA FEDERAL NO AEROPORTO INT. DO RJ/GALEÃO - ANTONIO CARLOS JOBIM - DEAIN/SR/DPF/RJ
SISTEMA DE TRÁFEGO INTERNACIONAL

## CERTIDÃO DE MOVIMENTOS MIGRATÓRIOS

Certifico para os devidos fins que em consulta aos movimentos migratórios de **Não Informado**, realizada em 27/04/2017 às 10:54:43, para o período de (Não Informado) a (Não Informado), utilizando os seguintes critérios de pesquisa:

**Data Nascimento:** Não Informado

**Tipo Documento:** Não Informado

**Tipo Movimento:** Não Informado

**Ponto de Migração:** Não Informado

**País Nacionalidade:** Não Informado

**Nº Documento:** P04932045

**Status Atendimento:** MOVIMENTO NORMAL

Foram encontrados os seguintes registros:



**NOME:** JUAN CARLOS CELESTINO CODERCH MITJANS

**DATA DE NASCIMENTO:** ▇▇▇▇▇

**SEXO:** MASCULINO

| Seq | Data/Hora Movimento | Status Movimento | Tipo Movimento | Tipo Documento | Nº Documento | Classificação | País Nacionalidade | Pto.Migração |
|---|---|---|---|---|---|---|---|---|
| 1 | 15/10/2016 13:44 | MOVIMENTO NORMAL | SAÍDA | PASSAPORTE COMUM | P04932045 | 1 - TURISTA (1) | CHILE | AEROPORTO INTERNACIONAL ANTÔNIO CARLOS JOBIM |
| 2 | 20/06/2016 07:01 | MOVIMENTO NORMAL | ENTRADA | PASSAPORTE COMUM | P04932045 | 1 - TURISTA (1) | CHILE | AEROPORTO INTERNACIONAL ANTÔNIO CARLOS JOBIM |
| 3 | * 07/01/2016 09:46 | MOVIMENTO NORMAL | SAÍDA | PASSAPORTE COMUM | P04932045 | 1 - TURISTA (1) | CHILE | AEROPORTO INTERNACIONAL GOV. ANDRÉ FRANCO MONTORO |
| 4 | * 22/12/2015 18:20 | MOVIMENTO NORMAL | ENTRADA | PASSAPORTE COMUM | P04932045 | 1 - TURISTA (1) | CHILE | AEROPORTO INTERNACIONAL ANTÔNIO CARLOS JOBIM |

| Data da Emissão: 27/04/2017 | Emitido por: CARLOS HENRIQUE CORREIA DOS SANTOS LEAL | Local da Emissão: 513 - AEROPORTO INTERNACIONAL ANTÔNIO CARLOS JOBIM | Página 1 / 2 |
|---|---|---|---|

| 5 | * 23/11/2015 15:40 | MOVIMENTO NORMAL | SAÍDA | PASSAPORTE COMUM | P04932045 | 10 - PERMANENTE (1) | CHILE | AEROPORTO INTERNACIONAL ANTÔNIO CARLOS JOBIM |
|---|---|---|---|---|---|---|---|---|
| 6 | 15/10/2015 08:24 | MOVIMENTO NORMAL | ENTRADA | PASSAPORTE COMUM | P04932045 | 10 - PERMANENTE (1) | CHILE | AEROPORTO INTERNACIONAL ANTÔNIO CARLOS JOBIM |
| 7 | 28/09/2015 19:30 | MOVIMENTO NORMAL | SAÍDA | PASSAPORTE COMUM | P04932045 | 10 - PERMANENTE (1) | CHILE | AEROPORTO INTERNACIONAL ANTÔNIO CARLOS JOBIM |
| 8 | 01/07/2015 09:49 | MOVIMENTO NORMAL | ENTRADA | PASSAPORTE COMUM | P04932045 | 10 - PERMANENTE (1) | CHILE | AEROPORTO INTERNACIONAL ANTÔNIO CARLOS JOBIM |
| 9 | 28/05/2015 16:33 | MOVIMENTO NORMAL | SAÍDA | PASSAPORTE COMUM | P04932045 | 10 - PERMANENTE (1) | CHILE | AEROPORTO INTERNACIONAL ANTÔNIO CARLOS JOBIM |
| 10 | 08/04/2015 18:24 | MOVIMENTO NORMAL | ENTRADA | PASSAPORTE COMUM | P04932045 | 10 - PERMANENTE (1) | CHILE | AEROPORTO INTERNACIONAL ANTÔNIO CARLOS JOBIM |
| 11 | 22/03/2015 13:36 | MOVIMENTO NORMAL | SAÍDA | PASSAPORTE COMUM | P04932045 | 10 - PERMANENTE (1) | CHILE | AEROPORTO INTERNACIONAL ANTÔNIO CARLOS JOBIM |

(*) Horário da máquina local (Atendimento Off-line)

English Translation



**Certificate**

Translated from **Brazilian Portuguese to English for Juan Carlos Celestino Coderch Mitjans**

We, **Montesino Translation LLC**, a professional translation company, hereby certify that the above-mentioned documents have been translated by experienced and qualified professional translators and that, in our best judgment, the translated text truly reflects the content, meaning, and style of the original text and constitutes in every aspect a correct and true translation of the original document.

This is to certify the correctness of the translation only. We do not guarantee that the original is a genuine document, or that the statements contained in the original document are true. Further Montesino Translation assumes no liability for the way which the translation is used by the customer or any third party, including end users of the translation.

A copy of this translation is attached to this certification.

**MEMBER**

*ata*

**AMERICAN TRANSLATORS ASSOCIATION**

Member Number #265831

*Pedro Montesino*

Pedro Montesino
Chief Executive Officer
Montesino Translation LLC

Dated: June 28, 2017



MontesinoTranslation.com
PO Box 29407
Providence, RI 02909
1-800-371-5607

(logo)
FEDERAL PUBLIC SERVICE
JUSTICE MINISTRY – FEDERAL POLICE
SPECIAL POLICE STATION OF THE FEDERAL AT THE RJ/GALEÃO – ANTONIO CARLOS JOBIM -
INTERNATIONAL AIRPORT
DEAIN/SR/DPF/RJ
INTERNATIONAL TRAFFIC SYSTEM

## CERTIFICATE OF MIGRATORY MOVEMENT

For the purposes deemed fit, I hereby certify, that after having checked the migratory movements of **Not informed**, made on 04/27/2017 at 10:54:43, for the period od (Not informed) to (Not informed), by using the following criteria:

**Date of Birth:** Not informed

**Country of Nationality:** Not informed

**Type of Document:** Not informed

**Document No.:** P04932045

**Type of Movement:** Not informed

**Attendance Status:** NORMAL MOVEMENT

**Migration Point:** Not informed

The following records were found:

**NAME:** JUAN CARLOS CELESTINO CODERCH MITJANS

**DATE OF BIRTH:** ▇▇▇▇▇▇

**GENDER:** MALE

| Seq. | Movement Date/Hour | Movement Status | Type of Movement | Type of Document | Document No. | Classification | Country of Nationality | Migration Point |
|---|---|---|---|---|---|---|---|---|
| 1 | 10/15/2016 13:44 | NORMAL MOVEMENT | EXIT | COMMON PASSPORT | P04932045 | 1 – TOURIST (1) | CHILE | ANTÔNIO CARLOS JOBIM INTERNATIONAL AIRPORT |
| 2 | 06/20/2016 07:01 | NORMAL MOVEMENT | ENTRY | COMMON PASSPORT | P04932045 | 1 – TOURIST (1) | CHILE | ANTÔNIO CARLOS JOBIM INTERNATIONAL AIRPORT |
| 3 | * 01/07/2016 09:46 | NORMAL MOVEMENT | EXIT | COMMON PASSPORT | P04932045 | 1 – TOURIST (1) | CHILE | GOV. ANDRÉ FRANCO MONTORO INTERNATIONAL AIRPORT |
| 4 | * 12/22/2015 18:20 | NORMAL MOVEMENT | ENTRY | COMMON PASSPORT | P04932045 | 1 – TOURIST (1) | CHILE | ANTÔNIO CARLOS JOBIM INTERNATIONAL AIRPORT |

| Date of Issuance: 04/27/2017 | Issued by: CARLOS HENRIQUE CORREIA DOS SANTOS LEAL | Place of Issuance: 513 - ANTÔNIO CARLOS JOBIM INTERNATIONAL AIRPORT | Page: 1/2 |
|---|---|---|---|

| 5 | * 11/23/2015 15:40 | NORMAL MOVEMENT | EXIT | COMMON PASSPORT | P04932045 | 10 – PERMANENT (1) | CHILE | ANTÔNIO CARLOS JOBIM INTERNATIONAL AIRPORT |
|---|---|---|---|---|---|---|---|---|
| 6 | 10/15/2015 08:24 | NORMAL MOVEMENT | ENTRY | COMMON PASSPORT | P04932045 | 10 – PERMANENT (1) | CHILE | ANTÔNIO CARLOS JOBIM INTERNATIONAL AIRPORT |
| 7 | 09/28/2015 19:30 | NORMAL MOVEMENT | EXIT | COMMON PASSPORT | P04932045 | 10 – PERMANENT (1) | CHILE | GOV. ANDRÉ FRANCO MONTORO INTERNATIONAL AIRPORT |
| 8 | 07/01/2015 09:49 | NORMAL MOVEMENT | ENTRY | COMMON PASSPORT | P04932045 | 10 – PERMANENT (1) | CHILE | ANTÔNIO CARLOS JOBIM INTERNATIONAL AIRPORT |
| 9 | 05/28/2015 16:33 | | EXIT | COMMON PASSPORT | P04932045 | 10 – PERMANENT (1) | CHILE | ANTÔNIO CARLOS JOBIM INTERNATIONAL AIRPORT |
| 10 | 04/08/2015 18:24 | | ENTRY | COMMON PASSPORT | P04932045 | 10 – PERMANENT (1) | CHILE | ANTÔNIO CARLOS JOBIM INTERNATIONAL AIRPORT |
| 11 | 03/22/2015 13:36 | | EXIT | COMMON PASSPORT | P04932045 | 10 – PERMANENT (1) | CHILE | ANTÔNIO CARLOS JOBIM INTERNATIONAL AIRPORT |

(*) Local machine schedule (Off-line Service)

| Date of Issuance: 04/27/2017 | Issued by: CARLOS HENRIQUE CORREIA DOS SANTOS LEAL | Place of Issuance: 513 - ANTÔNIO CARLOS JOBIM INTERNATIONAL AIRPORT | Page: 1/3 |

# **Exhibit 4**



# Ministério da Fazenda
### Secretaria da Receita Federal do Brasil

**IRPF - Comunicação de Saída Definitiva do País 2015**

Comunicação Retificadora de Saída Definitiva do País e Recibo de Entrega

| | |
|---|---|
| Nome: | **JUAN CARLOS CELESTINO CODERCH MITJANS** |
| CPF: | |
| Data de Nascimento: | |
| Título de Eleitor: | **0000000000000** |
| Data Caract. Não Residente: | **22/12/2015** |
| Recibo nº.: | **1602236184** |

O contribuinte acima declarou, em 23/02/2016 às 18:13:47, que se tornou não residente no Brasil em 22/12/2015. O declarante está ciente de que está obrigado a entregar a Declaração de Saída Definitiva do País do exercício de 2015, ano-calendário de 2015, no período de 01/03/2016 a 28/04/2016, e a efetuar o pagamento do saldo do imposto, se houver, em quota única até 28/04/2016. A entrega após esse prazo implicará na aplicação de multa por atraso na entrega da declaração.

A pessoa física que passou à condição de não residente:

    a. e que receba rendimentos do Brasil deve comunicar tal condição, por escrito, à fonte pagadora, para que esta proceda à retenção do imposto sobre a renda, na forma da legislação em vigor;

    b. deve entregar a Declaração de Saída Definitiva (DSDP) até o último dia útil do mês de abril do ano-calendário seguinte ao da saída, se esta ocorreu em caráter permanente, ou da data da caracterização da condição de não residente, se a saída ocorreu em caráter temporário.

Para informações sobre a tributação dos rendimentos recebidos de fontes pagadoras situadas no Brasil, por não residente no País, inclusive quanto a ganhos de capital, a aplicações financeiras ou a mercados de renda variável, a pessoa física deve consultar a <u>Instrução Normativa SRF nº 208, de 27 de setembro de 2002</u>

Informar os dados abaixo!

