**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 1:15-CV-20098-RNS

EGI-VSR, LLC,

       Plaintiff,

vs.

JUAN CARLOS CELESTINO CODERCH
MITJANS A/K/A JUAN CODERCH,

       Defendant.

vs.

CITIGROUP INC. DBA CITIBANK

       Garnishee.

_____/

**MOTION OF EUROCREDIT FINANCE CORP. TO
DISSOLVE WRITS OF GARNISHMENT AS TO EUROCREDIT'S
ASSETS OR ORDERING CITIBANK TO RELEASE SUCH ASSETS**

Pursuant to Fed. R. Civ. P. 69 and Fla. Stat. § 77.07, interested party Eurocredit Finance Corp. ("EFC")[1] moves for entry of an order (i) dissolving the initial and amended writ of garnishment (*see* DE 63-68; 98, 101-102[2]; the "Writ") pursuant to which garnishee Citibank, N.A. ("Citibank") has baselessly restrained EFC's assets; or (ii) ordering Citibank to release EFC's assets.

---

[1]     EFC appears specially and limitedly for the sole purpose of seeking (i) dissolution of the writ of garnishment improperly restraining certain of EFC's accounts, or (ii) entry of an Order lifting such restraint. The Court lacks subject matter jurisdiction over the accounts and lacks personal jurisdiction over EFC.

[2]     Upon information and belief, sealed docket entries 63 through 68 are various writs of garnishment entered by the court on August 22, 2018, one of which is directed to Citibank. Similarly sealed docket entries 98, 101 and 102 are further writs of garnishment, one of which is an amended writ directed to Citibank. Because these docket entries remain sealed, EFC is unable to identify precisely which of these writs was issued against Citibank.

## SUMMARY

EFC is aggrieved. It is not a party to this litigation, much less a judgment debtor (and owes nothing to Plaintiff), yet Citibank has improperly restrained its assets in response to Plaintiff's post-judgment Writ. The plain language of the Writ refers only to assets of judgment debtor Juan Coderch ("Coderch"), not assets of EFC, and as a matter of law the Writ can only reach assets of the judgment debtor. *See Merrill Lynch & Co. Inc. v. Valat International Holdings LTD*, 987 So. 2d 703, 704 (Fla. 3d DCA 2008) (writ of garnishment that did not name alleged alter-ego corporation could not restrain corporation's accounts). The concept is elementary: a judgment against Coderch is not collectible by writ of garnishment against the assets of EFC. Very simply, EFC is not Juan Coderch; rather, it is a separate legal entity—a Cayman Islands corporation—formed nearly forty years ago. Nor could this post-judgment writ ever properly name EFC, which is not a judgment debtor. *See Live Supply Inc. v. C&S Plumbing, Inc.*, 402 So. 2d 505 (Fla. 4th DCA 1981) (dissolving writ which named alleged alter-ego which was not a judgment debtor). Yet Citibank has restrained EFC's assets in its control, admittedly in an abundance of caution, expressly noting its well taken doubt that EFC's assets are subject of the Writ. *See* Citibank's Amended Answer (DE 97, ¶3).

Even assuming *arguendo* that EFC's assets were fair game in this collection against Coderch (they are not), this Court plainly lacks subject matter jurisdiction to reach EFC's restrained assets: deposit accounts located in New York and securities held in Brazil. *See, e.g., Skulas v. Loiselle*, 2010 WL 1790439, at *3 (S.D. Fla. Apr. 9, 2010), *report and recommendation adopted,* 2010 WL 1790433 (S.D. Fla. May 5, 2010) (dissolving Florida writ of garnishment for lack of jurisdiction over Pennsylvania bank account).

Based on the foregoing, EFC moves for entry of an Order dissolving the Writ or directing Citibank to release the restraint on EFC's assets.

## BACKGROUND FACTS

The Judgment and Garnishment

1. Plaintiff obtained a judgment against Juan Coderch and only Juan Coderch (DE 43; the "Judgment"). The Judgment is not against EFC.

