IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

EGI-VSR, LLC,

       Plaintiff,

    v.

JUAN CARLOS CELESTINO
CODERCH MITJANS A/K/A
JUAN CODERCH AND
NA TOPCO CORP.,

       Defendants.

Case No. 1:15-CV-20098-RNS

Judge Robert Scola

Magistrate Alicia Otazo-Reyes

Supplemental Proceeding No.

## SUPPLEMENTAL COMPLAINT

Plaintiff/Judgment Creditor EGI-VSR, LLC ("EGI-VSR"), for its Supplemental Complaint against Defendants Juan Carlos Celestino Coderch Mitjans a/k/a Juan Coderch ("Juan Coderch" or "Juan") and NA Topco Corp. ("Topco"), states as follows.

### NATURE OF ACTION

1.    This is a corporate veil piercing action to hold Juan Coderch's corporate alter ego, Topco, liable for Juan Coderch's personal debts to EGI-VSR, including the final judgment that this Court entered in favor of EGI-VSR and against Juan Coderch in the amount of $28,700,450.07 on June 4, 2018 (the "Final Judgment") and to set aside and recover the value of fraudulent transfers pursuant to Florida Statutes, §§ 56.29, 726.105, 726.108(1)(a) and 726.109(2).

2.    Juan Coderch formed Topco as a sham corporation to use in his scheme to fraudulently and improperly avoid his debts to his creditors, including his $28.7 million debt to EGI-VSR. Topco is owned, controlled, and dominated entirely by Juan Coderch and his family. Topco has no apparent purpose aside from (i) holding title to and maintaining a luxury residential condominium in New York City worth more than $1 million that Topco purchased and furnished

for Juan Coderch's daughter to use as a residence; (ii) paying certain personal expenses of the Coderch family that were incurred in the United States; and (iii) acting as an instrument in Juan Coderch's scheme to transfer personal funds and assets to other corporations he formed, owns, controls, and dominates to hinder, delay and defraud creditors.

3.      In October 2005, EGI-VSR purchased over four million preferred shares of stock in Vina San Rafael S.A. ("VSR"), a South American wine company, and entered into a "Shareholders' Agreement" for VSR with Juan Coderch, among others.  EGI-VSR subsequently bought additional shares in the wine company for a total investment of approximately $17 million. (*See also* EGI-VSR's Pet. To Confirm Final Award (Case 1:15-cv-20098-RNS; ECF No. 1).)

4.      Over time, EGI-VSR learned that Juan Coderch is a fraudster and had orchestrated a scheme to defraud it of the approximately $17 million cash investments that it had made.  In 2009, EGI-VSR triggered a Put obligation under the Shareholders' Agreement that when unfulfilled by the controlling shareholders, as it was, obligated Juan Coderch, as personal guarantor to those companies' obligations, to pay the Put price.  *Id.* at ECF No. 1-5 at 26-28 of 104.  He did not do so.  EGI-VSR subsequently commenced arbitration under the terms of the Shareholders' Agreement.  *Id.*

5.      In January 2012, an arbitrator issued an award in favor of EGI-VSR and, as a remedy, obligated Juan Coderch, among others it determined to be jointly and severally liable, to pay EGI-VSR an amount equal to $28.7 million.  *Id.* at ECF No. 1-5 at 102-104 of 104.

6.      The arbitration award recounts an instance in September 2009 where Juan Coderch wrote to his family and others that, "[i]t is very likely that we will have to speed up the plans for selling shares and concretize the protective measures" or submit the matter to arbitration in order to "leave the situation under legal process for a couple of years, in conditions favorable to us,

2

which would give us enough time to do everything we need to do." *Id.* at ECF No. 1-5 at 96-97 of 104. The family members on that email include, among others, Juan's brother, Jorge, who was also found jointly and severally liable by the Chilean arbitrator; Juan's daughter Adriana who served as Vice-President of Topco; and Juan's wife Cecilia Coderch, who serves as Topco's Director, Treasurer and Secretary.

