**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| EGI-VSR, LLC, | ) |
| | ) Case No. 1:15-CV-20098-RNS |
| Judgment Creditor/Plaintiff, | ) |
| | ) Judge Robert N. Scola, Jr. |
| v. | ) |
| | ) |
| JUAN CARLOS CELESTINO CODERCH MITJANS A/K/A JUAN CODERCH AND NA TOPCO CORP., | ) Magistrate Judge Alicia Otazo-Reyes |
| | ) |
| Defendants. | ) |

**EGI-VSR'S COMBINED RESPONSE TO TRANSAMERICAN'S**
**MOTION FOR A PROTECTIVE ORDER**
**AND**
**EGI-VSR'S MOTION TO COMPEL CODERCH**
<u>**COMPANIES TO PRODUCE DOCUMENTS**</u>

EGI-VSR, LLC, ("EGI-VSR") hereby responds to Transamerican Land Corp.'s ("Transamerican") Motion to Intervene for the Limited Purpose of Seeking a Protective Order as to EGI-VSR's Subpoena to Continental Real Estate Company, LLC ("Continental") (ECF No. 252). Transamerican does not move to intervene to become a party to these proceedings but seeks to intervene for the limited purpose of objecting to a third party's production Transamerican asserts is "private information" concerning its "corporate affairs."

EGI-VSR also hereby moves this Court to compel Transamerican, North Atlantic Investment Corp. ("North Atlantic"); NA Investment Holdings Corp. ("NA Investment"); and Panamerican Holdings Corp. ("Panamerican") (collectively, "Coderch Companies") to produce documents responsive to EGI-VSR's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued to each of them (collectively, the "Subpoenas").

EGI-VSR has brought a combined motion because there is an overlapping straightforward dispute: whether EGI-VSR obtain discovery about Mr. Coderch's assets and transfers by and through companies.

## INTRODUCTION

Nearly two years have passed since this Court entered a money judgment in the amount of $28.7 million ("Judgment") in favor of EGI-VSR and against judgment debtor Mr. Coderch. (ECF No. 43, Final J.) To date, Mr. Coderch has not paid a single dollar of the millions owed forcing EGI-VSR to pursue post-judgment discovery and collection claims to enforce this Court's Judgment.

In this proceeding, EGI-VSR is prosecuting claims against Mr. Coderch and his alter ego, NA Topco ("Topco"), to collect on its $28.7 plus Judgment pursuant to the Federal Rules of Civil Procedure, and this Court's Local Rules. As part of its discovery, EGI-VSR has issued subpoenas that seek documents relevant to those claims. Here, EGI-VSR has alleged and has been able to obtain proof that Mr. Coderch has certified that he owns and controls these companies and also that he and/or Topco make transfers, or cause transfers to be made, directly and indirectly to and from them. At bottom, these companies are part of Mr. Coderch's fraudulent scheme and transfers, and serve as his alter egos in the United States. The Coderch Companies object to EGI-VSR obtaining discovery of any information that is not expressly in the name of Juan Coderch, which ignores the theory of these claims and the applicable law. Their attempt to block discovery—all orchestrated by Mr. Coderch—is more of the same inexcusable and unsupportable obstructing, delay and waste.

Under the applicable federal and local rules, EGI-VSR is entitled to broad discovery into Mr. Coderch's assets. That discovery extends to third parties where "at least some demonstration

of concealed or fraudulent transfers or alter ego relationship with the judgment debtor" is shown. *See Dem. Rep. of Congo v. Air Capital Grp., LLC*, No. 12-Civ-20607-COOKE/TORRES, 2018 WL 324976, at *2 (S.D. Fla. Jan. 8, 2018).

EGI-VSR served a subpoena on Continental (the "Continental Subpoena"). (*See* ECF No. 252, Mot. Intervene, Ex. A.) Continental and EGI-VSR have addressed objections and responses to EGI-VSR's requests, and Continental Management produced a real estate contract that shows it manages property owned by Mr. Coderch's Transatlantic.[1] Transamerican thereafter objected to the third party subpoena to Continental based on its contentions that the subpoena demands "private information" about Transamerican's "corporate affairs."

As demonstrated below, and with limited discovery obtained thus far, EGI-VSR has made the required showing of "at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor [Mr. Coderch]" and Transamerican and the other Coderch Companies. Accordingly, the discovery EGI-VSR seeks is appropriate and supported by rules and case law.

