United States District Court
for the
Southern District of Florida

| | |
|---|---|
| EGI-VSR, LLC, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-20098-Civ-Scola |
| Juan Carlos Celestino Coderch | ) |
| Mitjans and NA Topco Corp., | ) |
| Defendants. | |

## **Order on Report and Recommendations**

This matter was referred to United States Magistrate Judge Alicia Otazo-Reyes for a report and recommendation on the Defendants' motions to dismiss the supplemental complaint. (ECF No. 188, 205.) Judge Otazo-Reyes issued a Report and Recommendation regarding three motions to dismiss: (1) the Defendant Juan Carlos Celestino Coderch's motion to dismiss the supplemental complaint (ECF No. 182), (2) the Defendant NA Topco Corp.'s ("Topco") motion to dismiss count one of the supplemental complaint (ECF No. 204), and (3) Coderch's supplement to motion to dismiss and joinder in Topco's motion to dismiss count one (ECF No. 206). She recommends that the Court deny all of the motions. ("the report," ECF No. 251.) Having conducted a *de novo* review of the entire record and the applicable law, the Court **adopts in part and declines to adopt in part** the report and recommendation (**ECF No. 251**) and **grants in part and denies in part** the Defendants' motions (**ECF Nos. 182, 204**).

The Defendants object to the report, primarily arguing (1) the report erred in recommending not to dismiss the fraudulent transfer claims against Coderch because he is not a proper party to them and (2) the report's recommendation that the Court exercise ancillary jurisdiction over the alter ego claim has been explicitly rejected by the United States Supreme Court. (ECF No. 256, 257.) In the Plaintiff's omnibus response, the Plaintiff argues that the Court can exercise jurisdiction over the alter ego claim under another theory—one that was explicitly addressed and rejected by the Magistrate Judge. (ECF No. 270.) Then, Coderch filed a reply stating that the Plaintiff's alternative argument cannot be considered because it was not filed as a timely objection to the report. (ECF No. 275.) The Plaintiff argued that their reply can be considered as an additional ground to adopt the report. (ECF No. 284.) The Court addresses each argument in turn.

1. **Counts two and three for fraudulent transfer cannot be dismissed.**

    Coderch objects to the report on the basis that Coderch is not a proper party to the fraudulent transfer claims. (ECF No. 257.) Specifically, Coderch argues that the fraudulent transfer claims can only be brought against a transferee and not a transferor of fraudulent assets. In its supplemental complaint, the Plaintiff brings fraudulent transfer claims pursuant to the proceedings supplementary statute (§ 56.29, Florida Statutes) and to Florida's Unfair Fraudulent Transfer Act (§§ 726.105(1), 726.108, 726.109, Florida Statutes). As explained below, the Plaintiff correctly asserted these claims.

    "Proceedings supplementary under section 56.29 are special statutory proceedings subsequent to judgment to aid a judgment creditor in collecting his judgment against the judgment debtor." *Sanchez v. Renda Broadcasting Corp.*,127 So. 3d 627, 628 (Fla. 5th DCA 2013). Proceedings supplementary are often used "to implead a third party in cases where the judgment debtor has made a fraudulent transfer to the third party." *Id.* The proceedings supplementary statute explicitly allows judgment creditors to bring FUFTA claims in proceedings supplementary:

    > The court may entertain claims concerning the judgment debtor's assets brought under chapter 726 and enter any order or judgment, including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property.

    Fla. Stat. § 56.29(9). Moreover, the Eleventh Circuit has allowed creditors to initiate proceedings supplementary against a judgment debtor, and then implead the transferees of allegedly fraudulently transferred assets. *See, e.g., Forster v. Nations Funding Source, Inc.*, 648 Fed. App'x 850, 851 (11th Cir. 2016) ("if the party satisfies the statutory requirements and alleges that the judgment debtor has transferred property to delay, hinder, or defraud creditors, Fla. Stat. § 56.29(6)(b), no other showing is necessary in order to implead the third party").

2. **The Court cannot exercise ancillary jurisdiction over the alter ego claim because it is factually interdependent with the original suit.**

    The United States Supreme Court has "recognized that a federal court may exercise ancillary jurisdiction (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Peacock v. Thomas*, 516 U.S. 349, 354 (1996) (internal citations omitted). The report finds that the Court can exercise jurisdiction over the alter ego claim based on the first prong—or on its

factual and logical dependence on the underlying suit. (ECF No. 251 at 10.) The report states that EGI's original petition contained an independent basis for jurisdiction, the Federal Arbitration Act, and EGI's alter ego claim in the supplemental complaint is sufficiently factually connected to the original action to enforce the petition. Therefore, the report reasons that the Court may exercise ancillary jurisdiction. This application of ancillary jurisdiction has been rejected by the United States Supreme Court. *See Peacock*, 516 U.S. at 355.

