United States District Court
for the
Southern District of Florida

| | |
|---|---|
| EGI-VSR, LLC, Petitioner, | ) <br> ) |
| v. | ) <br> ) Civil Action No. 15-20098-Civ-Scola <br> ) |
| Juan Carlos Celestino Coderch Mitjans, Respondent. | ) <br> ) |

**Order On Objections to Magistrate Judge Order**

On September 17, 2020, the Court referred the Plaintiff's motion for protective order and the Defendant's motion to compel to Magistrate Judge Alicia M. Otazo-Reyes, to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule 72, and Rule 1(C) of the Local Magistrate Judge Rules. This matter is now before the Court upon the Defendant's objections to the Magistrate Judge's discovery order (ECF No. 384) granting the Plaintiff's motion for protective order (ECF No. 353) and denying the Defendant's motion to compel (ECF No. 362). The Court **affirms** the Magistrate Judge's order (ECF No. 384.)

Where a magistrate judge issues a non-dispositive order, the Court reviews that order under a "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a). A number of courts have said that a ruling can be shown to be clearly erroneous only when it can be concluded that the challenged decision is not "just maybe or probably wrong; it must strike us with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). Put another way, a finding is clearly erroneous, when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1351-52 (11th Cir. 2005). An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Barr v. One Touch Direct, LLC*, No. 8:15-cv-2391, 2017 WL 749503, at *2 (M.D. Fla. 2017). Despite the non-dispositive nature of the Magistrate Judge's order, the Defendant nonetheless urges this Court to conduct a *de novo* review on the ground that Magistrate Judge Otazo-Reyes "prejudge[d] the merits" of certain new defenses the Defendant intended to raise before the Court prior to the Court acting upon the Eleventh Circuit's limited mandate. (ECF No. 385, at 10-11.) Under either standard of review, the Court affirms the Magistrate Judge's ruling for the reasons set forth below.

The Court has reviewed the Magistrate Judge's order, the parties' briefing, and the relevant legal authorities and finds Magistrate Judge Otazo-Reyes's order to be well-reasoned and cogent and compelling. The Court agrees with the Magistrate Judge that under the mandate rule, the Court's role is circumscribed. "The mandate rule requires a district court to strictly comply with the terms of a circuit court's opinion when a case is remanded" and "may not alter, amend, or examine the mandate, or give any further relief, but must enter an order in strict compliance with the mandate." *Rhiner v. Wexford Health Sources, Inc.*, No. 15-cv-14332, 2018 WL 10076759, at *2 (S.D. Fla. April 23, 2018) (White, Mag. J.), *report and recommendation adopted*, 2018 WL 10076760 (May 31, 2018) (Rosenberg, J.). When the circuit court issues a limited mandate, the "trial court is restricted in the range of issues it may consider . . . [r]uling on matters outside the scope of a limited mandate constitutes an abuse of discretion." *United States v. Irey*, 458 F. App'x 854, 855-56 (11th Cir. 2012).

Here, the Eleventh Circuit remanded this matter to the Court for the limited purpose of "recalculate[ing] the purchase price of [EGI's] shares using the January 13, 2012, conversion date" and "enter[ing] an order requiring both Mr. Coderch and EGI to perform their obligations under Section 10 of the [VSR] Shareholders' Agreement." (ECF No. 384, at 8.) The Defendant has received all the discovery that is relevant and proportional to this mandate, as noted by Magistrate Judge Otazo-Reyes. The Court agrees with Magistrate Judge Otazo-Reyes that discovery beyond this purpose is "neither relevant nor proportional to the needs of the case." (ECF No. 384, at 8.) While the Defendant argues that "new evidence" provides an exception to the mandate rule, the Defendant misconstrues that exception. The exception the Defendant points to permits the Court to deviate from the circuit's mandate, where a "subsequent trial" produces "substantially different evidence." *Barber v. Int'l Bhd. Of Boilermakers*, 841 F. 2d 1067, 1072 (11th Cir. 1988); *see also Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 891 (11th Cir. 2011). Here, there has been no subsequent trial that produced substantially different evidence sufficient for the Court to deviate from the Eleventh Circuit's mandate. Application of the mandate rule serves the important purpose of creating "efficiency, finality and obedience within the judicial system." *United States v. Stein*, 964 F.3d 1313, 1324 (11th Cir. 2020). For the Court to reopen proceedings beyond the Eleventh Circuit's limited mandate would be an abuse of discretion.

For the reasons set forth above, Magistrate Judge Otazo-Reyes's ruling is **affirmed** in its entirety. The Defendant's objections are **overruled**. (**ECF No. 385**.)

**Done and ordered** at Miami, Florida, on January 26, 2021.

_____
Robert N. Scola, Jr.
United States District Judge