CPF: ███████████  Nome: JUAN CARLOS CELESTINO CODERCH MITJANS
Data de Nascimento: ████████  Título de Eleitor: 000000000000

Informe a data da caracterização da condição de não residente. Se a saída ocorreu em caráter temporário, informe, neste campo, o dia seguinte àquele em que completou 12 meses consecutivos de ausência.

[ 22/12/2015 ]  (dd/mm/aaaa)

*¿ Há dependentes saindo definitivamente do País ou que estejam adquirindo a condição de não residente, na mesma data?

○ Sim  ● Não

*¿ Deseja informar um procurador?

○ Sim  ● Não

*¿ Existem Fontes Pagadoras a informar?

● Sim  ○ Não

Tipo  [ Titular  ▼ ]

NI  ● CNPJ [ _____ ]  ○ CPF [ _____ ]

| CPF/CNPJ da Fonte Pagadora | Nome da Fonte Pagadora | Beneficiário do Rendimento | CPF | Excluir |
|---|---|---|---|---|
| ████████ | ████████ | TITULAR | | ✕ |
| ████████ | ████████ | TITULAR | | ✕ |
| ████████ | ████████ | TITULAR | | ✕ |
| ████████ | ████████ | TITULAR | | ✕ |

A pessoa física que passou à condição de não residente:

1. a que receba rendimentos do Brasil deve comunicar tal condição, por escrito, à fonte pagadora, para que esta proceda à retenção do imposto sobre a renda, na forma da legislação em vigor;
2. deve apresentar a Declaração de Saída Definitiva (DSDF) até o último dia do mês de abril do ano-calendário seguinte ao da saída, se esta ocorreu em caráter permanente ou da data da caracterização da condição de não residente, se a saída ocorreu em caráter temporário. Para informações sobre a tributação dos rendimentos recebidos de fontes pagadoras situadas no Brasil por não residente no País, inclusive quanto a ganhos de capital, a aplicações financeiras ou a mercados de renda variável, a pessoa física deve consultar a Instrução Normativa SRF nº 208, de 27 de setembro de 2002.

*¿ Termo de Responsabilidade

☑ As informações contidas nesta comunicação são a expressão da verdade.

Declaro que estou ciente da obrigação de apresentar a Declaração de Saída Definitiva do País de exercício de 2016 ano-calendário de 2015, no período de 01/03/2016 a 29/04/2016, e efetuar, se houver, o pagamento do saldo do imposto, em cota única, até a data prevista para a apresentação da declaração.

[ Reformar ]  [ Confirmar ]

Case 1:13-cv-02093-RNS Document 231-1 Entered on FLSD Docket 11/17/2018 Page 52 of 134

https://www.sedp.receita.fazenda.gov.br/esdp2015/pages/recibo/re...



# Ministério da Fazenda
## Secretaria da Receita Federal do Brasil

**IRPF - Comunicação de Saída Definitiva do País 2015**

**Comunicação de Saída Definitiva do País e Recibo de Entrega**

| | |
|---|---|
| Nome: | **JUAN CARLOS CELESTINO CODERCH MITJANS** |
| CPF: | ▇▇▇▇▇▇▇▇ |
| Data de Nascimento: | ▇▇▇▇▇▇▇ |
| Título de Eleitor: | **0000000000000** |
| Data Caract. Não Residente: | **22/12/2015** |
| Recibo nº.: | **1602236008** |

O contribuinte acima declarou, em 23/02/2016 às 13:08:26, que se tornou não residente no Brasil em 22/12/2015. O declarante está ciente de que está obrigado a entregar a Declaração de Saída Definitiva do País do exercício de 2016, ano-calendário de 2015, no período de 01/03/2016 a 28/04/2016, e a efetuar o pagamento do saldo do imposto, se houver, em quota única até 28/04/2016. A entrega após esse prazo implicará na aplicação de multa por atraso na entrega da declaração.

A pessoa física que passou à condição de não residente:

    a. e que receba rendimentos do Brasil deve comunicar tal condição, por escrito, à fonte pagadora, para que esta proceda à retenção do imposto sobre a renda, na forma da legislação em vigor;

    b. deve entregar a Declaração de Saída Definitiva (DSDP) até o último dia útil do mês de abril do ano-calendário seguinte ao da saída, se esta ocorreu em caráter permanente, ou da data da caracterização da condição de não residente, se a saída ocorreu em caráter temporário.

Para informações sobre a tributação dos rendimentos recebidos de fontes pagadoras situadas no Brasil, por não residente no País, inclusive quanto a ganhos de capital, as aplicações financeiras ou a mercados de renda variável, a pessoa física deve consultar a Instrução Normativa SRF nº 208, de 27 de setembro de 2002



## Comunicação de Saída

### Informar os dados abaixo:

CPF: ███████       Nome: **JUAN CARLOS CELESTINO CODERCH MITJANS**

Data de Nascimento: ███████      Título de Eleitor: **0000000000000**

Informe a data da caracterização da condição de não residente. Se a saída ocorreu em caráter temporário, informe, neste campo, o dia seguinte àquele em que completou 12 meses consecutivos de ausência: 

22/12/2015  (dd/mm/aaaa)

Há dependentes saindo definitivamente do País ou que estejam adquirindo a condição de não residente, na mesma data?

○ Sim  ● Não

Deseja informar um procurador?

○ Sim  ● Não

Existem Fontes Pagadoras a informar?

● Sim  ○ Não

Tipo  Titular

NI  ● CNPJ [_____]  ○ CPF [_____]

| CPF/CNPJ da Fonte Pagadora | Nome da Fonte Pagadora | Beneficiário do Rendimento | CPF | Excluir |
|---|---|---|---|---|
| ███████ | ███████ | TITULAR | | |

A pessoa física que passou à condição de não residente:

English Translation



**Income Tax - Final Departure Communication 2015**
Translated from **Brazilian Portuguese** to **English** for
**Juan Carlos Celestino Coderch Mitjans**

We, **Montesino Translation LLC**, a professional translation company, hereby certify that the above mentioned documents have been translated by experienced and qualified professional translators and that, in our best judgment, the translated text truly reflects the content, meaning, and style of the original text and constitutes in every aspect a correct and true translation of the original document.

This is to certify the correctness of the translation only. We do not guarantee that the original is a genuine document, or that the statements contained in the original document are true. Further Montesino Translation assumes no liability for the way which the translation is used by the customer or any third party, including end users of the translation.

A copy of this translation is attached to this certification.

MEMBER

AMERICAN
TRANSLATORS
ASSOCIATION

Member Number #265831

*Pedro Montesino*

Pedro Montesino
Chief Executive Officer
Montesino Translation LLC

Dated: June 28, 2017

MontesinoTranslation.com
PO Box 29407
Providence, RI 02909
1-800-371-5607

134

[STAMP]

# Ministry of Finance

Internal Revenue Service - Brazil

Income Tax - Final Departure Communication 2015

Final Departure Rectifier Communication and Delivery Receipt

| | |
|---|---|
| Name: | **JUAN CARLOS CELESTINO CODERCH MITJANS** |
| Tax ID: | ████████████ |
| Date of Birth: | ████████ |
| Voting Card: | **0000000000000** |
| Date of Character. of | **12/22/2015** |
| Non-Resident Status: | |
| Receipt No.: | **1602236184** |

The above taxpayer stated, on 02/23/2016 at 18:13:47, that he became non-resident in Brazil on 12/22/2015. The declarant is aware that he is obliged to deliver the Declaration of Final Departure of the Country for the fiscal year 2016, calendar year 2015, from 03/01/2016 to 04/28/2016, and to pay the tax, if any, in a single installment until 04/28/2016. Delivery after this deadline will result in a fine for late delivery of the declaration.

The natural person who has become a non-resident:

a. and who receives income from Brazil must communicate this condition in writing to the paying source, so the latter may withhold income tax in accordance with the legislation in force.
b. must deliver the Final Departure Declaration (DSDP, in Portuguese) by the last working day of the month of April of the calendar year following the departure, if this occurred on a permanent basis, or from the date of characterization of the nonresident condition, if the departure occurred on a temporary basis.

For information on the taxation of income received from paying sources located in Brazil, by a non-resident in the Country, including for capital gains, financial investments or variable income markets, the individual must consult the IRS Normative Instruction No. 208 of September 27, 2002.

Internal Revenue Service - Brazil
www.csdp.receita.fazenda.gov.br

Enter the information below:

Tax ID: ▓▓▓▓▓▓▓▓                    Name: **JUAN CARLOS CELESTINO CODERCH MITJANS**
Date of Birth: ▓▓▓▓▓▓              Voting Card: **0000000000000**

Enter the characterization date of the non-resident status. If the departure occurred on a temporary basis, please inform in this field the following day after the day in which you completed 12 consecutive months of absence. ?
12/22/2015 (mm / dd / yyyy)

Are there any dependents leaving the country permanently or becoming a non-resident on the same date?
○ Yes   ● No

Do you want to inform a solicitor?
○ Yes   ● No

Are there paying sources to inform?
● Yes ○ No

Type **Holder**
NI   ● Corporate Tax ID          ○ Individual Tax ID

| Corporate / Individual Tax ID of the Paying Source | Paying Source Name | Income Beneficiary | Individual Tax ID | Delete |
|---|---|---|---|---|
| ▓▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓▓ | HOLDER | | X |
| ▓▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓▓ | HOLDER | | X |
| ▓▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓▓ | HOLDER | | X |
| ▓▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓▓ | HOLDER | | X |

The natural person who has passed the status of non-resident:
1. and who receives income from Brazil must communicate this condition in writing to the paying source, so the latter may withhold income tax in accordance with the legislation in force.
2. must submit the Final Departure Declaration (DSDP, in Portuguese) until the last business day of April of the calendar year following the date of departure, if this occurred on a permanent basis, or the date of the characterization of the non-resident status, if the departure occurred on a temporary basys. For information on the taxation of income received from paying sources located in Brazil, by a non-resident in the Country, including for capital gains, financial investments or variable income markets, the individual should refer to IRS Normative Instruction No. 208 of September 27, 2002.

Statement of Responsibility
The information contained in this document is an expression of the truth.
I declare that I am aware of the obligation to present the Final Departure Declaration for the fiscal year of 2016, calendar year of 2015, from 03/01/2016 to 04/28/2016, and to pay the tax, if any, in a single installment until the date set for the submission of the declaration.

Back      Confirm

[STAMP]

# Ministry of Finance

Internal Revenue Service - Brazil

Income Tax - Final Departure Communication 2015

Final Departure Communication and Delivery Receipt

| | |
|---|---|
| Name: | **JUAN CARLOS CELESTINO CODERCH MITJANS** |
| Tax ID: | ████████████ |
| Date of Birth: | ████████ |
| Voting Card: | **0000000000000** |
| Date of Character. of Non-Resident Status: | **12/22/2015** |
| Receipt No.: | **1602236184** |

The above taxpayer stated, on 02/23/2016 at 1:08:26 PM, that he became non-resident in Brazil on 12/22/2015. The declarant is aware that he is obliged to deliver the Declaration of Final Departure of the Country for the fiscal year 2016, calendar year 2015, from 03/01/2016 to 04/28/2016, and to pay the tax, if any, in a single installment until 04/28/2016. Delivery after this deadline will result in a fine for late delivery of the declaration.

The natural person who has become a non-resident:

a. and who receives income from Brazil must communicate this condition in writing to the paying source, so the latter may withhold income tax in accordance with the legislation in force.
b. must deliver the Final Departure Declaration (DSDP, in Portuguese) by the last working day of the month of April of the calendar year following the departure, if this occurred on a permanent basis, or from the date of characterization of the nonresident condition, if the departure occurred on a temporary basis.

For information on the taxation of income received from paying sources located in Brazil, by a non-resident in the Country, including for capital gains, financial investments or variable income markets, the individual must consult the IRS Normative Instruction No. 208 of September 27, 2002.

Internal Revenue Service - Brazil
https://www.csdp.receita.fazenda.gov.br

Departure Communication
Enter the data below
Tax ID: ██████████          Name: **JUAN CARLOS CELESTINO CODERCH MITJANS**
Date of Birth: ██████████    Voting Card: **0000000000000**

Enter the characterization date of the non-resident status. If the departure occurred on a temporary basis, please inform in this field the following day after the day in which you completed 12 consecutive months of absence. ?