2. Thereafter, on August 21, 2018, Plaintiff moved ex parte for a post judgment writ of garnishment against Citibank. Notably, Plaintiff's motion alleged its "belie[f]" that Citibank possessed property of Coderch, "whether in Mr. Coderch's name or in the name of certain third parties or alter egos" which Plaintiff identified. Plaintiff did not mention EFC. *See* DE 73 at p. 4.

3. The Court thereafter entered the first Writ against Citibank on August 22, 2018, which appropriately only mentioned and applied to assets of or debts owed to Juan Coderch. *See* DE 73.

4. Citibank answered the Writ of Garnishment on September 6, 2018 (DE 82), identifying only one account titled in the name of Juan Coderch.

5. But Citibank thereafter restrained three deposit accounts and one securities account titled in and owned by EFC. And on October 8, 2018 Citibank filed an Amended Answer identifying, *inter alia,* the four EFC accounts (DE 97, ¶3(b) through 3(e); the "EFC Accounts"). In its Amended Answer, Citibank asserted that Coderch "may have a beneficial ownership interest in some capacity" in EFC. DE 97 at ¶3. And notwithstanding Citibank's admitted "doubt" that the EFC Accounts should be included in its answer, Citibank listed the EFC Accounts in an abundance of caution, given the statutory immunity provided by Fla. Stat. §

77.06(3).  *Id.*  Indeed, at the October 24, 2018 hearing before this Court, counsel for Citibank expressly advised the Court that Citibank had restrained the EFC Accounts in an abundance of caution, as permitted by the garnishment statute.

6. In the meantime, Mr. Coderch had moved to dissolve the Writ on September 28, 2018, raising various procedural, substantive and jurisdictional bases for dissolution, including the fact that Plaintiff had not sought a writ against Citibank, N.A. (the bank) but instead erroneously named Citigroup, Inc.

7. Presumably in response to the defects raised by Coderch, on October 9, 2018, Plaintiff filed an amended ex parte motion for issuance of the Writ, correcting the name of the garnishee to Citibank, N.A., and adding EFC as another alleged "third party or alter-ego" purportedly holding assets of Coderch.  The Court thereafter entered the amended Writ, which again appropriately only mentioned, and only applied to assets of or indebtedness owed to, Juan Coderch.  *See* DE 115.  EFC is not mentioned in the amended Writ.  *See id.*

8. Citibank answered the amended Writ on October 17, 2018 (DE 111), which was substantively identical to its amended answer (DE 97).

EFC

9. EFC is a Cayman Islands Corporation formed on September 11, 1980 under its original name: Eurocredit Bank (Cayman).  *See* Corporate documentation attached hereto as Composite Exhibit A.  EFC changed its name to Eurocredit Finance Corp. by resolution dated October 19, 2001.  *Id.*  EFC remains in good standing with the Cayman Islands authorities.  *Id.*

The EFC Accounts

10. The EFC Accounts at Citibank were opened in, and are administered through and based in New York City.  The shares identified in paragraph 3(d) of Citibank's Amended

Answer are held in Brazil by Citibank Brazil, S.A., so some administration of the EFC Account holding the shares occurs in Brazil.

11. The ABA routing number for the EFC Accounts is 021000089, which is assigned only to New York-based Citibank accounts.

## MEMORANDUM OF LAW

### Florida Law Applies

This garnishment matter is governed by Florida law. *See* Fed. R. Civ. P 69(a) ("The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ."); Fed R. Civ. P. 64 (providing that any remedy for seizing property, including garnishment, is pursuant to "the law of the state where the court is located."); *Skulas v. Loiselle*, 2010 WL 1790439, at *1 (S.D. Fla. Apr. 9, 2010) ("Florida's procedure in aid of execution governs the instant [garnishment] action."), *report and recommendation adopted,* 2010 WL 1790433 (S.D. Fla. May 5, 2010).