7.      In October 2010, Juan Coderch formed the sham corporation Topco for the purpose of transferring personal funds and/or funds from companies Juan Coderch owns or has a beneficial interest in to Topco, and to purchase and hold assets in Topco's name, including a million-dollar condominium in the heart of midtown Manhattan that Juan's daughter has used as a personal residence.  Without the fiction of Topco, those funds and assets would have been available to satisfy EGI-VSR's debt.

8.      As set forth in detail below, Topco is a sham corporation; Juan Coderch dominates and controls Topco to such an extent that the corporation has no independent existence and Juan Coderch is in fact the alter ego of Topco.  In essence, Topco is a separate entity in name alone and has been used by Juan Coderch as a mere instrumentality to further his fraudulent scheme to hide his assets from his creditors, including EGI-VSR.

9.      Accordingly, EGI-VSR seeks relief from this Court to pierce the corporate veil of Topco to disregard its corporate form and treat Topco and Juan Coderch as one and the same so that Topco is liable for the Final Judgment entered against Juan Coderch.

## PARTIES

10.      EGI-VSR is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

11.      Juan Coderch is a citizen of the Republic of Chile.

12.     Juan Coderch incorporated Topco under the laws of the State of Florida in October 2010.

13.     According to the Articles of Incorporation, Topco's purpose "is to engage in any activities or business permitted under the Laws of the United States and Florida" and its address is 100 SE 2d St. Suite 4200, Miami, Florida 33131.

14.     The address for Topco is the address for Carlton Fields.  Juan, Cecilia, and Melina Coderch have listed the same address as their personal address.

15.     Juan Coderch, his wife Cecilia Coderch, and their daughter Melina Coderch have served as Topco's only Directors.  His other daughter, Adriana, began serving as Topco's Vice President in 2010 after graduating from college in the United States in the same year.  Adriana used the real property owned by Topco as her luxury residence.

16.     After Juan Coderch resigned from his position as Director and President of Topco in January 2014, his daughter Melina Coderch replaced him as Director and President.  In February 2014, Cecilia Coderch and Melina Coderch authorized and empowered Juan Coderch to control and manage Topco's business affairs and bank account without limitation.

## JURISDICTION AND VENUE

17.     EGI-VSR has commenced proceedings supplementary pursuant to § 56.29, *Fla. Stat.* in this Court.

18.     This Court has jurisdiction over the underlying action pursuant to 9 U.S.C. § § 203, 301, and 302 as well as jurisdiction pursuant to 28 U.S.C. § 1331.  This Court has entered a Final Judgment and, as such, has ancillary jurisdiction to conduct these proceedings supplementary as authorized pursuant to § 56.29, *Fla. Stat.*

19.     Juan Coderch and Topco have had significant contacts with this jurisdiction and availed themselves of the laws of this jurisdiction.  This Court also has jurisdiction over Juan Coderch as a party to the Court's Final Judgment.

20.     Venue is proper in this Court pursuant to 28 U.S.C. §1391.  Topco resides within the geographical boundaries of the Court's judicial district and Juan Coderch is a foreign citizen.

## FACTS

21.     As set forth more fully in EGI-VSR's Petition to Confirm International Arbitration Award (Case 1:15-cv-20098-RNS; ECF No. 1), on October 19, 2005, EGI-VSR purchased preferred shares of the stock of Viña San Rafael S.A. ("VSR"), a private corporation that produces and distributes wines.  On the same day, EGI-VSR and Juan Coderch, among others, entered into an agreement titled Shareholders' Agreement of Viña San Rafael S.A., effective October 19, 2005 (the "Shareholders' Agreement").  The Shareholders' Agreement contains a number of provisions that were designed to protect EGI-VSR's interests as a minority shareholder.

22.     Juan Coderch made misrepresentations to EGI-VSR about the intent of VSR to comply with its contractual commitments and his intention to comply with his fiduciary obligations.