EGI-VSR respectfully requests that this Court deny Transamerican's Motion for a Protective Order, grant EGI-VSR's Motion to Compel the Coderch Companies to respond to EGI-VSR's Subpoenas and award EGI-VSR its fees.

## BACKGROUND

On January 12, 2015, EGI-VSR initiated this action seeking the Court to confirm its international final arbitral award. (ECF No. 1, Pet.) In the original pleading, EGI-VSR alleged that Mr. Coderch had incorporated NA Topco Corp., NA Investment Holdings Corp., Transamerican Land Corp., North Atlantic Investment Corp., and PanAmerican Holdings Corp.,

---

[1] That document is attached as Exhibit A.

3

in Florida and had used these corporations to shield personal assets that could be otherwise used to satisfy his debts. (ECF No. 1, Pet. ¶¶10–11.)

EGI-VSR's Supplemental Complaint continues to allege that Mr. Coderch has used these sham corporations, including Topco, to hide assets that could otherwise be used to satisfy the $28.7 million debt owed to EGI-VSR and to transfer money to and from the United States. (*See* ECF No. 173, Suppl. Compl. ¶¶2, 65.)

Mr. Coderch's alter ego relationship with these sham corporations is well documented and even supported by Mr. Coderch's written admissions. For example, in an April 10, 2018 email from Mr. Coderch to his Florida bankers in connection with a loan renewal, Mr. Coderch stated, "nothing of substance has changed since we last dealt with them regarding the existing loan to our Florida company (North Atlantic), which is 100% owned by NA Topco Corp. (Florida) . . . which [after passing through foreign holding companies] has as ultimate beneficiaries Mr. Juan Carlos Celestino Coderch Mitjans, his wife and their 3 children, with Juan C.C. Coderch M. being its sole Administrator (appointed as Protector) and with full powers." *See* Ex. B.

Moreover, limited discovery thus far provides further evidence in support of Mr. Coderch's self-admission regarding his alter ego relationship with these sham corporations. For example, Topco's Rule 30(b)(6) witness Adriana Coderch's ("Ms. Coderch") deposition confirms that Mr. Coderch formed Topco and that it operates exclusively by his family for their personal benefit with no legitimate business purpose. (*See* ECF No. 209, Dep. Tr. at 83) (Ms. Coderch stating "I mean this is a family--- you know, this is our family, so assuming we want to keep it that way," when asked about Topco's corporate structure); *id.* at 86 (tracking Topco's ownership structure which ultimately leads to Mr. Coderch and his family as the beneficiaries); (*See* ECF No. 209, Dep. Ex. 9.) (Mr. Coderch declaring and certifying in a financial statement for the purchase of the

New York condominium that "NA Topco Corp. . . . is 100% directly owned by the family of Juan and Cecilia Coderch (and children).").

Ms. Coderch's testimony also described Mr. Coderch's ownership of various corporations including NA Topco Corp., North Atlantic Land Corp., Euro Credit Finance Corp., and N.A. Investment Holding Corp. (*See* ECF No. 209, Dep. Tr. at 86); (*see also* ECF No. 209, Dep. Exs. 6, 9, 21-22, 37-45) (describing various fund transfers made between these companies).

Discovery obtained thus far, mostly from third parties, further shows Mr. Coderch's alter ego relationship with Transamerican and the Coderch Companies:

A. **Transamerican Land Corp.**

- Mr. Coderch has unfettered control of its funds and possesses complete authority to control and manage the business as he sees fit as the company's "authorized representative" pursuant to a Feb. 5, 2014 board action. Transamerican Land Subpoena Response, Ex. C at 000024–000027.

- The initial board of directors, with the exception of one, consisted of Mr. Coderch and his family members. *Id.* at 000008.

- Coderch family members are the only directors and officers —Melina Coderch is President and Treasurer, and Cecilia Coderch is Secretary. *Id.* at 000032. Prior to January 2014, Mr. Coderch served as a Director, President, and Treasurer. *Id*. at 000023.

B. **North Atlantic Investment Corp.**

- Mr. Coderch has unfettered control of its funds and possesses complete authority to control and manage the business as he sees fit as the company's "authorized representative" pursuant to a Feb. 10, 2014 board action. *See* North Atlantic Subpoena Response, Ex. D at 000028.