In *Peacock v. Thomas*, Thomas brought a successful ERISA suit against Tru-Tech. 516 U.S. at 351. After unsuccessfully attempting to collect on the judgment, Thomas brought claims in federal court for fraudulent conveyance and piercing the corporate veil against Peacock, an officer and shareholder of Tru-Tech. *Id.* at 352. The district court allowed Thomas to pierce the corporate veil, and the court of appeals affirmed, holding that the district court had ancillary jurisdiction over the subsequent suit. *Id.* The Supreme Court reversed, holding that the district court could not exercise ancillary jurisdiction. *Id.* at 360. The Court stated that subsequent claims, which lack an independent basis for jurisdiction but are factually-intertwined with the original federal suit, must have been asserted in the original suit and cannot be brought in a subsequent one. *Id.* at 355.

The Supreme Court explained that "claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent suit." The Supreme Court further explained the reasoning for this limitation:

> The basis of the doctrine of ancillary jurisdiction is the practical need to protect legal rights or effectively to resolve an entire dispute, logically entwined lawsuit. But once judgment was entered in the original ERISA suit, the ability to resolve simultaneously factually intertwined issues vanished. As in *Kroger*, neither the convenience of the litigants nor considerations of judicial economy can justify the extension of ancillary jurisdiction over Thomas' claims in this subsequent proceeding.

*Id.* In other words, "[i]n a subsequent lawsuit involving claims with no independent basis of jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Id*; *see also Nat'l City Golf Finance v. Scott*, 899 F.3d 412, 416 (5th Cir. 2018) ("This kind of ancillary jurisdiction [factually interdependent claims] disappears, however, after the original federal dispute is dismissed."); *Hudson v. Coleman*, 347 F.3d 138, 143 (6th Cir. 2003) (The Court has "reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to

enforce its judgements."); *Nat'l Presto Indus. V. Dazey Corp.*, 107 F.3d 1576, 1580-81 (Fed. Cir. 1997) ("once the original federal dispute is dismissed, claims that at one time might have been brought as ancillary to that dispute may no longer be brought").

3. **The Court cannot exercise jurisdiction over the alter ego claim in order to effectuate its decrees.**

The Report explicitly rejects the exercise of jurisdiction based on the second prong of ancillary jurisdiction—or the exercise of jurisdiction "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." (ECF No. 251 at 9.) The report found that because EGI's alter ego claim seeks to impose on Topco the obligation to pay for the judgment entered in this case and because this obligation did not previously exist, the Court cannot exercise ancillary jurisdiction on this basis.

Nevertheless, the Plaintiff argues in its response to the objections that the report was incorrect in this conclusion. This argument is not proper because the Plaintiff did not timely file objections to the portions of the report that it did not want this Court to adopt. Fed. R. Civ. P. 72(b)(2); *see also*, *Knezevich v. Ptomey*, 761 Fed. App'x 904, 906 (11th Cir. 2019) ("When a party fails to raise a proper objection to the magistrate judge's report and recommendation, that party waives its right to review findings of fact and legal conclusions on appeal unless there was plain error"); Local Magistrate Rule 4(b) ("A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

In an abundance of caution, the Court will consider the Plaintiff's argument that ancillary jurisdiction is proper because "Congress explicitly authorized federal courts, under their ancillary jurisdiction to use all procedures available in the state in which the court is located to enforce judgments" and because Florida law allows parties to bring these claims through proceedings supplementary. (ECF No. 270 at 12-13.) This objection is meritless and does not address the restriction articulated in *Peacock*. 516 U.S. at 357.

The second prong allowing courts to effectuate its decrees encompasses "a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments—including attachment, mandamus, garnishment, and prejudgment avoidance of fraudulent conveyances." *Nat'l Maritime Services, Inc. v. Straub*, 776 F.3d 783, 786-86 (11th Cir. 2015). However, the exercise of ancillary jurisdiction over supplemental proceedings is not appropriate where it "impose[s] an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Peacock*, 516 U.S. at 357. Therefore, the report correctly found that this prong

does not allow the Court to exercise jurisdiction over the alter ego claim because EGI's alter ego claim seeks to impose on Topco an obligation to pay the judgment that was previously entered against Coderch. (ECF No. 173 at ¶ 1.) Topco is not already liable for that judgment against Coderch. *Id.* Therefore, the Court cannot exercise ancillary jurisdiction over this count.

### 4. Conclusion

In sum, the Court **declines to adopt in part** the Magistrate Judge's Omnibus Report and Recommendation (**ECF No. 251**.)

- The Court **grants in part and denies in part** the Defendant Coderch's motion to dismiss (**ECF No. 182**). The Court grants Coderch's motion with respect to count one and denies the motion with respect to counts two and three.
- The Court **grants** the Defendant Topco's motion to dismiss count one of the supplemental complaint (**ECF No. 204**).
- The Court dismisses **count one** of the supplemental complaint **without prejudice** and with leave to refile in Florida state court.

**Done and ordered** at Miami, Florida, on February 5, 2020.

Robert N. Scola, Jr.
United States District Judge