12/22/2015 (mm / dd / yyyy)

Are there any dependents leaving the country permanently or becoming a non-resident on the same date?
○ Yes  ● No

Do you want to inform a solicitor?
○ Yes  ● No

Are there paying sources to inform?
● Yes ○ No
Type Holder
NI   ● Corporate Tax ID          ○ Individual Tax ID

| Corporate / Individual Tax ID of the Paying Source | Paying Source Name | Income Beneficiary | Individual Tax ID | Delete |
|---|---|---|---|---|
| ██████████ | ██████████ | HOLDER | | X |

The natural person who has become a non-resident:

# **<u>Exhibit 5</u>**

Claudio Antônio Manso de Souza
Tabelião

**Tânia Castro Góes**
Substituta

Av. Nilo Peçanha, 26 - A - Loja, Sobreloja, 2º e 3º andares - Centro - Rio de Janeiro - RJ - CEP 20020
Tel./Fax: (21) 2544-3023 / 2524-5332 / 2215-1021 / 2215-2858 / 2215-2859
Rua Barata Ribeiro, 330 - Copacabana - Rio de Janeiro - RJ - Cep 22040-001 - Tel.: (21) 2235-3050

| | |
|---|---|
| **LIVRO: 7389** | **ATA NOTARIAL de CONSTATAÇÃO**, na forma |
| **FOLHA: 015** | abaixo: |
| **ATO:    007** | |

**S A I B A M quants** esta virem que aos três dias do mês de outubro do ano de dois mil e dezesseis (03.10.2016). Eu, Jorge da Costa Roque, Substituto do Tabelião do 10º Ofício de Notas, situado na Av. Nilo Peçanha, nº 26, 3º andar, Estado do Rio de Janeiro, por solicitação do Dr. João Rafael Castro de Oliveira, brasileiro, solteiro, maior, advogado, inscrito na OAB/RJ sob o nº 176917, e no CPF/MF sob o nº 124.305.737-84, residente e domiciliado na nesta cidade, com escritório na Av. Almirante Barroso nº 52, 33º andar, Centro/RJ, identificado como o próprio por mim, face aos documentos apresentados, do que dou fé, estando ciente que da presente farei enviar Nota ao competente Cartório Distribuidor, na forma e prazo da Lei. Então, por volta das 14h15min, compareci na Avenida Prefeito Mendes de Moraes, nº 1.150, São Conrado, na residência do Sr. JUAN CARLOS CELESTINO CODERCH. Encontrando com o Dr. João Rafael Castro de Oliveira na entrada do prédio acima mencionado, nos dirigimos à portaria do edifício, fomos recebidos pelo porteiro de plantão, este nos informou que o Sr. Juan Carlos Celestino Coderch mora na cobertura daquele prédio situado na Avenida Prefeito Mendes de Moraes, nº 1.150. O porteiro interfonou para o apartamento do Sr. Juan Carlos Celestino Coderch e, segundo ele, foi atendido pela empregada. Esta, por sua vez, informou a ele, porteiro, que o Sr. Juan Carlos Celestino Coderch naquele momento não estava em casa, e nem a sua esposa. Pelo que faço a presente ATA NOTARIAL para que a mesma produza todos os devidos e legais efeitos de direito, em Juízo ou fora dele. **ASSIM**, pediu-me que lavrasse a presente ATA, que será distribuída no prazo da Lei. As custas devidas pela lavratura desta escritura na importância de R$148.72 + diligência no valor de R$90,02, calcula-se conforme Tabela 07, item 1, mais R$21,88 (02 comunic.– RGI, DOI, DISTRIBUIDOR, CENSEC, Tab.01, 5), mais R$9,44 (arquivamento - tabela 01, item 04), acrescidas das Leis, R$54,01 (20% FETJ – Lei 3219/99), R$13,50 (5% FUNPERJ – Lei Complementar Estadual 111/06), R$13,50 (5% FUNDPERJ – Lei Estadual 4664/05), R$10,80 (4% FUNARPEN/RJ Lei Estadual 6281/12), que serão recolhidos no prazo e forma da lei, R$4,77 (2% ATOS GRATUITOS/PMCMV Lei Estadual 6370/12), mais Distribuição 6º Distribuidor R$25,54, R$14,21( ISSQN), mais R$13,54 das contribuições devidas a cada uma das seguintes entidades: Mútua dos Magistrados do Estado do Rio de Janeiro. Eu **Jorge da Costa Roque**, Substituto do Tabelião, a lavrei e encerro o presente ato.(ASSINADO).-. **E, eu,** _____, **Tabelião/Substituto, subscrevo e assino a presente TRASLADO** hoje 03/10/2016.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.

Poder Judiciário - TJERJ
Corregedoria Geral da Justiça
Selo de Fiscalização Eletrônico
**EBTR26779-EAX**
Consulte a validade do selo em:
https://www3.tjrj.jus.br/sitepublico

10º OFÍCIO DE NOTAS
Jorge da Costa Roque
Tabelião Substituto
Mat. 94-9139

088559AA019149

Documento eletrônico e-Pet nº 1973787 com assinatura digital
Signatário(a):  GIOVANI TRINDADE CASTANHEIRA MENICUCCI:00704001136 NºSérie Certificado: 110577557667083087414984991303632140668
Id Carimbo de Tempo: 96139897533220 Data e Hora: 04/10/2016 18:40:43hs

English Translation

# TRANSLATION CERTIFICATION

**County of New York**
**State of New York**

Date: December 15, 2017

To whom it may concern:

This is to certify that the attached translation from Portuguese into English is an accurate representation of the documents received by this office.

The documents are designated as:
- Doc. 7_English.pdf

Molly Capriotti, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____
Signature of Molly Capriotti

**Global Solutions.** Local Expertise.

| | | |
|---|---|---|
| **Claudio Mattos**<br>10th Deeds and<br>Titles Office | Claudio Antonio Mattos de Souza<br>**Notary Public**<br><br>**Tânia Castro Góes**<br>**Substitute** | 10th Deeds and Titles Office<br>Jorge de Costa Roque<br>Substitute Notary Public<br>Reg. 94-9139<br>[initials] |

Av. Nilo Peçanha 26 – A  Loja, Sobreloja, 2ª e 3º andares  - Centro - Rio de Janeiro - RJ - CEP 20020-100
Tel./Fax: (21) 2544-3023 / 2524-5332 / 2215-1021 / 2215-2859 / 2215-2859
Rua Barata Ribeiro, - Copacabana - Rio de Janeiro - RJ - Cep 22040-001 –Tel: (21) 2235-3050

RECORD BOOK: 7389                    NOTARIZED FINDING REPORT. as seen below

PAGE: 015

ACT:        007

T o   w h o m   i t   m a y   c o n c e r n, on the third day in the month of October in the year twenty-sixteen (10/3/2016). I, Jorge de Costa Roque, Substitute Notary Public of the 10th Deeds and titles Office, situated on Av. Nilo Peçanha. n° 26. 3º andar. Estado do Rio de Janeiro, at the request of Dr. João Rafael Castro de Oliveira, a single, Brazilian, adult, attorney registered at the OAB RJ [legal bar] under no. 176617, and under TIN no. 124.305.737-84, residing and domiciled in this city, with an office at Av. Almirante Barroso no. 52, 33° andar, Centro RJ, properly identified by myself, in light of the documents shown, to the best of my knowledge, is aware that from this present document, I will send a Note to the competent Notary Public Distributor as prescribed by Law. Around 2:15 PM, I arrived on Avenida Prefeito Mendes de Moraes, at. 1150. São Conrado. At the residence of Mr. JUAN CARLOS CELESTINO CODERCH. On encountering Dr. João Rafael Castro de Oliveira at the entrance of the building mentioned above, we went to the building gatehouse, and were received by the doorman on duty, who informed us that Mr. Juan Carlos Celestino Coderch lives in the penthouse apartment of that building situated at Avenida Prefeito Mendes de Moraes, no. 1150. The doorman made an interphone call to Mr, Juan Carlos Celestino Coderch's apartment which, according to him, was answered by the maid. She, in turn, informed him that Mr. Juan Carlos Celestino Coderch was not home at the time, and neither was his wife. I therefore file this present NOTARIZED ACT, which shall produce all the duly legal effects of law, in or out of Court, THUS, he asked me to record this present ACT, which shall be timely distributed as prescribed by Law.

The payable costs for recording this registry are in the amount of RS 148.72 - a service fee of R$60.02, calculated on the basis of Table 07. item 1, plus R$21.88 (02 communic. - RGI. DOI.

DISTRBUTOR. CENSEC. Tab.01, 5), plus R$9.44 (filing - table 01. item 04).

legal surcharges. R$54.01 (20% FETJ - Law 3219/96). R$13.50 (5% FUNPERJ Complementary State Statute 111/06).

R$13.50 (5% 'FUNDPFRJ — State Statute 4664 05). R$10.80

4% FUNARPEN RJ State Statute 6281/12). which will be timely paid as prescribed by law.

R$4.77 (2% GATUITOUS ACTS PMCMV State Statute 6370/12). Plus Distributor 6º'

Distribution RS25.54. R$14.21 (ISSQN), plus R$13.54 of the contributions payable to each one of the following entities: Mútua dos Magistrados do Estado do Rio de Janeiro. I, Jorge da Costa

Roque, Substitute Notary Public, record and close this present act. (SIGNED).-. And, I,

____[initials]_____, the Substitute Notary Public, hereby sign the present TRANSFER today 10/3/2016

State Judiciary- TJERJ                    10th Deeds and Titles Office
General Magistrate                         Jorge de Costa Roque
Electronic Seal of Inspection              Substitute Notary Public
EBTR26779-EAX                              Reg. 94-9139
Consult seal validity at:
https://wwvv.3tirj.jus.br/sitepublico

# **Exhibit 6**

(e-STJ Fl.1825)

 **PODER JUDICIÁRIO**
**JUSTIÇA FEDERAL**
SEÇÃO JUDICIÁRIA DO RIO DE JANEIRO



JFRJ
Fls 1583

MANDADO Nº 5.493-1/2016

---

### CERTIDÃO (NEGATIVA)

**CERTIFICO** que, em cumprimento ao mandado expedido, não foi possível proceder à citação de JUAN CARLOS CELESTINO CODERCH, em função de o mesmo encontrar-se em local incerto. Compareci na av. Prefeito Mendes de Moraes, 1150, no dia 18 de maio. Nesta ocasião fui informado pelo porteiro que se identificou com o nome de Walter, que Cecília, esposa do citando, deixou na portaria um documento que deveria ser apresentado para todos os oficiais de justiça que ali estivessem. Neste documento consta uma declaração do citando, junto a receita federal, em que informa que está residindo no exterior. O porteiro informou ainda que não está autorizado por Cecília a receber qualquer documento de oficiais de justiça. Desta forma, devolvo o mandado para apreciação do juízo.

---

Rio de Janeiro, 18 de maio de 2016.

**Leonardo Parente Martins dos Santos**
Analista Judiciário/Execução de Mandados
Matrícula: 12188

| Classif. documental | 92.100.05 |
|---|---|

Documento eletrônico juntado ao processo em 25/07/2016 às 14:00:35 pelo usuário: GIOVANNY PRADO DOS SANTOS

Assinado eletronicamente. Certificação digital pertencente a LEONARDO PARENTE MARTINS DOS SANTOS.
Juntada feita por RACHEL ALKABES.
Documento No: 74750722-44-0-1583-1-79029 - consulta à autenticidade do documento através do site http://www.jfrj.jus.br/autenticidade .

English Translation

# TRANSLATION CERTIFICATION

**County of New York**
**State of New York**

Date: December 15, 2017

To whom it may concern:

This is to certify that the attached translation from Portuguese into English is an accurate representation of the documents received by this office.

The documents are designated as:
- Doc. 6_English.pdf

Molly Capriotti, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."


_____
Signature of Molly Capriotti

 **JUDICIARY BRANCH**
**FEDERAL COURT**
**SYSTEM**
COURT OF RIO DE JANEIRO



JFRJ

Pg. 1583

NOTIFICATION No. 5493-1/2016

---

**CLEARANCE CERTIFICATE**

**I certify** that, in fulfillment of the issued notification, it was not possible to serve the process upon JUAN CARLOS CELESTINO CODERCH, due to the whereabouts of the same being unknown. I went to av. Prefeito Mendes de Moraes, 1150, on May 18th. On that occasion, I was informed by the doorman, who identified himself as Walter and stated that Cecília (the wife of the party to be served) had left a document that was to be shown to all the court officials who came there. Said document contains a statement from the party to be served before the Brazilian Federal Revenue Office, which states the defendant is living abroad. The doorman further stated that he is not authorized by Cecília to receive any document from court officers. Therefore, I am returning the writ for court examination.