### Plaintiff Cannot Reach EFC's assets through a Writ Naming Only Juan Coderch as Judgment Debtor

The Writ, both original and amended, does not mention EFC. The Writ provides, in pertinent part, as follows:

> The answer shall state whether Garnishee is indebted to **Juan Carlos Celestino Coderch Mitjans a/k/a Juan Coderch** ("Judgment Debtor"), at the time of service of the writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the Judgment Debtor the Garnishee is in possession or control of at the time of the answer or had at the time of service of this writ, or at any time between such times, and whether the Garnishee knows of any other person indebted to the Judgment Debtor or who may be in possession or control of any of the property of the Judgment Debtor.

By its plain language, the Writ does not reach the assets of EFC. And this makes perfect sense because EFC is a separate legal entity (not judgment debtor Juan Coderch), and owes nothing to Plaintiff via judgment (or otherwise). Moreover, "for garnishment purposes, funds on deposit in a financial institution are presumed to belong to the person or entity named on the account." *Thomas J. Konrad & Associates, Inc.* v. McCoy, 705 So. 2d 948, 949 (Fla. 1st DCA 1998) (citing *Ginsberg v. Goldstein*, 404 So. 2d 1098, 1099 (Fla. 3d DCA 1981) (noting that "[f]or the purposes of garnishment a bank deposit *prima facie* belongs to the person in whose name it stands.")). So the assets in the EFC Accounts are presumed to be owned by EFC (not Juan Coderch). Citibank notably does not claim otherwise, and instead Citibank admits its doubt that the EFC Accounts are subject of the Writ. *See* DE 97 at ¶3 ("CITIBANK, N.A. is in good faith doubt as to whether said accounts and/or property should be included in garnishee's answer and is therefore entitled to include and retain the same pursuant to Chapter 77.06(3), Florida Statutes, for which CITIBANK, N.A. shall not be liable for doing do. . . . ");DE 111 at ¶3 (same).[3] And Citibank has stated in open Court that it restrained the EFC Accounts purely in an abundance of caution, as permitted by the garnishment statute. *See ¶5*, *supra*. Thus common sense and the plain language of the Writ dictate that the Writ does not and cannot restrain the assets of EFC. The statutory and decisional law support this unsurprising result.

On the statutory side, there simply is no provision in Florida's garnishment statute enabling a post-judgment writ to reach assets of a non-judgment debtor, much less an entity not

---

[3] Florida's statutory scheme encourages garnishees to be over-inclusive in answering writs, by insulating bank garnishees from any liability to its customer for wrongly restraining an account, provided it has a "good faith doubt" about whether the account should be included in the writ. *See Fla. Stat.* § 77.06(3).

even mentioned in the writ. The statute plainly entitles a judgment creditor to garnish "any debt due <u>to defendant</u> by a third person" or any "personal property <u>of defendant</u> in the possession or control of a third person." Fla. Stat § 77.01 (emphasis added). Here, Coderch is the "defendant" in the Florida statutory scheme; EFC is not. And the failure of the statute to expand a writ's scope beyond the defendant is dispositive here, given the oft-cited and universally held requirement of Florida law that "garnishment statutes . . . be strictly construed." *See, e.g.*, *Bernal v. All American Inv. Realty, Inc.*, Case No. 05–60956–CIV, 2009 WL 586010, at *4 (S.D. Fla. March 6, 2009) (citing *Gigliotti Contracting N., Inc. v. Traffic Control Prods. of N. Fla.*, Inc., 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001)); *accord, Skulas*, 2010 WL 1790439, at *1 (S.D. Fla. Apr. 9, 2010) (Florida law requires garnishment statutes to be strictly construed."), *report and recommendation adopted,* 2010 WL 1790433 (S.D. Fla. May 5, 2010); *Williams v. Espirito Santo Bank of Fla.*, 656 So. 2d 212, 213 (Fla. 3d DCA 1995) ("It is fundamental that garnishment statutes must be strictly construed.").