23.     At the beginning of 2009, EGI-VSR started to become aware of a series of irregular situations instigated by Juan Coderch and his family, which were contrary to the corporate interest and caused great harm to VSR and its minority shareholders, like EGI-VSR.

24.     Recognizing that EGI-VSR had become aware of his improper activities, Juan Coderch colluded with family members, including his wife and daughters, to carry out the scheme to lull EGI-VSR and to transfer and conceal assets.

25.     On October 13, 2009, EGI-VSR exercised its Put Right that required the controlling shareholders to purchase all of EGI-VSR's shares at a designated price.   The controlling shareholders failed to meet their Put obligations and Juan Coderch, as personal guarantor of the payment for shares purchased in connection with the exercise of the Put Right, failed to comply with his obligations.

26.     On November 27, 2009, EGI-VSR submitted the dispute to arbitration.   A sole arbitrator, Mr. Vasco Costa Ramírez, was appointed to hear the dispute.

27.     In October 2010, while the arbitration was pending, Juan Coderch incorporated Topco as his corporate alter ego for the fraudulent or improper purpose of secreting funds and assets to Topco to prevent those funds and assets from being available to satisfy his liabilities to his creditors, including EGI-VSR, thereby injuring EGI-VSR.

28.     On January 13, 2012, Mr. Vasco Costa Ramírez issued his arbitration decision (the "Final Arbitration Award").   In the Final Arbitration Award, Mr. Vasco Costa Ramírez determined that the respondents, including Juan Coderch, violated numerous sections of the Shareholders' Agreement and, as a result, "each and every one of the respondents . . . are ordered to buy and pay for all the shares of the claimant, EGI-VSR, L.L.C., in the company Viña San Rafael SA in the way requested in the claim." Juan Coderch refused to comply with the Final Arbitration Award.

29.     Upon information and belief, Juan Coderch caused at least ████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ █████████████████████████████████████████ Juan Coderch knew he owed a debt to EGI-VSR when he caused the transfers to be made.

30.     Juan Coderch secreted the funds to Topco to hinder, delay and defraud its creditors, including EGI-VSR and prevent EGI-VSR from collecting on its Final Arbitration Award and Final Judgment against Juan Coderch.  As set forth below, Juan Coderch dominates and controls Topco to such an extent that Topco has no separate existence of its own.

***Topco has no office.***

31.     Topco has no physical office space.  The listed address for Topco is c/o Steven Brodie, Carlton Fields 100 SE Second Street, Suite 4200, Miami, FL 33131.  That is the same address that Juan, Cecilia, and Melina Coderch list as their personal address.

32.     Further, that is the same address that Juan Coderch has used for at least three other Florida corporations for which he (along with his wife and/or brother) is or was the only officer and director:  North Atlantic Investment Corp., Transamerican Land Corp., and Panamerican Holdings Corp.

33.     When Juan, his wife Cecilia, and their daughter Adriana ███████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

35.     ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

████████████████

***Juan Coderch and/or his family have always been and remain the only directors and officers and the only persons authorized to operate Topco's bank account.***

36.  Topco was incorporated by Juan Coderch on October 15, 2010.  No one aside from Juan, his wife, and daughter has served as a Director of Topco.  Topco does not have any employees aside from Juan, his wife, and daughters.

37.  Juan Coderch and his wife Cecilia Maria de Castro Batista Coderch ("Cecilia Coderch" or "Cecilia") were the initial Directors for Topco.  Juan served as President; Juan's daughter Adriana Coderch was Vice-President; and Cecilia was Secretary and Treasurer.

38.  ██████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████

39.  Juan Coderch served as President of Topco until he resigned from the role and from his position as Director on January 23, 2014.