- The initial board of directors, with the exception of one, consisted of Mr. Coderch and his family members. *Id.* at 000008.

- Mr. Coderch was the director, president, and treasurer until his resignation in January 2014. *Id.* at 000027.

- Topco's Rule 30(b)(6) witness Adriana Coderch testified that North Atlantic Investment Corp. is owned by North Atlantic Land Corp. (*See* ECF No. 209, Dep. Tr. at 108-109).

    o North Atlantic Land Corporation S.A. (Panama) is 100% owned by the Vector Capital Holdings, Inc. (Panama), which is 100% owned by Vector Capital Foundation (Panama) which has ultimate beneficiaries of Mr. Coderch, his wife, and their three children. *See* North Atlantic Subpoena Response, Ex. D at 000016-19.

    o Mr. Coderch is the sole administrator with full powers. *Id.*

    o North Atlantic Land Corp. provided funding to Topco for Topco to purchase the condo in New York, pay for its renovations, and the taxes, common fees, mortgage, and maintenance expenses. (ECF No. 209, Dep. Tr. at 100.)

C. **NA Investment Holdings Corp.**

- Mr. Coderch also has unfettered control of its funds and possesses complete authority to control and manage the business as he sees fit as its "authorized representative" pursuant to a Feb. 3, 2014 board action. *See* NA Investment Holding Subpoena Response, Ex. E at 000008–000011.

- NA Investment Holdings filed its Articles of Incorporation with the State of Florida on October 16, 1997 and Mr. Coderch was named as the only director. *Id.* at 000001–000004.

- The directors are Coderch family members Cecilia Coderch and Melina Coderch. *Id.* at 000011.

D. **PanAmerican Holdings Corp.**

- Mr. Coderch has unfettered control of its funds and possesses complete authority to control and manage the business as he sees fit as "authorized representative" pursuant to a Feb. 12, 2014 board action. Pan American Holdings Subpoena Response, Ex. F at 000020–000023.

- The initial board of directors, with the exception of one, consisted of Mr. Coderch and his family members. *Id.* at 000006.

- Coderch family members are the only directors and officers—Melina Coderch is President and Treasurer, and Cecilia Coderch is Secretary. *Id.* at 000027.

- Mr. Coderch was the director, president, and treasurer until his resignation in January 2014. *Id.* at 000018.

6

EGI-VSR is entitled to broad discovery into Mr. Coderch's assets in aid of execution of its Judgment and the foregoing describing Transamerican's, Topco's and the Coderch Companies' alter ego relationship with Mr. Coderch demonstrates that the discovery EGI-VSR seeks is proper.

## ARGUMENT

**I.    EGI-VSR Is Entitled To Broad Post-Judgment Discovery In Aid Of Execution Of Its Judgment.**

The scope and means of discovery in aid of execution are particularly broad. As the court explained in *Supreme Fuels Trading FZE v. Sargeant*, No. 08-81215-Civ, 2011 WL 13172599, at *3 (S.D. Fla. Sep. 15, 2011):

> In order to execute a judgment, a judgment creditor or his successor-in-interest "may obtain discovery from any person-including the judgment debtor-as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "[A]s a matter of policy, Rule 69 should authorize the use of all discovery devices provided in the rules." Fed R. Civ. P. 69 advisory committee's note (1970). The scope of post-judgment discovery is "very broad" to permit a judgment creditor to discover assets upon which execution may be made.

For this reason, "[i]n the context of discovery in aid of execution of a money judgment under Rule 69, where a judgment creditor has presented evidence suggesting that a third party is an alter ego or 'mere extension' of the judgment [debtor], discovery from a third party is appropriate." *Bozo v. Bozo*, No. 12-CV-24174, 2013 WL 12128680, at *2 (S.D. Fla. Aug. 16, 2013). Thus, "the party resisting discovery[] has the burden of showing that the requested discovery is not relevant to the issues or is otherwise objectionable." *Supreme Fuels Trading FZE*, 2011 WL 13172599, at * 3 (citing *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001)).

A district court has broad authority under Rule 37 to control discovery. *Moore v. King Game, Inc.*, No. No. 19-21391-Civ-WILLIAMS/TORRES, 2019 WL 7283217, at *1 (S.D. Fla. Dec. 27, 2019). A party seeking discovery may move for an order compelling [a] ... production ...