---

Rio de Janeiro, Wednesday, May 18,

**Leonardo Parente Martins dos Santos**
Court Analyst/Service of Writs Registry:
12188

*Classification of document   92.100.05*

Electronic Document added to the action on 7/25/2016 at 2:00:35 PM by user: GIOVANNY PRADO DOS SANTOS

Signed electronically.  Digital certification pertaining to LEONARDO PARENTE MARTINS DOS SANTOS.
Assembled by RACHEL ALKABES.
Document No: 74750722-44-0-1583-1-79029 - consult document authenticity at site http://www.jfrj.jus.br/autenticidade .

# Exhibit 7



**DEFENSORIA PÚBLICA DA UNIÃO DE CATEGORIA ESPECIAL**
9º Ofício Superior Cível
SAUN, Quadra 05, Lote C - Centro Empresarial CNC - Bloco C
Brasília/DF, CEP: 70.040-250
+55 (61) 3214-1756 – http://www.dpu.gov.br

**EXCELENTÍSSIMO SENHOR MINISTRO PRESIDENTE DO
SUPERIOR TRIBUNAL DE JUSTIÇA**

**CR 10070/US (2015/0148596-2)**
**JUSROGANTE : TRIBUNAL DISTRITAL DO SUL DA FLORIDA**
**INTERES. : JUAN CARLOS CELESTINO CODERCH**

***Ref.:*** *SISDPU n° 2015/039-20375*

A **DEFENSORIA PÚBLICA DA UNIÃO**, pelo Defensor Público da União de Categoria Especial infra-assinado, no uso de suas atribuições institucionais (LC 80/94 e CF 88), em atenção ao despacho de fl. 1556 (e-STJ), após análise dos autos, vem registrar que conforme se depreende do Aviso de Recebimento juntado aos autos a parte requerida não foi localizada.

Desta forma, a DPU vem requerer a devolução da carta rogatória à Justiça Rogante por impossibilidade de cumprimento, eis que era sua a responsabilidade pela correta indicação do endereço da parte a ser intimada.

Petição Eletrônica juntada ao processo em 16/03/2016 às 07:24:51 pelo usuário: BOLIVAR VIEIRA DE SOUSA

Documento eletrônico e-Pet nº 1613560 com assinatura digital
Signatário(a): ANDRE DO NASCIMENTO DEL FIACO:77763815191 NºSérie Certificado: 5071603812108216129
Id Carimbo de Tempo: 94954917466691 Data e Hora: 15/03/2016 10:23:03hs



DEFENSORIA PÚBLICA DA UNIÃO DE CATEGORIA ESPECIAL
9º Ofício Superior Cível
SAUN, Quadra 05, Lote C - Centro Empresarial CNC - Bloco C
Brasília/DF, CEP: 70.040-250
+55 (61) 3214-1756 – *http://www.dpu.gov.br*

Brasília, 9 de março de 2016.

**KEILA MARA BRAGA**
Asssessora de Assistência Judiciária
OAB/DF 34426

**ANDRÉ DO NASCIMENTO DEL FIACO**
Defensor Público Federal



Petição Eletrônica juntada ao processo em 16/03/2016 às 07:24:51 pelo usuário: BOLIVAR VIEIRA DE SOUSA

Documento eletrônico e-Pet nº 1613560 com assinatura digital
Signatário(a): ANDRE DO NASCIMENTO DEL FIACO:77763815191 NºSérie Certificado: 5071603812108216129
Id Carimbo de Tempo: 94954917466691 Data e Hora: 15/03/2016 10:23:03hs

English Translation

# TRANSLATION CERTIFICATION

**County of New York**
**State of New York**

Date: December 15, 2017

To whom it may concern:

This is to certify that the attached translation from Portuguese into English is an accurate representation of the documents received by this office.

The documents are designated as:
- def. 2_English.pdf

Molly Capriotti, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____
Signature of Molly Capriotti

**Global Solutions.** Local Expertise.



OFFICE OF THE FEDERAL PUBLIC DEFENDER

**OFFICE OF THE SPECIAL CATEGORY OF THE FEDERAL PUBLIC DEFENDER**
9th Superior Public Registry
SAUN, Quadra 05, Lote C - Centro Empresarial CNC - Bloco C Brasília/DF,
Postal Code: 70,040-250
+55 (61) 3214-1756 - *http://www.dpu.gov.br*

THE HONORABLE CHIEF JUSTICE OF THE SUPREME
COURT OF JUSTICE

Electronic Petition added to the action on 3/16/2016 at 7:24:51 AM by user: BOLIVIVAR VEIRA DE SOUZA

LR 10070/US (2015/0148596-2)
REQUESTING COURT: DISTRICT COURT OF SOUTH FLORIDA PARTY OF
INTERESTED PARTY: JUAN CARLOS CELESTINO CODERCH

*Ref.: SISDPU No.* 2015/039-20375

        The FEDERAL PUBLIC DEFENDER'S OFFICE, by the undersigned Special Category Public Defender's Office, in use of its institutions powers (LC 80/94 and CF 88), in regard to the court order on pg. 1556 (e-STJ), and after analysis of the case records, hereby registers that as per the information in the Notice of Receipt attached to the case records the defendant has not been located.

        Therefore, the Public Defender hereby requests the letter rogatory be returned to the Requesting Court due to the impossibility of serving the same, since it was said Court's responsibility to correctly indicate the address of the party to be notified.



OFFICE OF THE FEDERAL PUBLIC DEFENDER

**OFFICE OF THE SPECIAL CATEGORY OF THE FEDERAL PUBLIC DEFENDER**
9th Superior Public Registry
SAUN, Quadra 05, Lote C - Centro Empresarial CNC - Bloco C Brasília/DF,
Postal Code: 70,040-250
+55 (61) 3214-1756 - *http://www.dpu.gov.br*

Brasília, March 9, 2016.

**KEILA MARA BRAGA**
Legal Aid Consultant OAB/DF
34426

ANDRÉ DO NASCIMENTO DEL FIACO
Federal Public Defender

Electronic Petition added to the action on 3/16/2016 at 7:24:51 AM by user: BOLIVIVAR VEIRA DE SOUZA

e-Pet electronic document no. 1613560 with digital signature
Signatory: ANDRE DO NASCIMENTO DEL FIACO:77763815191  Certified Series No.: 5071603812108216129
Time Stamp ID: 94954917466691 Date & Time: 3/15/2016  10:23:03 AM

# Exhibit 8

*Superior Tribunal de Justiça*

**CARTA ROGATÓRIA Nº 10.070 - US (2015/0148596-2)**

| | | |
|---|---|---|
| **RELATOR** | : | **MINISTRO PRESIDENTE DO STJ** |
| JUSROGANTE | : | TRIBUNAL DISTRITAL DO SUL DA FLORIDA |
| INTERES. | : | JUAN CARLOS CELESTINO CODERCH |
| ADVOGADO | : | DEFENSORIA PÚBLICA DA UNIÃO - CURADOR ESPECIAL |
| PARTE | : | EGI-VRS, LLC |
| A.CENTRAL | : | MINISTERIO DA JUSTIÇA |

## DECISÃO

Cuida-se de Carta Rogatória pela qual o Poder Judiciário dos Estados Unidos da América solicita que se proceda à citação do interessado Juan Carlos Celestino Coderch para que figure como réu em ação que busca o reconhecimento de sentença arbitral, proferida no Chile, a qual condenou o interessado por violação de acordo de acionistas, segundo o texto rogatório.

O interessado não foi encontrado no endereço indicado na inicial, motivo pelo qual lhe foi nomeada a Defensoria Pública da União (DPU) para atuar na qualidade de curadora especial.

A DPU, por sua vez, opinou pela devolução da comissão, ao entendimento de que caberia à justiça rogante fornecer o endereço correto do interessado (fls. 1561-1562).

O Ministério Público Federal não se opôs à concessão da ordem, com a observação de que cabe à justiça federal, após o *exequatur*, esgotar as diligências para localização do interessado (fl. 1566).

Relatados. Decido.

De início, insta consignar que a praxe nesta e. Corte é esgotar os meios para localização do interessado antes de devolver a rogatória sem cumprimento. Os esforços nesse sentido, contudo, são levados à efeito pela Justiça de Primeiro Grau após o *exequatur*.

No mais, verifico que o objeto da presente carta rogatória não atenta contra a soberania nacional, a dignidade da pessoa humana e/ou a ordem pública, razão pela qual, com fundamento no 216-O c/c 216-P do RI/STJ, concedo o *exequatur*.

Assim, remeta-se a comissão à Justiça Federal - Seção Judiciária do Rio de Janeiro para as providências cabíveis, recomendando-se, desde já, em caso de a parte interessada não ser localizada, a promoção de diligências com efeito de se encontrar o endereço atualizado, notadamente em órgãos públicos bem como nas concessionárias de serviços públicos (v.g. água, energia e telefonia).

Cumprida a rogatória, de acordo com a forma solicitada, devolvam-se os autos a esta e. Corte, a fim de que sejam enviados ao país de origem por meio da autoridade central competente.

 
Documento eletrônico VDA13970607 assinado eletronicamente nos termos do Art.1º §2º inciso III da Lei 11.419/2006
Signatário(a): MINISTRO Francisco Falcão   Assinado em: 08/04/2016 15:46:33
Publicação no DJe/STJ nº 1947 de 12/04/2016. Código de Controle do Documento: 46D91208-8C57-4A73-96FE-1E307FF32F68

*Superior Tribunal de Justiça*

Publique-se. Intimem-se.

Brasília (DF), 05 de abril de 2016.

MINISTRO FRANCISCO FALCÃO

Presidente



Documento eletrônico VDA13970607 assinado eletronicamente nos termos do Art.1º §2º inciso III da Lei 11.419/2006
Signatário(a):  MINISTRO Francisco Falcão   Assinado em: 08/04/2016 15:46:33
Publicação no DJe/STJ nº 1947 de 12/04/2016. Código de Controle do Documento: 46D91208-8C57-4A73-96FE-1E307FF32F68

English Translation

# TRANSLATION CERTIFICATION

**County of Monroe**
**State of New York**

Date: December 15, 2017

To Whom It May Concern:

This is to certify that the attached translation from Portuguese into English is an accurate representation of the documents received by this office.

The documents are designated as:

- E.5_en

Kiel Henry, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."


_____

Signature of Kiel J. Henry

(e-STJ Pg.1570)

*Federal High Court of Appeals (S.T.J)*

**LETTER ROGATORY No. 10070 - US (2015/0148596-2)**

| | |
|---|---|
| **RAPPORTEUR** | **CHIEF JUSTICE OF THE STJ** |
| REQ. COURT | DISTRICT COURT OF SOUTH FLORIDA |
| PARTY OF INT. | JUAN CARLOS CELESTINO CODERCH |
| ATTORNEY | FEDERAL PUBLIC DEFENDER - AD HOC CURATOR |
| PARTY | EGI-VRS, LLC |
| CENTRAL AUTH. | MINISTRY OF JUSTICE |

**DECISION**

This addresses a Letter Rogatory by which the Judiciary Branch of the United States of America requests to proceed in summoning the party of interest Juan Carlos Celestino Coderch to establish the same as the defendant in an action that seeks recognition of the arbitration sentence, awarded in Chile, which rules against the party of interest for violation of a stockholders' agreement, in accordance with the text in the letter rogatory.

The party of interest was not encountered at the address initially indicated, which is why the Federal Public Defender (DPU) was appointed to act as the ad hoc curator.

The DPU, in turn, issued an opinion to discharge the commission, with the understanding that the requesting court would be responsible for providing the accurate address of the party of interest (pgs. 1561-1562).

The Federal Prosecutor's Office held no opposition to granting the order, and raised the observation that the federal judiciary, after the exequatur, is responsible for pursue full diligence in locating the party of interest (pg. 1566).

After reporting and discussing the foregoing. I hereby rule.

Initially, I urge to document that the ordinary proceeding in this venerable Court is to pursue all means of locating the party of interest prior to returning the letter rogatory without being served. The efforts in this sense, nevertheless, are taken into effect by the trial court after the exequatur.

Moreover, I have verified that the subject matter of the present letter rogatory does not encroach upon national sovereignty, personal human dignity and/or public order, which is why, on the grounds of RI/STJ (216-0 c/c 216-P), I grant the exequatur.