This issue came before a Florida appellate court in *Merrill Lynch & Co. Inc. v. Valat International Holdings LTD*, 987 So. 2d 703, 704 (Fla. 3d DCA 2008). In *Merrill Lynch*, the court held that a writ of garnishment could not restrain the accounts of a non-defendant corporation (an alleged alter-ego) not named in the writ. As in *Merrill Lynch*, the Writ here did not (and could not) name EFC, and the Writ accordingly cannot restrain EFC's assets. Florida's Fourth District Court of Appeal considered a related fact pattern in *Live Supply Inc. v. C&S Plumbing, Inc.*, 402 So. 2d 505 (Fla. 4th DCA 1981). In *Live Supply*, the writ actually (and improperly) named a non-party (not the judgment debtor) which plaintiff alleged to be an alter-ego of the judgment debtor. The non-party moved for and obtained dissolution of the writ on the simple basis that it was not the judgment debtor. Florida's Fourth District Court of Appeal

affirmed the dissolution, noting the "impropriety" of a situation where "the trial court expressly orders garnishment of debts due to an entity named in the writ which is not even a party to the lawsuit." *Id.* At 506-07. "[A]ll this nonparty entity need do to initiate dissolution of the writ against it is to alert the court by motion of the impropriety of the writ because of the independent identity of the entity." *Id.* at 507; *see also Alejandre v. Telefonica Larga Distancia De Puerto Rico, Inc.,* 183 F.3d 1277, 1285 (11th Cir. 1999) (citing *Live Supply* favorably in dissolving a writ of garnishment naming a non-party alleged alter-ego) *superseded by statute*, *see Stansell v. Revolutionary Armed Forces of Columbia* 771 F.3d 713 (11th Cir. 2014). By this motion, EFC is alerting the Court that, as a nonparty, its assets cannot be restrained by the Writ in this case.

Together, *Merrill Lynch* and *Live Supply* are dispositive. As in the instant case, a writ of garnishment cannot restrain assets of an entity (e.g., EFC) not named in the writ. *See Merrill Lynch.* And had the Writ actually (improperly) named a non-party (e.g., EFC), it would be improprietous and the Writ would be summarily dissolved. *See Live Supply.* In short, the Writ here did not name EFC, so it could not reach the assets of EFC. Nor could the Writ have named EFC, which is a non-party.[4]

On all of the foregoing bases—common sense, statutory law and case law—the Writ must be dissolved as to EFC, or Citibank must be ordered to terminate any restraint on EFC's assets based on the Writ.

---

[4]     Theoretically, Plaintiff could have sought a writ against non-party EFC on an alter-ego basis without holding a judgment against EFC. But such a writ is a <u>prejudgment</u> writ of garnishment subject to entirely different procedures and requirements, which Plaintiff did not follow or meet. *See Fla. Stat.* § 77.031. Among other differences, prejudgment writs are entered by the Court (not the Clerk) upon the filing of an affidavit meeting the statutory requirements, and the filing of a surety bond for double the amount of the debt. Plaintiff undoubtedly has not sought a judgment against EFC nor entry of a pre-judgment writ as to assets or indebtedness of EFC, and has not met the requirements for such a writ.

### The Writ Must be Dissolved Because the Court Does Not Have Subject Matter Jurisdiction Over a New York Bank Account or Over Securities in Brazil

The EFC Accounts are located in the state of New York and managed through a New York Citibank branch and Citibank personnel in New York. Moreover, the ABA routing number for the EFC Accounts is 021000089, which is assigned only to New York-based Citibank accounts. One of the EFC accounts (4768; the "Securities Account") is a securities account pursuant to which Citibank has a "subcustodian agreement with" its Brazilian affiliate, Citibank Brazil, S.A. *See* DE 97 at ¶3(d). All shares in the Securities Account (the "Shares") are held by Citibank Brazil, S.A. in Brazil. As set forth below, this Court lacks jurisdiction over EFC's New York-based accounts, including its Shares in Brazil. The Court must accordingly enter an order dissolving the writ as to the EFC Accounts, or directing Citibank to release any restraint on the EFC Accounts.