40.  On the day that Juan resigned, Cecilia signed a resolution appointing Melina Coderch (Juan's and Cecilia's daughter) as Director.  Melina Coderch also replaced Juan as the President of Topco.  ████████████████████████████████████

41.  On February 7, 2014, Cecilia and Melina Coderch adopted a resolution granting Juan full power "to control and manage the business, affairs and day-to-day operations of the Company" and to "[m]aintain custody of all the Company's funds and financial records to do business with banks and other financial institutions, and particularly to endorse all checks and drafts made payable to the order of the Company and collect the proceeds and to sign in the

Company's name checks on all accounts standing in the Company's name, to withdraw funds from said accounts and to open accounts in the Company's name."

42.    On April 29, 2016, Adriana Coderch resigned from Topco as Vice-President. Notwithstanding, in December 2018, Melina Coderch—the purported President of Topco—swore in Topco's discovery responses that Adriana Coderch was Topco's Vice-President and that she still has signatory authority with respect to Topco's bank account. ████████████████

████████████████████████████

43.    To summarize, the Coderch family has held the following positions in Topco:

i.     Juan Coderch:  Director and President from incorporation until his calculated resignation on January 23, 2014; still possesses full authority to operate Topco's affairs and bank account;

ii.    Cecilia Coderch (wife):  Director, Treasurer, and Secretary from incorporation to present;

iii.   Adriana Coderch (daughter):  Vice-President from incorporation to April 2016, or to present;

iv.    Melina Coderch (daughter):  Director and President from January 23, 2014 to present.

44.    Topco is and always has been exclusively owned by Juan Coderch, his wife, and their children.

*Juan Coderch uses Topco's funds for personal purposes.*

45.    ████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████

46.     Because Topco has steadfastly fought EGI-VSR's efforts to discover its business activities through subpoenas, EGI-VSR lacked the ability to learn about the funds transferred into and withdrawn from Topco's bank account until ███████████████ produced Topco's bank statements in November 2018 pursuant to a subpoena.  Some of those transfers are detailed below.

47.     ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████

48.     ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████ No business purpose existed for these expenses.

49.     ████████████████████████████████████████

████████████████████ Upon information and belief, Adriana lived at the New York condo between undergraduate school and graduate school, among other times. ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████ No business purposes existed for these expenses.

50.     Adriana Coderch continues to use the New York condo as one of her residences, despite disassociating from Topco in April 2016.  Upon information and belief, including Topco's

discovery responses that no documents exist related to the rental or lease of that property, Adriana Coderch does not pay rent to Topco for her use of the New York condo.

51.    Upon information and belief, Topco is not identified as being associated with the New York condo in the building records maintained by doorman and concierge for the building. Instead, Adriana Coderch's name is listed as the occupant.  Upon information and belief, no one except Adriana Coderch or the Coderch family uses the New York condo.



52.    ████████████████████████████████████████████████

████████████████████████████████████████ Then, on January 15, 2019 when Topco filed its responses/objections to EGI-VSR's subpoena, Topco admitted that the payments to ██████████████████████████████ ██████ Topco indicated that no documents exist reflecting a business purpose for those payments.

53.    ████████████████████████████████████████████████

████████████████████████████████ even after she was no longer an officer of the company.

54.    ████████████████████████████████████████████████

██████████████████████████████ All of these personal payments occurred after Adriana was no longer affiliated with the company.

55.    In March 2015, Topco began making payments to Carlton Fields for legal services rendered to Juan Coderch personally to defend against EGI-VSR's petition to confirm the international arbitration award.  Between March 2015 and July 2018, Topco paid Carlton Fields over $58,000 for Juan Coderch's personal legal expenses.

56.     In addition, Eurocredit wired $86,216 in 2014 to Carlton Fields to cover the closing costs for three real estate transactions.  Carlton Fields later credited Topco for the amount of those transfers, establishing that the transfer, while nominally to Carlton Fields, was for the benefit of Topco.