7

[if] a party fails to produce documents ... as requested." Fed. R. Civ. P. 37. The court may also impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed R. Civ. P. 37(b)(2).

### A. EGI-VSR Has Made the Requisite Showing of Necessity and Relevance.

Through its subpoena to Continental and subsequent discussions with its counsel, EGI-VSR learned from Continental that it has one business relationship with Mr. Coderch, which is that it manages a commercial property in South Florida at his direction on behalf of Transatlantic. EGI-VSR is seeking only documents relevant to the management of that Property.

Transamerican, which did not initially object to the subpoena upon notice of intent to issue or its issuance, argues that EGI-VSR is not entitled to that discovery because it has not met the "heightened showing of necessity and relevance" required for third party discovery from Continental. (ECF No. 252, Mot. Intervene at 4-5.) Transamerican also contends that the Continental Subpoena is overly broad because it seeks private information from a non-party without sufficient justification and demands information about transfers and assets that could not be used to satisfy the Judgment. (*Id.* at 5.) Transamerican is wrong on all points.

First, it is well settled that in the context of discovery in aid of execution of a money judgment under Federal Rule of Civil Procedure 69(a), where a judgment creditor has presented evidence suggesting that a third party is an alter ego or 'mere extension' of the judgment creditor, discovery from a third party is appropriate. *Bozo*, 2013 WL 12128680, at *3. Here, both in the original pleading and Supplemental Complaint, EGI-VSR alleged that Mr. Coderch has used these sham corporations, including Transamerican, to hide assets and transfer money that could be used to satisfy the debt owed to EGI-VSR. (*See* ECF No. 1, Pet. ¶¶10–11); (ECF No. 173, Suppl. Compl. ¶¶2, 65.) Discovery thus far supports these allegations. Moreover, EGI-VSR has also

8

obtained and provided this Court with proof in support of its allegations that Transamerican, Topco, and the Coderch Companies share an alter ego relationship with judgment debtor Mr. Coderch — they lack corporate formalities, they are all owned exclusively by Mr. Coderch and his family, members of the Coderch family serve as the only directors and officers, and Mr. Coderch has control of the funds for each of these entities. That meets the required showing to justify the third party discovery EGI-VSR seeks.

Second, the standard for third party discovery Transamerican urges is more stringent than the law requires. (ECF No. 252, Mot. Intervene at 4-6.) In *Democratic Republic. of Congo*, this district cited *Trustees of Northern Florida Operating Engineers Health & Welfare Fund v. Lane Crane Serv., Inc.*, 148 F.R.D. 662 (M.D. Fla. 1993) as instructive on how courts consider the link between a nonparty and judgment debtor as to justify discovery into third party assets. 2018 WL 324976, at *2.

In *Trustees of Northern Florida Operating Engineers Health & Welfare Fund*, movants who were not parties to the action, objected to a subpoena on the grounds that the judgment creditor sought the confidential and operational records of a third party which would not lead to disclosure of assets of defendant. 148 F.R.D. at 663. The court held that the judgment creditor, pursuant to Rule 69, was entitled to seek discovery from the nonparty on the basis of an alter ego theory. In reaching its holding, the court considered alter ego factors including that the son of the principal of the debtor company was the sole owner of the new company and that the debtor company and the new company utilized the same address.[2] *Dem. Rep. of Congo*, 2018 WL 324976 at *2 (citing *Trs. of the N. Fla. Operating Eng'rs Health & Welfare Fund*, 148 F.R.D. at 664).

---

[2] For all of the Coderch Companies, he uses Carlton Fields' offices as their address.

9

Thus, courts take a holistic approach when examining the link between the non-party and the judgment debtor, considering the totality of circumstances. 148 F.R.D. at 664 (finding that "[w]hile any of these factors standing alone might not be sufficient to make the requisite showing," "in combination they provide a basis for Plaintiffs' allegation of alter ego relationship sufficient to justify the requested discovery.").

Here, EGI-VSR has made "at least some demonstration," frankly, it has shown, that the Coderch Companies are Mr. Coderch's alter egos and/or were part of his fraudulent scheme and transfers. *See e.g.*, *Bozo*, 2013 WL 12128680, at *7-8 (finding that subpoenas on non-parties, which also sought records about other entities, were proper and relevant given the close relationship of the non-parties, who were the spouses and daughters of the judgment debtors, and the number of corporate entities affiliated with the judgment debtors); *Dem. Rep. of Congo*, 2018 WL 324976, at * 3 (finding non-parties and debtors shared a close relationship justifying third party discovery where the record demonstrated that many of them were the same principals, places of business, and registered agents).