Therefore, the commission is remitted to the Federal Courts - Judiciary Section of Rio de Janeiro for applicable measures, where are hereby recommended, in case the party of interest is not located, to promote diligences with the purpose of encountering the current address, notably through the public authorities, as well as the public utility companies (e.g.: water, power and telephone).

Once the rogatory has been fulfilled, as requested, the case records shall be returned to this venerable Court, in order for such to be sent to the country of origin through the competent central authority.

Page 1 of 2

Electronic document VDA13970607 signed electronically as prescribed by Act 11419 (Art.1, §2, item III) of 2006
Signatory:   Justice Francisco Falcão
Signed on: 4/8/2016 3:46:33 PM
DJe/STJ Publication No. 1947 on 4/12/2016. Document Control Code: 46D91208-8C57-4A73-96FE-1E307FF32F68

(e-STJ Fl.1571)

*Superior Court of Justice (S.T.J)*

To be published. To be served.

Brasília (DF), April 5, 2016.


MINISTER FRANCISCO FALCÃO

Chief Justice

GPFCF12
CR          10070

C542065515221:10;00131@
2.015/0148596-2


Document

Electronic document VDA13970607 signed electronically as prescribed by Act 11419 (Art.1, §2, item III) of 2006
Signatory:   Justice Francisco Falcão
Signed on: 4/8/2016 3:46:33 PM
DJe/STJ Publication No. 1947 on 4/12/2016. Document Control Code: 46D91208-8C57-4A73-96FE-1E307FF32F68

# **Exhibit 9**

(e-STJ Fl.1847)

STJ-Petição Eletrônica (RCD) 00498143/2016 recebida em 04/10/2016 18:40:43

| | |
|---|---|
| Tribunal: | 24° Juzgado Civil de Santiago. |
| Carátula: | EGI – VSR. L.L.C. con Coderch. |
| Rol: | C-16255-2016. |
| Cuaderno: | Principal. |

**EN LO PRINCIPAL:** deduce incidente de nulidad de notificación que indica; **PRIMER OTROSÍ:** solicita oficios que indica; **SEGUNDO OTROSÍ:** solicita informe del Ministro de Fe que indica.

**S.J.L. (24°)**

Eduardo Espinosa Gálvez, abogado, en representación de don Jorge Patricio Vicente Coderch Mitjans, demandado, en estos autos sobre juicio ejecutivo, rol: C-16.255-2016, caratulado **"EGI – VSR. L.L.C. con Coderch"**, a US. respetuosamente digo:

que siendo de interés de mi representado, en su calidad de fiador demandado, vengo en deducir incidente de nulidad de la notificación realizada a don Juan Carlos Celestino Coderch Mitjans, por sí y en representación de Wold Wines Corp y de Wine Corp S.A., Hago presente desde luego que en la calidad de obligado subsidiario (fiador), la falta de notificación válida del deudor principal y del otro fiador, es esencialmente gravosa.

**I.- Incumplimientos de los requisitos del artículo 44 del Código de Procedimiento Civil.**

Para la validez de la notificación conforme con el artículo 44 del Código de Procedimiento Civil, es requisito que la persona que pretende ser notificada, haya sido buscada por 2 días distintos en su domicilio particular o laboral, y que se encuentre en el lugar del juicio.

Es del caso que en autos <u>no se cumplen ninguno de los requisitos contemplados por el artículo 44 del Código de Procedimiento Civil para acceder a la notificación personal subsidiaria</u> que se ha realizado en

Documento eletrônico e-Pet nº 1973787 com assinatura digital
Signatário(a): GIOVANI TRINDADE CASTANHEIRA MENICUCCI:00704001136 Nº Série Certificado: 110577557667083087414984991303632140668
Id Carimbo de Tempo: 96139897533220 Data e Hora: 04/10/2016 18:40:43hs

STJ-Petição Eletrônica (RCD) 00498143/2016 recebida em 04/10/2016 18:40:43

autos ya que don Juan Carlos Celestino Coderch Mitjans, <u>nunca</u> ha tenido domicilio en calle Álvaro Casanova número 289, comuna de la Reina, y además no se encuentra en el lugar del juicio ya que reside y se encuentra radicado en la República Federal de Brasil <u>hace más de 50 años.</u>

Hago presente que el inmueble de calle Álvaro Casanova número 289, comuna de la Reina, fue el domicilio de la madre de mi representado, quien falleció el año 1998, y no constituyó nunca domicilio del Sr. Juan Coderch, de hecho fue adquirida dicha propiedad por su padre, después de que él se había radicado en Brasil, por lo que nunca ha tenido ánimo de residir en ella.

En todo caso, pido en el otrosí, mediante oficio a la Policía de Investigaciones acreditar fehacientemente que don Juan Carlos Celestino Coderch Mitjans, no se encontraba en Chile los días 20 y 21 de julio de 2016, fecha de las búsquedas estampadas por el receptor, ya que se encontraba en su país de residencia, esto es Brasil.

## II.- Falta de información en el estampado receptorial.

De la lectura del estampado receptorial de fecha 22 de julio de 2016, se desprende que el receptor habría supuestamente concurrido al domicilio de calle Álvaro Casanova nº 289, comuna de La Reina, y luego agrega un número entre paréntesis (1430), que no se explica a qué se debe.

Posteriormente señala el estampado receptorial que *"puede establecer que este es su domicilio, residencia y morada, lugar donde habitualmente concurre y que se encuentra en él lugar del juicio"*, y lo anterior le consta *"...por informaciones proporcionadas por persona adulta de ese domicilio, de sexo masculino, (sic) cuidador, (sic)"*, sin agregar ningún otro antecedente.

La información antes aportada resulta del todo insuficiente para acreditar seriamente los supuestos del artículo 44 del Código de Procedimiento Civil, y resulta en consecuencia altamente probable que el receptor haya concurrido a otro domicilio que el señalado, probablemente al número 1430 en vez del 289, más aun teniendo presente que consultado el actual cuidador del inmueble don Iván Gómez, señala recordar que hace aproximadamente 3

Documento eletrônico e-Pet nº 1973787 com assinatura digital
Signatário(a): GIOVANI TRINDADE CASTANHEIRA MENICUCCI:00704001136 Nº Série Certificado: 11057755766708308741498499130363214066B
Id Carimbo de Tempo: 96139897533220 Data e Hora: 04/10/2016 18:40:43hs

Petição Eletrônica juntada ao processo em 05/10/2016 às 07:46:40 pelo usuário: BRUNA ARAGÃO CARVALHO FERNANDES

(e-STJ Fl.1849)

STJ-Petição Eletrônica (RCD) 00498143/2016 recebida em 04/10/2016 18:40:43

semanas atrás, se presentó un señor que indicó ser receptor judicial, preguntando por don Juan Coderch y él le señaló que NO era su domicilio.

Todo esto permite suponer que el receptor judicial ha cometido un error, ya que no se condice lo consignado en su certificación, ni con lo relatado por el cuidador de la casa, ni con el hecho de que ésta se encuentra deshabitada (salvo por el cuidador y su familia), por lo que malamente podría considerarse un domicilio de don Juan Carlos Celestino Coderch Mitjans, lo que se abona con el hecho de que vive hace más de 50 años en Brasil.

### III.- Domicilio de don Juan Carlos Celestino Coderch Mitjans.

Como SS. puede apreciar de los propios documentos aportados por los ejecutantes en autos, tanto en la sentencia arbitral de don Vasco Costa, como en la escritura de designación de árbitro, el domicilio de don Juan Carlos Celestino Coderch Mitjans es <u>Avenida Das Américas número 700, Bloco 1, Salas 212 e 213, barra de Tijuca, Rio de Janeiro, Estado de Rio de Janeiro, Brasil.</u>

<u>Los demandantes son conscientes de ello</u>, no obstante han pretendido hacer creer a SS. que tiene domicilio en Chile probablemente para evitar tener que notificarlo en el extranjero, lo que deja a dicha parte en la más total y absoluta indefensión.

### IV.- Perjuicio que habilita a solicitar la nulidad.

La falta de notificación válida de la codemandada genera a mi representado un perjuicio sólo reparable con la nulidad, ya que importa el inicio de un proceso, en contra de mi representado, que solo es fiador de la obligación y será el único al que le afectará el juicio, a pesar de ser un deudor subsidiario.

Por lo demás, debe tenerse presente que el actor reclama que la obligación es solidaria, y en ese sentido, cualquiera de los demandados podría cumplirla, de ello se hace más evidente que la notificación nula a los

Documento eletrônico e-Pet nº 1973787 com assinatura digital
Signatário(a): GIOVANI TRINDADE CASTANHEIRA MENICUCCLt00704001136 Nº Série Certificado: 11057755766708308741498499130363214066B
Id Carimbo de Tempo: 9613989733220 Data e Hora: 04/10/2016 18:40:43hs

Petição Eletrônica juntada ao processo em 05/10/2016 às 07:46:40 pelo usuário: BRUNA ARAGÃO CARVALHO FERNANDES

STJ-Petição Eletrônica (RCD) 00498143/2016 recebida em 04/10/2016 18:40:43

codemandados afecta directamente, ya que, si llega a ser considerada solidaria la obligación (hecho que discutimos) bastaría que uno de ellos comprara las acciones del acreedor para verse e liberado de la obligación que se pretende cumplir, lo que resulta imposible si éstos no se encuentran emplazados en autos.

Sumado a lo anterior, la falta de notificación a los codemandados no puede sanearse ni con el transcurso del tiempo, ya que ellos, hasta esta fecha, carecen de conocimiento alguno de la existencia del presente juicio, por lo que malamente puede serle oponible lo aquí acontecido, y continuar adelante con este juicio constituirá un sinsentido, en orden a que todo lo obrado sería nulo. Agrego que mi representado no tiene contacto con el Sr. Juan Coderch, por lo que tampoco está en condiciones de "avisarle" de la existencia de este juicio.

### POR TANTO,

A US. PIDO: tener por deducido incidente de nulidad de la notificación detallado en el cuerpo del escrito, y acogiéndolo, declarar la nulidad de la misma retrotrayendo la causa al estado de ordenar su notificación conforme a derecho.

PRIMER OTROSÍ: que vengo en solicitar los siguientes oficios a fin de acreditar lo señalado en lo principal a saber:

1.- A la policia de Investigaciones de Chile, departamento de extranjería, a fin de que informe los movimientos migratorios de los últimos 5 años de Juan Carlos Celestino Coderch Mitjans, rut 4.431.373-1, y en especial si los días 20 y 21 de julio de 2016 se encontraba o no en territorio nacional.

2.- A la Corporación Administrativa del Poder Judicial, a fin de que informe a SS. la fecha y hora en la cual el estampado del receptor señor Jaime Luis Álvarez Andrade, firmado electrónicamente con código de validación DMLMBGXTT fue subido al sistema computacional, a fin de verificar la autenticidad de lo declarado en dicha certificación.

SEGUNDO OTROSÍ: ante las inconsistencias existentes en el estampado receptorial de fecha 22 de julio de 2016, vengo en solicitar a SS. se solicite

Documento eletrônico e-Pet nº 1973787 com assinatura digital
Signatário(a): GIOVANI TRINDADE CASTANHEIRA MENICUCCI:00704001136 NºSérie Certificado: 1105775576670830874149849991303632140668
Id Carimbo de Tempo: 96139897533220 Data e Hora: 04/10/2016 18:40:43hs

Petição Eletrônica juntada ao processo em 05/10/2016 às 07:46:40 pelo usuário: BRUNA ARAGÃO CARVALHO FERNANDES

(e-STJ Fl.1851)

STJ-Petição Eletrônica (RCD) 00498143/2016 recebida em 04/10/2016 18:40:43

informe al receptor judicial don Jaime Luis Álvarez Andrade, a fin de que aclare lo siguiente:

1.- Domicilio al cual concurrió a realizar la diligencia, aclarando si la practicó en Avenida Álvaro Casanova número 289 o número 1.430, y la razón para contener dos numeraciones distintas en el estampado receptorial, no obstante no estar indicado el número 1.430 en la demanda.

2.- Aclarar la identidad de la persona adulta que le habría informado lo que certifica, y forma de comprobación de los hechos que estampa en su certificación.

Petição Eletrônica juntada ao processo em 05/10/2016 às 07:46:40 pelo usuário: BRUNA ARAGÃO CARVALHO FERNANDES

Documento eletrônico e-Pet nº 1973787 com assinatura digital
Signatário(a): GIOVANI TRINDADE CASTANHEIRA MENICUCCI:00704001136 NºSérie Certificado: 11057557567083087414984991303632140668
Id Carimbo de Tempo: 96139897533220 Data e Hora: 04/10/2016 18:40:43hs

English Translation

# TRANSLATION CERTIFICATION

Date: December 11, 2017

To whom it may concern:

This is to certify that the attached translation from Portuguese into English is an accurate representation of the document received by this office.