Under Florida law, a garnishment proceeding is neither exclusively *in rem* nor exclusively *in personam*. "Rather, '[i]t partakes both of the nature of a proceeding *in personam* and a proceeding *in rem* and may be classified as a proceeding quasi *in rem.*'" *APR Energy, LLC v. Pakistan Power Res., LLC*, 2009 WL 425975, at *1 (M.D. Fla. Feb. 20, 2009) (quoting *Morris W. Haft & Bros. v. Wells,* 93 F.2d 991, 993 (10th Cir. 1937)). As such, "the Court [must] have personal jurisdiction over Garnishee, but it must also have jurisdiction over the property to be garnished, in this case, the bank account." *Id.* at *2; s*ee Skulas v. Loiselle*, 2010 WL 1790439, at *2 (S.D. Fla. Apr. 9, 2010), *report and recommendation adopted,* 2010 WL 1790433 (S.D. Fla. May 5, 2010) (same); *Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, 149 F. Supp. 3d 1337, 1339 (M.D. Fla. 2015) ("Because of the dual nature of a garnishment proceeding, courts sitting in this state have held that a court presiding over a writ of garnishment must not

only have personal jurisdiction over the garnishee, but also jurisdiction over the property or 'res' that is the subject of the writ of garnishment.").

Given the quasi *in rem* nature of garnishment, federal courts in Florida regularly hold that they lack subject matter jurisdiction to enforce writs of garnishment against financial accounts located outside the state of Florida. *See, e.g.*, *Stansell*, 149 F. Supp. 3d at 1342 ("[U]nder Florida law [the Court] lacks subject matter jurisdiction to issue writs of garnishment seeking to garnish funds held in bank accounts in jurisdictions outside the territorial limits of the State of Florida."); *Skulas*, 2010 WL 1790439, at *3 ("[B]ecause the bank account at issue is located in Pennsylvania, the Court does not have jurisdiction over it and the instant Writ of Garnishment . . . . should be dissolved."); *APR Energy, LLC v. Pakistan Power Res., LLC*, 2009 WL 425975, at *2 (M.D. Fla. Feb. 20, 2009) ("[N]ot only must the Court have personal jurisdiction over Garnishee, but it must also have jurisdiction over the property to be garnished, in this case, the bank account. . . As this Court does not have jurisdiction to issue a writ of garnishment against the bank account in Oklahoma, Garnishee's Motion to Dissolve [] is due to be granted."); *Superior Group of Companies, Inc. v. Centerstone Linen Services, LLC,* Case No 8:18-cv-1099-T-26TGW (M.D. Fla. Sept. 20, 2018) ("[T]he Court . . . lacks subject matter jurisdiction by virtue of the fact that the accounts subject to Plaintiff's writ of garnishment are located in Buffalo, New York, which is outside the jurisdiction of the State of Florida."); *Regions Bank v. MDG Lake Trafford, LLC,* Ch. 7 Case No. 9:14-bk-965-FMD, Adv. No. No. 9:14–ap–402–FMD, transcript at 7 (Bankr. M.D. Fla. July 29, 2015) (holding that judgment creditor in Florida proceedings supplementary to execution could not reach Maryland financial accounts given lack of subject matter jurisdiction.).

Here, the Court cannot enforce the Writ against EFC's assets because the EFC Accounts are located in New York and Brazil, beyond the territorial limits of the state of Florida. As in *APR Energy*, this Court lacks subject matter jurisdiction "over the property to be garnished, in this case, the bank account." *APR Energy*, 2009 WL 425975, at *2. Because this Court never had subject matter jurisdiction over the EFC Accounts, the Writ must be dissolved as to EFC, or Citibank must be ordered to release its restraint of the EFC Accounts.

WHEREFORE, EFC respectfully requests that the Court enter an Order granting this motion, dissolving the Writ as it pertains to EFC or directing Citibank to release the EFC Accounts, and granting such other and further relief as the Court deems just.

Date: October 30, 2018

    Respectfully submitted,

Herron | Ortiz
*Counsel for Eurocredit Finance Corp.*
255 Alhambra Circle, Suite 1060
Coral Gables, FL 33134
Tel.:   (305) 779-8106
Email: aherron@herronortiz.com

By:   /s/  Andrew R. Herron
     Andrew R. Herron, Esq.
     Florida Bar No. 861560

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case, this 30th day of October, 2018.

By: /s/ Andrew R. Herron
    Andrew R. Herron, Esq.