***Juan Coderch used*** ███████████████ ***as a source of funds for Topco.***

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████

58.     Eurocredit is a company organized in the Cayman Islands to manage ██████

████████████████████████████████████████

████████████████████████████████████████

████████████████

59.     ████████████████████████████████████

████████████████████████████████████████

███████████████████

***Juan Coderch transferred funds from*** ████████ ***bank account to other accounts for no apparent corporate purpose.***

60.     ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████

### COUNT I – ALTER EGO

61.     EGI-VSR restates and incorporates paragraphs 1 through 60 above as if fully set forth herein.

62.     Juan Coderch dominated and controlled Topco to such an extent that its corporate existence was in fact nonexistent and he was the alter ego of the company.

63.     Juan Coderch used his control of Topco for improper and fraudulent purposes.

64.     In October 2009, when EGI-VSR exercised its Put rights, Juan Coderch knew he had a debt to EGI-VSR of approximately $29 million and that EGI-VSR was bringing an arbitration claim to recover the debt.

65.     With full knowledge of his debt to EGI-VSR and while the arbitration was pending, Juan Coderch and his family formed Topco as a sham to defraud EGI-VSR in October 2010.

66.     Juan Coderch secreted funds to Topco to purchase the New York condo and to pay for his and his family's personal expenses.  By using a sham corporation to purchase the New York condo and pay ██████████████████████████████ Juan Coderch has been able to maintain control of the New York condo for his family's benefit despite the Final Arbitration Award and Final Judgment against him.

67.     The fraudulent or improper use of the corporate form of Topco is causing injury to EGI-VSR, because it allowed Juan Coderch to transfer funds to the United States for personal use and to purchase property in the United States for his personal use, domination, and control and to further keep the funds and property from the reach of EGI-VSR to which he is indebted

$28,700,450.07.  Recognition of the corporate form of Topco in such a way would sanction an injustice against EGI-VSR.

WHEREFORE, EGI-VSR respectfully requests that this Court enter a judgment against NA Topco piercing the corporate veil to make NA Topco jointly and severally liable for EGI-VSR's Final Judgment of $28,700,450.07 entered against Juan Coderch in Case 1:15-cv-20098-RNS plus interest, awarding EGI-VSR's attorneys' fees and costs, and awarding EGI-VSR all other fair and/or equitable relief.

### COUNT II – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO FLORIDA STATUTES, § 56.29

68.    EGI-VSR restates and incorporates paragraphs 1 through 67 above as if fully set forth herein.

69.    Juan Coderch became indebted to EGI-VSR in October 2009.

70.    Since his time of indebtedness, Juan Coderch caused funds to be transferred to his alter ego, Topco, totaling at least ███████████ that could have been used by Juan Coderch to satisfy his debts to EGI-VSR.  Juan Coderch caused the transfers to be made for the purpose of hindering, delaying, and defrauding EGI-VSR.

71.    After the Final Arbitration Award was issued on January 13, 2012, upon information and belief, Juan Coderch caused additional funds to be transferred to his alter ego, Topco, totaling at least ███████████ that could have been used by Juan Coderch to satisfy his debts to EGI-VSR.  Juan Coderch caused the transfers to be made with the intent to defraud EGI-VSR and hinder and delay EGI-VSR's efforts to collect the Final Arbitration Award and Final Judgment.

72.    ████████████████████████████████
████████████████████████████

| DATE | AMOUNT | DESCRIPTION |
|---|---|---|
| ███ | ███ | █████████████ |
| ███ | ███ | █████████████ |
| ███ | ██ | ██████████████ |
| ███ | ██ | ██████ |
| ███ | ██ | ██████ |
| ██ | ██ | █████ |
| ██ | ██ | ██████ |
| ██ | ██ | █████ |
| ██ | ██ | ██████ |
| █ | ██ | █████ |
| ██ | ██ | █████ |
| █ | ██ | █████ |
| ██ | ██ | ██████ |
| █ | ██ | ████ |
| █ ██ | ██ | ██████ |

73. 