To support its argument Transamerican asserts that Florida law provides that fraudulent transfer claims must be brought within four years of their occurrence, and accordingly nothing is discoverable. (ECF No. 252, Mot. Intervene at 5-6.) This argument is wrong and a red herring because "[t]he scope of post-judgment discovery is broad[;] [and] the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *Frenkel v. Acunto*, No. 11-62422-CIV, 2014 WL 4680738, at *5 (S.D. Fla. Sept. 19, 2014). For this reason, the United States Supreme Court has made clear that discovery of information pertaining to events that occurred before an applicable limitations period is still discoverable if relevant to claims or defenses. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S.

10

340, 352 (1978) ("[I]t is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, **unless the information sought is otherwise relevant to issues in the case**.") (emphasis added).

Moreover, EGI-VSR's fraudulent transfer allegations and claims include the fact that Mr. Coderch is using these alter-ego companies to make transfers to and from himself. Therefore, Transamerican's statute of limitations argument falls short.[3]

Last, Transamerican also contends that EGI-VSR cannot obtain this discovery in connection with its alter ego claims because Mr. Coderch and Topco believe the Court lacks subject-matter jurisdiction. (ECF No. 252, Mot. Intervene at 6.) They've lost that fight already; Magistrate Judge Otazo-Reyes found subject matter jurisdiction pursuant to its ancillary jurisdiction. (ECF No. 251, R.&R.) Additionally, Mr. Coderch's and Topco's motions to dismiss do not stay discovery. Moreover, the discovery would still be appropriate under Rule 69 in aid of execution and because Topco has not dismissed the fraudulent transfer claims.

Accordingly, the information that EGI-VSR has and seeks to obtain from Continental is relevant and Transamerican's arguments fail to show otherwise.

---

[3] Additionally, Florida Districts Court of Appeal also recognize that a statute of limitations does not apply to proceedings supplementary. *See e.g*, *Biel Reo, LLC v. Barefoot Cottages Dev. Co., LLC*, 156 So. 3d 506, 507-08 (Fla. 1st Dist. DCA 2015) (holding that Uniform Fraudulent Transfer Act (UFTA) statute of limitations did not apply to proceedings supplementary arising from improper transfers of judgment debtor's property); *Zureikat v. Shaibani*, 944 So. 2d 1019, 1022-23 (Fla. 5th DCA 2006) (holding proceedings supplementary could be initiated during the life of the judgment and that statute of limitations would not prevent a judgment creditor from initiating proceedings supplementary).

### B. Transamerican Lacks Good Cause for a Protective Order.

Transamerican also asserts that EGI-VSR improperly seeks confidential information about Transamerican's affairs that do not relate to Mr. Coderch or his assets. (ECF No. 252, Mot. Intervene at 3-4.)

It is Transamerican's burden to establish that a subpoena should be quashed or modified because it requires the disclosure of privileged or confidential information. *See* Fed. R. Civ. Pr. 26(C)(1)(G) (holding that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."); *see also*, *Eastwood Enters., LLC v. Farha*, No. 8:07-CV-1940, 2010 WL 11508180, at *3 (M.D. Fla. Apr. 26, 2010). Transamerican fails to meet its burden and the Court should likewise deny its request.

The Eleventh Circuit demands a balancing of interest approach in determining whether good cause exists for a protective order. *See Farnsworth v. Procter & Gamble*, 758 F.2d 1545, 1547 (11th Cir. 1985). Thus, a court must "balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result." *Paxton v. Great American Ins. Co.*, No. 08-81431-CIV, 2009 WL 5064054, at *6 (S.D. Fla. Dec. 16, 2009). Transamerican must make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" in favor of the protective order. *Bozo*, 2013 WL 12128680, at *3 (citing *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005)).