The document is designated as:
- Letters Rogatory

Natalie Legros, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned document is a true, full and accurate translation of the specified document."

_Natalie Legros_

_____
Signature of Natalie Legros

(e-STJ Pg. 1847)

STJ – ELECTRONIC PETITION (RCD) 00498143/2016 received 10/04/2016 18:40:43

| Court | c/c | 24th Civil Court of Santiago |
|---|---|---|
| File No. | [stamp] Received the written [illegible] date *12 Aug 16* time *06:07 PM* | EGI-VSR.L.L.C. with Coderch |
| Roll: | *[illegible]* copy     [signature] | C-16255-2016 |
| Book: | | Principal. |

MAIN PLEA:  hear the petition for annulment of service indicated;

FIRST ADDITIONAL PLEA: request the documents indicated; SECOND ADDITIONAL PLEA: request report from the sworn judicial officer indicated.

S.J.L. (24)

Eduardo Espinosa Galvez, attorney at law, representing Jorge Patricio Vicente Coderch Mitjans, defendant in this proceeding for summary judgment, roll: C-16.255-2016, entitled "EGI – VSR. L.L.C. with Coderch", hereby respectfully declares:

That acting in the name and stead of my client as the defendant guarantor, I hereby appear to request the annulment of the service made on Juan Carlos Celestino Coderch Mitjans, personally and as the representative of Wold Wines Corp and Wine Corp S.A. I further state that as subsidiary joint guarantor, the failure to make valid service on the main debtor and the other guarantor is essentially grievous.

**I. Failure to comply with the requirements of Article 44 of the Code of Civil Procedures.**

For service to be valid in accordance with Article 44 of the Code of Civil Procedures, the person who is the person served must have been sought for 2 different days in his personal or work domicile, and found in the place of the proceeding.

In the case at hand **there was no compliance with either of the requirements set forth in Article 44 of the Code of Civil Procedures to allow that subsidiary personal service** was made in

Electronic Petition entered in the docket on 10/05/2016 at 7:46:40 AM by the user: BRUNA ARAGAO CARAVALHO FERNANDES

Electronic document e-Pet no. 1973787 with digital signature
Signatory: GIOVANI TRINDADE CASTANHEIRA MENICUCCI: 00704001136 Certificate Series No.
11057755766708308741498499130363214066 8 Time Stamp ID: 96139897533220 Date and Time: 10/04/2016 06:40:43 PM

STJ – ELECTRONIC PETITION (RCD) 00498143/2016 received 10/04/2016 18:40:43

. . . Court file since Juan Carlos Celestino Coderch Mitjans has **never** had a domicile at Calle Alvaro Casanova No. 289, Commune of La Reina. Furthermore he is not located in the place of the proceeding as he has resided and lives in the Federal Republic of Brazil for **more than 50 years.**

I declare that the building at Calle Alvaro Casanova No. 289, Commune of La Reina, was the domicile of the mother of my client who passed away in 1998, and was never the domicile of Juan Coderch. In fact, the above property was acquired by his father after he had moved to Brazil, and he has never wished to reside in it.

In any event, I ask in the additional plea that the Investigative Police be asked to certify, under oath, that Juan Carlos Celestino Coderch Mitjans was not in Chile on July 20 and 21, 2016, the date of the searches certified by the process server, inasmuch as he was in his country of residence, which is Brazil.

## II. Lack of information in the received stamp

A reading of the process server's certificate of July 22, 2016, shows that the process server supposedly appeared at the domicile at Calle Alvaro Casanova No. 289, Commune of La Reina, and then added a number in parenthesis (1430), with no explanation of what this is.

The certificate later notes that " . . . *can establish that this is his domicile, residence and place where he lives, where he habitually can be found and that he is in the place of the proceeding",* and this is seen ". . . *from information provided by an adult person of this domicile, male,* (sic) *caretaker ,* (sic)", without providing any other background information.

The above information is in no way sufficient to seriously confirm the conditions set forth in Article 44 of the Code of Civil Procedures. It is therefore highly probable that the process server appeared at a domicile that is other than the one noted, probably at number 1430 instead of 289. Moreover and considering that the person consulted was the current caretaker of the property, Ivan Gomez, we must note that approximately 3

Electronic document e-Pet no. 1973787 with digital signature
Signatory: GIOVANI TRINDADE CASTANHEIRA MENICUCCI: 00704001136 Certificate Series No.
11057755766708308741498499130363214066 8 Time Stamp ID: 96139897533220 Date and Time: 10/04/2016 06:40:43 PM

Electronic Petition entered in the docket on 10/05/2016 at 7:46:40 AM by the user: BRUNA ARAGAO CARAVALHO FERNANDES

STJ – ELECTRONIC PETITION (RCD) 00498143/2016 received 10/04/2016 18:40:43

Weeks ago a gentleman appeared who indicated that he was a process server. He asked for Juan Coderch, and he was told that that was NOT his domicile.

All of the above leads to the supposition that the process server has committed an error, as the above information does not concur with the contents of his certificate, or with the facts related by the caretaker of the house, or with the fact that that house was uninhabited (except for the caretaker and his family). Therefore it can only with difficulty be considered as the domicile of Juan Carlos Celestino Coderch Mitjans, not to mention the additional fact that said individual has lived in Brazil for more than 50 years.

## III. Domicile of Juan Carlos Celestino Coderch Mitjans.

As this Court can see from the documents provided by the executors identified in the Court file, both in the award entered in the arbitration proceeding by Vasco Costa as well as in the document appointing the arbitrator, the domicile of Juan Carlos Celestino Coderch Mitjans is Avenida Das Americas No. 700, Bloco 1, Salas 212 e 213 (Rooms 212 and 213), Barra de Tijuca, Rio de Janeiro, State of Rio de Janeiro, Brazil.

**The petitioners are aware of this;** however they have attempted to convince this Court that he has a domicile in Chile, probably in order to avoid having to make service in another country, thus leaving said party completely and absolutely defenseless.

## IV. Prejudice that is enabled by the petition for annulment.

Failure to make legal service to the co-defendant causes prejudice to my client that can be repaired only by annulment, as it involves the initiation of a proceeding against my client who is only the guarantor of the obligation and who will as a result be the only party affected by the proceeding, despite the fact that he is a subsidiary debtor.

In addition we must note that the petitioner claims that the obligation is a joint obligation. In that sense, either of the defendants could comply with it.  From this it is even more obvious that the annulment of the service on the

Electronic document e-Pet no. 1973787 with digital signature
Signatory: GIOVANI TRINDADE CASTANHEIRA MENICUCCI: 00704001136 Certificate Series No.
110577557667083087414984991303632140668 Time Stamp ID: 96139897533220 Date and Time: 10/04/2016 06:40:43 PM

Electronic Petition entered in the docket on 10/05/2016 at 7:46:40 AM by the user: BRUNA ARAGAO CARAVALHO FERNANDES

(e-STJ Pg.1850)

STJ – ELECTRONIC PETITION (RCD) 00498143/2016 received 10/04/2016 18:40:43

. . . directly affect the codefendants, because if the obligation is considered to be joint (which we deny), it would be sufficient for one of them to purchase the shares of the creditor in order to free himself of the obligation that supposedly must be satisfied by them; all of which would nevertheless be impossible if they have not been served in the proceedings.

In addition to the above, neither can the failure to serve the co-defendants be remedied by the passage of time, as to date they have no awareness of the existence of this proceeding. As such the allegations herein can only incorrectly be opposed, and proceeding with this matter would lack any sense inasmuch as anything entered here would be null and void. I add that my client has had no contact with Juan Coderch, and therefore is unable to "advise him" of the existence of this proceeding.

## THEREFORE,

**We REQUEST:** That this petition for annulment of the service described in the body of this petition be accepted as heard, and that said service be declared to be null and void, returning the proceeding to the status of ordering service of summons as required by law.

**FIRST ADDITIONAL PLEA:** I hereby request the following documents to confirm the statements made above, to-wit:

1. From the Chilean Investigative Police, Office for Foreigners, a report on the migratory movements of Juan Carlos Celestino Coderch Mitjans, RUT 4.431.373-1, during the last 5 years; and especially whether he was in the country or not on July 20 and 21, 2016.

2. From the Administrative Corporation for the Judicial Branch, a report to this Court showing the date and time stamp of process server Jaime Luis Alvarez Andrade, which has electronic signature and validation code DMLMBGXTT and which was entered into the computer system, to verify the authenticity of the statements made in said certificate.

**SECOND ADDITIONAL PLEA:** In light of the inconsistencies present in the received stamp of July 22, 2016, we ask that this Court request

Electronic document e-Pet no. 1973787 with digital signature
Signatory: GIOVANI TRINDADE CASTANHEIRA MENICUCCI: 00704001136 Certificate Series No.
110577557667083087414984991303632140668 Time Stamp ID: 96139897533220 Date and Time: 10/04/2016 06:40:43 PM

Electronic Petition entered in the docket on 10/05/2016 at 7:46:40 AM by the user: BRUNA ARAGAO CARAVALHO FERNANDES

(e-STJ Pg.1851)

STJ – ELECTRONIC PETITION (RCD) 00498143/2016 received 10/04/2016 18:40:43

report to process server Jaime Luis Alvarez Andrade, so that he can clarify the following:

       1. Domicile where he appeared to make service, clarifying whether that service was made at Avenida      Alvaro Casanova No. 289 or No. 1430; and the reason why there are two different building numbers on    the process server's stamp, even though the number 1430 was not indicated in the complaint.

       2. Clarify the identity of the adult person who informed him of the information certified and form of     proof of the facts that are contained in his certificate.

[Signature]

Electronic Petition entered in the docket on 10/05/2016 at 7:46:40 AM by the user: BRUNA ARAGAO CARAVALHO FERNANDES

Electronic document e-Pet no. 1973787 with digital signature
Signatory: GIOVANI TRINDADE CASTANHEIRA MENICUCCI: 00704001136 Certificate Series No.
110577557667083087414984991303632140668 Time Stamp ID: 96139897533220 Date and Time: 10/04/2016 06:40:43 PM

# **Exhibit 10**

9th July 2016

# CECÍLIA CODERCH COMEMORA ANIVERSÁRIO COM FESTA TEMÁTICA JULINA.

Cecília Coderch, a Empresária do Agronegócio, celebrou seu Aniversário na Companhia de de 80 Amigas em seu Triplex em São Conrado, no Rio de Janeiro. A Festa Julina Temática, com Comidas Típicas Regadas com Vinhos Chilenos da Vinícola da Anfitriã, o Festão começou às Cinco e seguiu até o Amanhecer. A Playlist Milionária com: Manoela Ferrari, Leda Lucia Galdeano, Jytte Nacht, Sonia Simonsen, Tereza Barros Franco, Teresa Aczel, Tereza Mendes, Marta Batista Ramos, Constança Castello Branco, Maria Lúcia Mucha, Glória Thompson Flores, Mary Jean Job, Inês Costa e Silva e Consuelo Paes, dentre outras Estrelas presentes. [http://vanderlan-nader.blogspot.com.br/2016/07/ooo_8.html]

A Festa Julina Temática, com Comidas Típicas regadas a Champanhe, Whisky Escocês e Vinhos Chilenos da Vinícola da Anfitriã, para Animar as 80 amigas, uma Banda de Forró.



[https://1.bp.blogspot.com/-xLRpZuMvbl4/V4BnUdHpslI/AAAAAAAC9FE/5humlifqaB4WIIF8WoR60b2D3pbuQAJwACLcB/s1600/CECI%2B1%2BNOTORIOUS.jpg]

Cecilia Coderch, Comemorou seu Aniversário em seu Triplex em São Conrado com o Marido Juan, as Filhas Adriana e Melina e um Grupo seleto de Amigas.



[https://2.bp.blogspot.com/-
yjtqOwc_pVE/V4BndYd5nOI/AAAAAAAC9FI/5kfaorVWTjcyibxzZdugPltwuc2lC1oAwCLcB/s1600/CECI%2B2%2BPAINEL%2BE
M%2BMOVIMENTO.gif]



[https://4.bp.blogspot.com/-wqG-AWXQWJc/V4Bni3aortI/AAAAAAAC9FM/cNp79pjcMwsaxWDlGCojL-
W3DkR_x5kogCLcB/s1600/CECI%2B2%2BMESA%2BDE%2BDOCE.jpg]

A Notorious Magazine, selecionou os Melhores Momentos da Festa Temática, festejando o Aniversário de Cecília Coderch que agitou São Conrado, Rio de Janeiro.