WHEREFORE, EGI-VSR respectfully requests that this Court enter a judgment against

NA Topco for the principal amount of the fraudulent transfers, plus pre-judgment interest from the

date of the transfers, post-judgment interest, and awarding EGI-VSR's attorney's fees and costs, and awarding EGI-VSR all other fair and/or equitable relief.

**COUNT III – AVOIDANCE OF FRAUDULENT TRANSFERS AND RECOVERY PURSUANT TO FLORIDA STATUTES, §§ 726.105(1), 726.108 and 726.109**

74.    EGI-VSR restates and incorporates paragraphs 1 through 73 above as if fully set forth herein.

75.    Juan Coderch became indebted to EGI-VSR in October 2009.  EGI-VSR thus was a "creditor" of Juan Coderch, and Juan Coderch was a "debtor," as pursuant to in Florida Statutes, Section 726.102(5).

76.    While the arbitration was pending, Juan Coderch caused funds to be transferred to his alter ego, Topco, totaling ███████████████ that could have been used by Juan Coderch to satisfy his debts to EGI-VSR.  Juan Coderch caused the transfers to be made for the purpose of defrauding EGI-VSR.

77.    After the Final Arbitration Award was issued on January 13, 2012, Juan Coderch caused additional funds to be transferred to his alter ego, Topco, totaling at least ██████████ ████ that could have been used by Juan Coderch to satisfy his debts to EGI-VSR.  Juan Coderch caused the transfers to be made with the intent to defraud EGI-VSR and hinder and delay EGI-VSR's efforts to collect the Final Arbitration Award and Final Judgment.

78.    ████████████████████████████████
███████████████████████████████████████
███████

79.    ████████████████████████████████
███████████████████████████████████████
█████████████████████████████

| DATE | AMOUNT | DESCRIPTION |
|------|--------|-------------|
| ███ | ███ | ██████████████████████ |
| ███ | ███ | ██████████████████████ |
| ███ | ███ | ██████████████████████ |
| ███ | ███ | ██████████████████████ |
| ███ | ███ | ██████████████ |
| ███ | ██ | ██████████████ |
| ███ | ██ | ██████████████ |
| ███ | ██ | █████████████ |
| ███ | ██ | █████████████ |
| ██ | ██ | ██████████████ |
| ██ | ██ | ██████████████ |
| ██ | ██ | ██████████████ |
| ███ | ██ | ██████████ |
| ███ | ██ | ██████████ |
| ███ | ███ | |

80.    The transfers made by Juan Coderch are fraudulent as to EGI-VSR, whose claim

arose before the transfers were made, in that they were made with the actual intent to hinder, delay,

or defraud EGI-VSR.

WHEREFORE, EGI-VSR respectfully requests that this Court enter a judgment against

NA Topco for the principal amount of the fraudulent transfers, plus pre-judgment interest from the

date of the transfers, post-judgment interest, and awarding EGI-VSR's attorney's fees and costs,

and awarding EGI-VSR all other fair and/or equitable relief.

## **DEMAND FOR JURY TRIAL**

EGI-VSR demand a trial by jury on all of its claims.

Dated: March 19, 2019                              Respectfully submitted,


By:      /s/ Detra Shaw-Wilder
         Detra Shaw-Wilder
         Dwayne Robinson
         Kozyak Tropin & Throckmorton P.A.
         2525 Ponce de Leon, 9th Floor
         Miami, Florida 33134
         Phone: (305) 377-0656
         Fax: (305) 372-3508
         dps@kttlaw.com
         drobinson@kttlaw.com

         and

         Andrew W. Vail (admitted *pro hac vice*)
         JENNER & BLOCK LLP
         353 N. Clark Street
         Chicago, Illinois 60654
         Phone: (312) 840-8688
         Facsimile: (312) 840-8787
         avail@jenner.com

         *Attorneys for EGI-VSR, LLC*

18