Here, Transamerican alleges only in conclusory fashion that the information sought is private. Transamerican, however, does not offer any explanation as to how it will be harmed or injured by disclosure of this alleged "private information." That is not enough. *See Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (discussing that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not the satisfy the 26(c) test" and noting that "the alleged harm must be significant, not a mere trifle."); *see also*, *Eastwood Enters.*, 2010 WL 11508180, at *3 (denying a motion to quash a non-party subpoena based on confidentiality and privilege assertions where third party simply asserted that the subpoenas would require disclosure of confidential information).[4]

And as explained above, the discovery is relevant. Accordingly, EGI-VSR is entitled to the discovery it seeks from Continental, the Court should deny Transamerican's motion for a protective order, and award EGI-VSR its fees for being forced to respond to Transamerican's motion.

## II.     The Court Should Grant EGI-VSR's Motion To Compel.

EGI-VSR also moves this Court to compel Transamerican and the Coderch Companies to respond to the Subpoenas. EGI-VSR has conferred with counsel for Transamerican and the Coderch Companies in good faith to resolve their discovery disagreements, but they have maintained their objections and have refused to supplement their discovery responses.

---

[4] EGI-VSR has agreed and entered into confidentiality orders with other third parties and is willing to do the same here with Transmerican. (*See* ECF Nos. 130, 159, Confidentiality Order Biscayne Bank & Citibank Confidentiality Order). Courts have found such orders sufficiently address any third party confidentiality concerns. *See Dem. Rep. of Congo*, 2018 WL 324976, at * 3 (finding that non-parties confidentiality concerns minimized given the parties' confidentiality agreement); *Frenkel*, 2014 WL 4680738, at *6 (finding that any prospective harm to non-parties from production of financial records mitigated by confidentiality order).

Accordingly, this Court's involvement is required to compel Transamerican and the Coderch Companies to respond to EGI-VSR's discovery requests.

### A. Post-Judgment Discovery In Aid Of Execution Is Broad.

The scope and means of discovery in aid of execution are particularly broad. As the court explained in *Supreme Fuels Trading FZE*, 2011 WL 13172599, at *3:

> In order to execute a judgment, a judgment creditor or his successor-in-interest "may obtain discovery from any person-including the judgment debtor-as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "[A]s a matter of policy, Rule 69 should authorize the use of all discovery devices provided in the rules." Fed R. Civ. P. 69 advisory committee's note (1970). The scope of post-judgment discovery is "very broad" to permit a judgment creditor to discover assets upon which execution may be made.

"'The scope of post-judgment discovery is broad[;] the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.' Additionally, '[p]ost-judgment discovery can be used to gain information relating to the existence or transfer of the judgment debtor's assets.'" *Frenkel*, 2014 WL 4680738, at *5 (internal citations omitted). For this reason, "[i]n the context of discovery in aid of execution of a money judgment under Rule 69, where a judgment creditor has presented evidence suggesting that a third party is an alter ego or 'mere extension' of the judgment [debtor], discovery from a third party is appropriate." *Bozo*, 2013 WL 12128680, at *2. Thus, "the party resisting discovery[] has the burden of showing that the requested discovery is not relevant to the issues or is otherwise objectionable." *Supreme Fuels Trading FZE*, 2011 WL 13172599, at * 3 (citing *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001)).

A district court has broad authority under Rule 37 to control discovery. *Moore*, 2019 WL 7283217, at *1. A party seeking discovery may move for an order compelling [a] ... production ... [if] a party fails to produce documents ... as requested." Fed. R. Civ. P. 37. The court may also

impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed R. Civ. P. 37(b)(2).

### B. EGI-VSR Has Made The Requisite Showing That The Discovery It Seeks Is Necessary And Relevant.

As set forth in the Background, EGI-VSR has presented evidence demonstrating that Tranasmerican and the Coderch Companies share an alter ego relationship with judgment debtor Mr. Coderch — they lack corporate formalities, they are all owned exclusively by Mr. Coderch and his family, members of the Coderch family serve as the only directors and officers, and Mr. Coderch has control of the funds for each of these entities. Accordingly, EGI-VSR has made the required showing of "at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor" and therefore the discovery EGI-VSR seeks is proper. *See e.g., Dem. Rep. of Congo*, 2018 WL 324976, at *2 (holding that judgment creditor is entitled to discovery into third parties where "at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor" is shown).