[https://3.bp.blogspot.com/-SGAvWe-0F6Q/V4Bnlx9LMCI/AAAAAAAC9FQ/zwp-
zxHrEhc5UMmZV66kZFWqbM4MiGHNQCLcB/s1600/CECI%2B3%2BCECI%2BVOM%2BLEDA.jpg]

A Aniversariante Cecília Coderch com Leda Lucia Galdeano.



[https://3.bp.blogspot.com/-2oPaYnmfG5Y/V4BnrH5OIaI/AAAAAAAAC9FU/cB-
lyXdaxa8fDRvHXN3XB0A2cCRZpqzZwCLcB/s1600/CECI%2B4%2BTRIO%2BCOSTA%2BE%2BSILVA%2BSIMONSEN.jpg]
Inês Costa e Silva, Teresa Aczel e Sonia Simonsen.



[https://3.bp.blogspot.com/-SMg0jHWlKcc/V4BnueLDAyI/AAAAAAAC9FY/OLlGY0C-
JvIGZTr2GJpuaVL9k7VzaSLZwCLcB/s1600/CECI%2B5%2BMARTA%2BE%2BYUTA.jpg]

Marta Batista Ramos e Jytte Nacht,



[https://3.bp.blogspot.com/-
aVKFV67XhMA/V4BnxW3TjoI/AAAAAAAC9Fc/3L1NBd42_EAgDJYs5opv6SVnsIC_BDgMQCLcB/s1600/CECI%2B6%2BMANO
ELA.jpg]

Manoela Ferrari, Regina Barbosa, Julia Alcure, Consuelo Paes, Constança Castello Branco, Maria Lúcia Mucha,
Gloria Thompson, Jytte Nacht, Marta Ramos, Teresa Aczel, Inês Costa e Silva, Tereza Barros Franco, Sonia
Simonsen, Bruni Hupe, Tereza Mendes, Leda Lucia Galdeano



[https://1.bp.blogspot.com/-6yaf0tyweIM/V4Bn0xgTpCI/AAAAAAAC9Fg/gJYIyowdUrMX6Bi7LKPDJ9Bsrs8PBjlvgCLcB/s1600/CE
CI%2B7%2BGRUPO%2BMAE%2BPREFEITO%2BE%2BCONSTAN%25C3%2587A.jpg]

Consuelo Paes, Marilena de Moraes, Cecília Coderch, Contança Castello Branco, Glória Thompson.



[https://4.bp.blogspot.com/-FfFZFNqVUgo/V4Bn5KSl5OI/AAAAAAC9Fk/XU8O5Gm95foJU4b_e0qpb3YU-AmqlhS9gCLcB/s1600/CECI%2B8%2B4%2BFOTOS%2BCECI.jpg]

A Festa Comemorando o Aniversário de Cecília Coderch, reuniu um Seleto Grupo de 80 Amigas.



[https://1.bp.blogspot.com/-c1U9Gl8Wh3U/V4BoAesYtmI/AAAAAAC9Fo/HuFKWy4uy2AMmi4a7zQs7exgI3c94-

[https://4.bp.blogspot.com/-ncgCLcB/s1600/CECI%2B9%2B1%2BFOTOS%2BMARFTA.jpg]

A Festa Começou às Cinco e seguiu até o Amanhecer.



[https://4.bp.blogspot.com/-oVAjRPI5gow/V4BoHilxruI/AAAAAAAC9Fs/B77_lACH_sA7CF6u9X32_uwRWvPpq0N9gCLcB/s1600/CECI%2B10%2B4%2BFOTOD%2BMUCHA..jpg]

A Festa Julina, com Comidas Típicas e uma Banda de Forró para animar as Meninas.



[https://1.bp.blogspot.com/-0YMrRp6gzAE/V4BoK9IfSII/AAAAAAAC9Fw/CRgNwlOKTcwWKGlydv-dByRFtYdJrXezgCLcB/s1600/CECI%2B11%2BPAINEL%2BDE%2BFOTOD.jpg]

Os Melhores Momentos da Festa Temática Julina, festejado o aniversário de Cecília Coderch.



[https://4.bp.blogspot.com/-2-
AeJjdKKtU/V4BoRF3iRNI/AAAAAAAC9F0/6RCccSoJ_I0Su60qMDh5TK4uY3uqGMQHQCLcB/s1600/CECI%2B12%2BPAISAG
EM.jpg]

Cecilia Coderch comemorou seu aniversário em seu Triplex em São Conrado no Rio de Janeiro.

Fotos: Vanderlan by Notorious.

Postado há 9th July 2016 por VANDERLAN NADER

0   Adicionar um comentário

Digite seu comentário...

Comentar como:    Selecionar perf ▼

Publicar     Visualizar

Case 1:15-cv-20098-RNS    Document 30-1    Entered on FLSD Docket 01/11/2018    Page 109 of 134

## CECILIA CODERCH CELEBRATES ANNIVERSARY WITH JULINA THEMATIC FESTIVAL.

9th July 2016

**Cecília Coderch, the Agribusiness Businesswoman, celebrated her Birthday at the Company of 80 Friends in her Triplex in São Conrado, Rio de Janeiro. The Julina Thematic Party, with Typical Meals Sprinkled with Chilean Wines from the Host's Winery, the Festion began at Five and continued until Dawn. A Playlist Millionaire with: Manoela Ferrari, Leda Lucia Galdeano, Jytte Nacht, Sonia Simonsen, Tereza Barros Franco, Teresa Aczel, Tereza Mendes, Marta Batista Ramos, Constança Castello Branco, Maria Lúcia Mucha, Glória Thompson Flores, Mary Jean Job, Inês Costa e Silva e Consuelo Paes, among other stars present. [http://vanderlannader.blogspot.com.br/2016/07/ooo_8.html]**

The Julina Thematic Party, with Typical Meals sprinkled with Champagne, Scotch Whiskey and Chilean Winery of the Hostess, to animate the 80 friends, a Banda de Forró.



[https://1.bp.blogspot.com/-xLRpZuMvbI4/V4BnUdHpslI/AAAAAAAC9FE/5humlifqaB4WIlF8WoR60b2D3pbuQAJwACLcB/s1600/CECI%2B1%2BNOTORIOUS.jpg]

Cecilia Coderch, Celebrated her Birthday in her Triplex in São Conrado with the Marido Juan, the Daughters Adriana and Melina and a select group of Amigas.



[https://2.bp.blogspot.com/-
yjtqOwc_pVE/V4BndYd5nOI/AAAAAAAC9FI/5kfaorVWTjcyibxzZdugPltwuc2lC1oAwCLcB/s1600/CECI%2B2%2BPAINEL%2BEM%
2BMOVIMENTO.gif]



[https://4.bp.blogspot.com/-wqG-AWXQWJc/V4Bni3aortI/AAAAAAAAC9FM/cNp79pjcMwsaxWDlGCojL-W3DkR_x5kogCLcB/s1600/CECI%2B2%2BMESA%2BDE%2BDOCE.jpg]

Notorious Magazine, selected the Best Moments of the Thematic Party, celebrating the Birthday of Cecília Coderch that stirred São Conrado, Rio de Janeiro.



[https://3.bp.blogspot.com/-SGAvWe-0F6Q/V4BnIx9LMCI/AAAAAAAC9FQ/zwp-
zxHrEhc5UMmZV66kZFWqbM4MiGHNQCLcB/s1600/CECI%2B3%2BCECI%2BVOM%2BLEDA.jpg]

The Birthday Girl Cecilia Coderch with Leda Lucia Galdeano.



[https://3.bp.blogspot.com/-2oPaYnmfG5Y/V4BnrH5OIaI/AAAAAAAC9FU/cB-IyXdaxa8fDRvHXN3XB0A2cCRZpqzZwCLcB/s1600/CECI%2B4%2BTRIO%2BCOSTA%2BE%2BSILVA%2BSIMONSEN.jpg]

Inês Costa e Silva, Teresa Aczel and Sonia Simonsen.



[https://3.bp.blogspot.com/-SMg0jHWlKcc/V4BnueLDAyI/AAAAAAAC9FY/OLIGY0C-JvIGZTr2GJpuaVL9k7VzaSLZwCLcB/s1600/CECI%2B5%2BMARTA%2BE%2BYUTA.jpg]

Marta Batista Ramos and Jytte Nacht,



[https://3.bp.blogspot.com/-aVKFV67XhMA/V4BnxW3TjoI/AAAAAAAC9Fc/3L1NBd42_EAgDJYs5opv6SVnsIC_BDgMQCLcB/s1600/CECI%2B6%2BMANOELA.jpg]

Manoel Ferrari, Regina Barbosa, Julia Alcure, Consuelo Paes, Constança Castello Branco, Maria Lúcia Mucha, Gloria Thompson, Jytte Nacht, Marta Ramos, Teresa Aczel, Inês Costa e Silva, Tereza Barros Franco, Sonia Simonsen, Bruni Hupe, Tereza Mendes, Leda Lucia Galdeano



[https://1.bp.blogspot.com/-6yaf0tywelM/V4Bn0xgTpCI/AAAAAAAC9Fg/gJYIyowdUrMX6Bi7LKPDJ9Bsrs8PBjlvgCLcB/s1600/CECI%2B7%2BGRUPO%2BMAE%2BPREFEITO%2BE%2BCONSTAN%25C3%2587A.jpg]

Consuelo Paes, Marilena de Moraes, Cecília Coderch, Contança Castello Branco, Gloria Thompson.



[https://4.bp.blogspot.com/-FfFZFNqVUgo/V4Bn5KSI5OI/AAAAAAAC9Fk/XU8O5Gm95foJU4b_e0qpb3YU-AmqlhS9gCLcB/s1600/CECI%2B8%2B4%2BFOTOS%2BCECI.jpg]

The Celebration of Cecília Coderch's Birthday brought together a select group of 80 friends.



[https://1.bp.blogspot.com/-c1U9Gl8Wh3U/V4BoAesYtmI/AAAAAAAC9Fo/HuFKWy4uy2AMmi4a7zQs7exgI3c94-ncgCLcB/s1600/CECI%2B9%2B4%2BFOTOS%2BMARFTA.jpg]

The Party Started at Five and went on until Breaking Dawn.



[https://4.bp.blogspot.com/-oVAjRPI5gow/V4BoHilxruI/AAAAAAAC9Fs/B77_IACH_sA7CF6u9X32_uwRWvPpq0N9gCLcB/s1600/CECI%2B10%2B4%2BFOTO D%2BMUCHA..jpg]

The Julina Fest, with Typical Meals and a Band of Forró to animate the Girls.



[https://1.bp.blogspot.com/-0YMrRp6gzAE/V4BoK9lfSII/AAAAAAC9Fw/CRgNwIOKTcwWKGlydv-dByRFtYdJrXezgCLcB/s1600/CECI%2B11%2BPAINEL%2BDE%2BFOTOD.jpg]

The Best Moments of the Julina Theme Party, celebrated the birthday of Cecília Coderch.



[https://4.bp.blogspot.com/-2-AeJjdKKtU/V4BoRF3iRNI/AAAAAAAC9F0/6RCccSoJ_I0Su60qMDh5TK4uY3uqGMQHQCLcB/s1600/CECI%2B12%2BPAISAGEM.jpg]

Cecilia Coderch celebrated her birthday at her Triplex in São Conrado in Rio de Janeiro.

Photos: Vanderlan by Notorious.

Posted 9th July 2016 by VANDERLAN NADER

 Add a comment



# Exhibit 11

## MINISTÉRIO PÚBLICO FEDERAL
## PROCURADORIA-GERAL DA REPÚBLICA

**PGR-MANIFESTAÇÃO-314182/2016**

**CARTA ROGATÓRIA Nº 10070/US (ELETRÔNICO)**
**ORIGEM**      : ESTADOS UNIDOS DA AMÉRICA
**JUSROGANTE**  : TRIBUNAL DISTRITAL DO SUL DA FLORIDA
**INTERES.**    : JUAN CARLOS CELESTINO CODERCH
**OU**          : JUAN CODERCH
**PARTE**       : EGI-VRS, LLC
**RELATORA**    : MINISTRA **PRESIDENTE**

Senhora Ministra Relatora,

1.          A Justiça norte-americana solicita que JUAN CARLOS CELESTINO CODERCH MITJANS (CPF 237.972.747-34) seja citado e tome conhecimento da ação de reconhecimento de sentença arbitral, segundo o texto rogatório.