### C. EGI-VSR'S Subpoena And Transamerican's And The Coderch Companies' Objections.

Both Transamerican and all of the Coderch Companies raise general blanket objections to each of the definitions, instructions, and document requests along with similar arguments in their responses. (*See* Ex. A. Subpoenas.) Below, EGI-VSR provides examples of those requests, their responses and objections, the grounds for the objections, and the grounds supporting EGI-VSR's position for overruling the objections. In compliance with Local Rule 26.1(g)(2) and for the Court's convenience, a complete copy of this information is attached as Appendix A. *See Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1309 (S.D. Fla. 2010) (finding that plaintiff had sufficiently satisfied Local Rule 26.1(g)(2) requirements where it had attached a

15

complete copy of the request for productions, answers, and a briefing of the arguments as to each particular request).

**NA Investment**

| Request No. 1 | |
|---|---|
| (A) | **The Request**:<br><br>All documents and communications relating to any transfer of assets, including but not limited to funds, interests of value, real or personal property, stock rights, puts or interests, notes, credit, interests in subsidiary or affiliated entities, insurance policies, by or between you and or any of the Coderch Companies, Juan Coderch or Coderch's family. |
| (B) (C) | **The Response and Objections/Grounds for the Objection:**<br><br>As to any transfer of assets by or between Juan Coderch individually and any of the so-called "Coderch Companies" or Coderch's family, none.[1] NA Investment objects to the remainder of this document request.<br><br>[1]NA Investment has conducted a reasonable search for documents and communications within its possession, custody, or control relating to any transfer of assets by or between Juan Coderch individually and any of the so-called "Coderch Companies" or Coderch's family, but it reserves the right to supplement this response should any such materials be found in the future. In that event, NA Investment will supplement this response by either producing those materials or identifying the general objection(s) pursuant to which it withholds them.<br><br>EGI may seek discovery of Juan Coderch's assets because "the scope of discovery directed to judgment debtors is broad," but "generally third parties may be examined only as to the judgment debtor's assets and are not required to disclose their own assets." *Trustees of Amalgamated Ins. Fund v. Jordan Mfg. Corp.*, 07-21301-MC, 2008 WL 343132, at *1 (S.D. Fla. Feb. 5, 2008). Because NA Investment is not a party to this case, discovery of its private information is permitted only "upon a somewhat heightened showing of necessity and relevance," meaning "some demonstration" of fraudulent transfers from Mr. Coderch to NA Investment or an alter ego relationship between Mr. Coderch and NA Investment. *Id.* (internal quotation marks and citation omitted).<br><br>EGI's subpoena is premised on the supposition that all of the so-called "Coderch Companies," including NA Investment, have received fraudulent transfers from Mr. Coderch or are his alter egos. Such supposition alone is not enough to justify |

16

| | |
|---|---|
| | discovery even against a party to an action. After all, "the scope of discovery is not without limits . . . and discovery is not a fishing expedition." *Awad v. Cici Enters.*, 2006 WL 4824477, at *1 (M.D. Fla. Nov. 20, 2006); *see also Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) ("The discovery rules do not permit the appellants to go on a fishing expedition."). But the discovery rules afford enhanced protection to non-parties, and the supposition proffered by EGI with phrases like the "Coderch Companies" is certainly far from the "heightened showing" required to justify discovery of private information about non-party NA Investment. |
| (D) | **Grounds for Overruling the Objections**:<br><br>• General objections are no longer permitted under the federal rules. *See, e.g.*, *Small v. WellDyne, Inc.*, No. 5:16-CV-00062-BO, 2017 WL 2484181, at *2 (E.D.N.C. June 8, 2017) ("[G]eneral objections are an inappropriate response to interrogatories and requests for production of documents because the Federal Rules require parties to state their objections with specificity." (citing Fed. R. Civ. P. 33(b)(4)).<br><br>• Under the applicable federal and local rules, EGI-VSR is entitled to broad discovery into Mr. Coderch's assets. That discovery extends to third parties where "at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor" is shown. *See Dem. Rep. of Congo v. Air Capital Grp., LLC*, No. 12-Civ-20607-COOKE/TORRES, 2018 WL 324976, at *2 (S.D. Fla. Jan. 8, 2018). EGI-VSR has made the appropriate showing demonstrating Mr. Coderch's alter ego relationship with the Coderch Companies. EGI-VSR is entitled to discovery relevant to its fraudulent transfer and alter ego claims that are proportional to this case which seeks to collect on a $28.7 million judgment of this Court. |