2.          Tendo em vista os argumentos expostos na petição de fls. 929/931, o Ministério Público Federal nada tem a opor ao requerimento de citação por hora certa.

Brasília, 19 de dezembro de 2016

**EDSON OLIVEIRA DE ALMEIDA**
SUBPROCURADOR-GERAL DA REPÚBLICA

Wilson Hirohito Kaipper

Documento eletrônico e-Pet nº 2113644 com assinatura digital
Signatário(a): EDSON OLIVEIRA DE ALMEIDA NºSérie Certificado: 6511139945102938063
Id Carimbo de Tempo: 2279183 Data e Hora: 19/12/2016 12:31:39hs

Petição Eletrônica juntada ao processo em 19/12/2016 às 16:31:53 pelo usuário: ELIZETE MARTINS DE AQUINO BRAGA

Documento assinado via Token digitalmente por EDSON OLIVEIRA DE ALMEIDA, em 19/12/2016 12:31. Para verificar a assinatura acesse http://www.transparencia.mpf.mp.br/atuacao-funcional/consulta-judicial-e-extrajudicial informando o código 6027BAAC.12BC258B.197DED6.FE66EF7A

English Translation

# TRANSLATION CERTIFICATION

**County of Monroe**
**State of New York**

Date: December 15, 2017

To Whom It May Concern:

This is to certify that the attached translation from Portuguese into English is an accurate representation of the documents received by this office.

The documents are designated as:

- E.7_en

Kiel Henry, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."


_____
Signature of Kiel J. Henry



# FEDERAL PROSECUTOR'S OFFICE (MPF)

## OFFICE OF THE GENERAL COUNSEL FOR THE FEDERAL GOVERNMENT (PGR)

**PGR-OPINION-314182/2016**

**LETTER ROGATORY NO. 10070/US (ELETRONIC)**
**ORIGIN:** The United States of America
**REQUESTING COURT** : FEDERAL DISTRICT COURT OF SOUTH FLORIDA
**PARTY OF INTEREST** : JUAN CARLOS CELESTINO CODERCH
**OR** : JUAN CODERCH
**PARTY** : EGI-VRS, LLC
**RAPPORTEUR** : Chief **JUSTICE**

The Honorable Reporting Justice,

1.         The US Judiciary requests that J JUAN CARLOS CELESTINO CODERCH MITJANS (BR TIN 237.972.747-34) be summoned and notified of the enforcement of an arbitration award, in accordance with the letter rogatory.

2.         In light of the arguments exhibited in the petition on pgs. 929/931, the Federal Prosecutor's Office does not oppose serving the writ at a designated time.

Brasília, Monday, December 19, 2016

**EDSON OLIVEIRA DE ALMEIDA**
FEDERAL ASSISTANT ATTORNEY GENERAL'S OFFICE

Wilson Hirohito Kaipper

Electronic Petition signed added to the process on 12/19/2016 at 4:31:53 PM by user ELIZETE MARTINS DE AQUINO BRAGA

e-Pet electronic document no. 2113644 with digital signature
Signatory: EDSON OLIVEIRA DE ALMEIDA  Certified Series No.: 6511139945102938063
Time Stamp ID: 2279183 Date & Time: 12/19/2016  12:31:39 PM

Document signed via Token digitally, by EDSON OLIVEIRA DE ALMEIDA, on 12/19/2016 12:31 PM. For signature verification, access http://www.transparencia.mpf.mp.br/atuacao-funcional/consulta-judicial-e-extrajudicial and enter code 6027BAAC.12BC25BB.197DEDE6.FE66EF7A

# **<u>Exhibit 12</u>**

(e-STJ Fl.1970)



PODER JUDICIÁRIO
JUSTIÇA FEDERAL SEÇÃO JUDICIÁRIA DO RIO DE JANEIRO
05ª Vara Federal do Rio de Janeiro

JFRJ
Fls 1635

Processo nº 0503643-75.2016.4.02.5101 (2016.51.01.503643-6)
Autor: TRIBUNAL DISTRITAL DO SUL DA FLORIDA.
Réu: JUAN CARLOS CELESTINO CODERCH.
JUIZ FEDERAL FIRLY NASCIMENTO FILHO

CONCLUSO AO MM JUIZ EM 28/03/2017 16:33

Despacho

Defiro fls. .1.616. Cite-se por hora certa.

Rio de Janeiro, 28 de março de 2017

FIRLY NASCIMENTO FILHO
Juiz Federal Titular
(Decisão/despacho assinado digitalmente)



Documento eletrônico juntado ao processo em 09/05/2017 às 14:33:57 pelo usuário: EDUARDO CALDAS E ALMEIDA

Assinado eletronicamente. Certificação digital pertencente a FIRLY NASCIMENTO FILHO.
Documento No: 74750722-67-0-1635-1-53697 - consulta à autenticidade do documento através do site http://www.jfrj.jus.br/autenticidade .



PODER JUDICIÁRIO
**JUSTIÇA FEDERAL**
Seção Judiciária do Rio de Janeiro

**5ª VARA FEDERAL DO RIO DE JANEIRO**
Av. Rio Branco, 243 – Anexo II – 4° andar – Centro – Rio de Janeiro – Cep:
20.040-009.
☎: (0xx21)3218-8054  -  ✉: 05vf@jfrj.gov.br

JFRJ
Fls 1647

MANDADO: **MAN.0005.000312-3/2017**

| MANDADO DE CITAÇÃO |
|---|



0 0 0 0 5 0 0 0 5 0 0 0 3 1 2 3 2 0 1 7

CLASSE: CARTA ROGATÓRIA
**PROCESSO: 0503643-75.2016.4.02.5101 (2016.51.01.503643-6)**
PARTE AUTORA: AUTOR: TRIBUNAL DISTRITAL DO SUL DA FLORIDA
CPF/CNPJ: 99.999.999/0001-91
PARTE RÉ: REU: JUAN CARLOS CELESTINO CODERCH

**DESTINATÁRIO: REU: JUAN CARLOS CELESTINO CODERCH.**

**ENDEREÇO:**Av. Prefeito Mendes de Morais, 1150, 1601, São Conrado, Rio de
Janeiro, RJ, Brasil

**O DOUTOR FIRLY NASCIMENTO FILHO, JUIZ FEDERAL DA QUINTA VARA
FEDERAL DO RIO DE JANEIRO – SEÇÃO JUDICIÁRIA DO RIO DE JANEIRO,
POR NOMEAÇÃO NA FORMA DA LEI E NO USO DE SUAS ATRIBUIÇÕES:**

**M A N D A** a qualquer dos Oficiais de Justiça ao qual for o presente mandado apresentado,
expedido nos autos do processo acima epigrafado, que em seu cumprimento proceda a
**CITAÇÃO** do(s) acima indicado(s), no(s) endereço(s) em que for(em) localizado(s),
cientificando-lhe(s) do teor do presente mandado.

**FINALIDADE**: **CITAR** para os atos e termos da presente ação, contestando, querendo, no
prazo legal **(art. 335 do CPC/2015)**, sob pena de serem presumidas como verdadeiras as
alegações de fato formuladas pela parte autora **(art. 344 do CPC/2015). Se necessário, deverá
o Sr. Oficial de Justiça proceder à citação por hora certa, conforme art 252 do CPC**. Tudo
conforme petição inicial que, por cópia, segue anexa e despacho abaixo transcrito:

*Despacho*

*Defiro fls. 1616. Cite-se por hora certa..*

EXPEDIDO por ordem do MM. Juiz Federal Dr. FIRLY NASCIMENTO FILHO, no
Município do Rio de Janeiro, em 28/03/2017, por ROGERIO DE CARVALHO VIANA
(ANALISTA JUDICIÁRIO(A)).

( assinado eletronicamente – alinea 'a', inciso III, § 2°, art. 1° da Lei 11.419/2006 )
**RACHEL ALKABES**
Diretor de Secretaria – Matrícula n° 11052

Documento eletrônico juntado ao processo em 09/05/2017 às 14:33:57 pelo usuário: EDUARDO CALDAS E ALMEIDA

Assinado eletronicamente. Certificação digital pertencente a RACHEL ALKABES.
Juntada feita por ROGERIO DE CARVALHO VIANA.
Documento No: 74750722-79-0-1647-1-715754 - consulta à autenticidade do documento através do site http://www.jfrj.jus.br/autenticidade .

English Translation

# TRANSLATION CERTIFICATION

**County of Monroe**
**State of New York**

Date: December 15, 2017

To Whom It May Concern:

This is to certify that the attached translation from Portuguese into English is an accurate representation of the documents received by this office.

The documents are designated as:

- E.8_en

Kiel Henry, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____

Signature of Kiel J. Henry



JUDICIARY BRANCH
RIO DE JANEIRO JUDICIARY SECTION OF THE FEDERAL
COURT SYSTEM
5th Federal District Court of Rio de Janeiro

JFRJ
Pgs
1635

Case No 0503643-75.2016.4.02.5101 (2016.51.01.503643-6)
Plaintiff: FEDERAL DISTRICT COURT OF SOUTH FLORIDA
Defendant: JUAN CARLOS CELESTINO CODERCH.
FEDERAL JUDGE FIRLY NASCIMENTO FILHO

SUBMITTED TO THE HONORABLE JUDGE ON
3/28/2017 4:33 PM

Order

I grant pgs. 1616. Serve summons at a
designated time.

Rio de Janeiro, March 28, 2017 FIRLY

NASCIMENTO FILHO
Chief Federal Judge
(Decision/order digitally signed)

**JUDICIARY BRANCH**
**FEDERAL COURT SYSTEM**
RIO DE JANEIRO JUDICIARY SECTION

**5th Federal District Court of Rio de Janeiro**
Av. Rio Branco, 243 – Anexo II – 4º andar – Centro - Rio de Janeiro - Cep:
20,040-009.
☎: (0xx21)3218-8054  -  ✉: 05vf@jfrj.gov.br

JFRJ
Pgs
1647

WRIT: **MAN.0005.000312-3/2017**

| WRIT OF SUMMONS |
| --- |

0 0 0 0 5 0 0 0 5 0 0 0 3 1 2 3 2 0 1 7

CLASS: LETTER ROGATORY
**CASE: 0503643-75.2016.4.02.5101 (2016.51.01.503643-6)**
PLAINTIFF PARTY: PLAINTIFF: DISTRICT COURT OF SOUTH FLORIDA
TIN/EIN: 99.999.999/0001-91
DEFENDANT PARTY: DEFENDANT: JUAN CARLOS CELESTINO CODERCH

**ADDRESSEE: DEFENDANT: JUAN CARLOS CELESTINO CODERCH.**

**ADDRESS:** Av. Prefeito Mendes de Morais, 1150, 1601, São Conrado, Rio de
Janeiro, RJ, Brasil

**FIRLY NASCIMENTO FILHO J.D., FEDERAL JUDGE OF THE FIFTH DISTRICT
COURT OF RIO DE JANEIRO – RIO DE JANEIRO JUDICIARY SECTION, BY
APPOINTMENT AS PRESCRIBED BY LAW AND IN USE OF HIS POWERS:**

**ORDER** any of the Court Officials who have been presented with the present writ (expedited
in the records of the case in the heading above), to proceed in **SUMMONING** the parties
indicated above, at the addresses where they are located, notifying such as to the contents of
this present writ.

**PURPOSE**: **ADD** to the acts and terms of the present action, allowing for opposition, is so
desired, within the legal timeframe **(art. 335 of the Civil Code of Procedure/2015)**, under
penalty of presuming the allegations actually formulated by party of the plaintiff to be true
**(art. 344 do CPC/2015). If necessary, the Court Officer shall proceed in serving the
summons at a set time in accordance with article 252 of the Civil Code of Procedure**. In
full compliance with the initial petition that, by copy, is attached and the order transcribed
below:

*Order*

*I grant pgs. 1616. Serve summons at a scheduled time.*

EXPEDITED by order of the Honorable Federal Judge FIRLY NASCIMENTO FILHO J.D.,
in the City of Rio de Janeiro, on 3/28/2017, by ROGERIO DE CARVALHO VIANA
(JUDICIARY ANALYST).

(electronically signed – Act 11419 (1)(2)(III)(a) of 2006)
**RACHEL ALKABES**
Director of the secretariat – Registry No. 11052