| Request No. 2 | |
|---|---|
| (A) | **The Request**:<br><br>All documents and communications relating to any assets, including but not limited to funds, interests of value, real or personal property, stock rights, puts or interests, notes, credit, interests in subsidiary or affiliated entities, insurance policies, held by any of the Coderch Companies, Juan Coderch or Coderch's Family, or in which they have any ownership, voting or other rights or beneficial interest. |

| | |
|---|---|
| (B)(C) | **The Response and Objections/Grounds for the Objection:**<br><br>As to any assets held by Juan Coderch individually, none.[2] NA Investment objects to the remainder of this document request<br><br>[2] NA Investment has conducted a reasonable search for documents and communications within its possession, custody, or control relating to any assets held by Juan Coderch individually, but it reserves the right to supplement this response should any such materials be found in the future. In that event, NA Investment will supplement this response by either producing those materials or identifying the general objection(s) pursuant to which it withholds them.<br><br>EGI may seek discovery of Juan Coderch's assets because "the scope of discovery directed to judgment debtors is broad," but "generally third parties may be examined only as to the judgment debtor's assets and are not required to disclose their own assets." *Trustees of Amalgamated Ins. Fund v. Jordan Mfg. Corp.*, 07-21301-MC, 2008 WL 343132, at *1 (S.D. Fla. Feb. 5, 2008). Because NA Investment is not a party to this case, discovery of its private information is permitted only "upon a somewhat heightened showing of necessity and relevance," meaning "some demonstration" of fraudulent transfers from Mr. Coderch to NA Investment or an alter ego relationship between Mr. Coderch and NA Investment. *Id.* (internal quotation marks and citation omitted).<br><br>EGI's subpoena is premised on the supposition that all of the so-called "Coderch Companies," including NA Investment, have received fraudulent transfers from Mr. Coderch or are his alter egos. Such supposition alone is not enough to justify discovery even against a party to an action. After all, "the scope of discovery is not without limits . . . and discovery is not a fishing expedition." *Awad v. Cici Enters.*, 2006 WL 4824477, at *1 (M.D. Fla. Nov. 20, 2006); *see also Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) ("The discovery rules do not permit the appellants to go on a fishing expedition."). But the discovery rules afford enhanced protection to non-parties, and the supposition proffered by EGI with phrases like the "Coderch Companies" is certainly far from the "heightened showing" required to justify discovery of private information about non-party NA Investment. |
| (D) | **Grounds for Overruling the Objections**:<br><br>- General objections are no longer permitted under the federal rules. *See, e.g.*, *Small v. WellDyne, Inc.*, No. 5:16-CV-00062-BO, 2017 WL 2484181, at *2 (E.D.N.C. June 8, 2017) ("[G]eneral objections are an inappropriate response to interrogatories and requests for production of documents because the Federal Rules require parties to state their objections with specificity." (citing Fed. R. Civ. P. 33(b)(4)). |

18

|  | • Under the applicable federal and local rules, EGI-VSR is entitled to broad discovery into Mr. Coderch's assets. That discovery extends to third parties where "at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor" is shown. *See Dem. Rep. of Congo v. Air Capital Grp., LLC*, No. 12-Civ-20607-COOKE/TORRES, 2018 WL 324976, at *2 (S.D. Fla. Jan. 8, 2018). EGI-VSR has made the appropriate showing demonstrating Mr. Coderch's alter ego relationship with the Coderch Companies. EGI-VSR is entitled to discovery relevant to its fraudulent transfer and alter ego claims that are proportional to this case which seeks to collect on a $28.7 million judgment of this Court. |
|---|---|

## CONCLUSION

WHEREFORE, for the reasons stated above, EGI-VSR requests the Court deny Transamerican's Motion for Protective Order, grant EGI-VSR's Motion to Compel, and award EGI-VSR its fees.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for EGI-VSR has conferred with counsel for Transamerican and the Coderch Companies in a good faith effort to resolve the issues discussed above and resolution could not be reached.

Dated: January 17, 2019            Respectfully submitted,

By: */s/ Detra Shaw-Wilder*
Detra Shaw-Wilder
dps@kttlaw.com
Florida Bar No. 37184
Dwayne Robinson
drobinson@kttlaw.com
Florida Bar No. 99976
Kozyak Tropin Throckmorton LLP
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
Phone: (305) 377-0656
Fax: (305) 372-3508

19

        -and-

Andrew W. Vail (*pro hac vice*)
avail@jenner.com
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
Phone: (312) 840-8688
Facsimile: (312) 840-8787