UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-20098-CIV-SCOLA/OTAZO-REYES

EGI-VSR, LLC,

    Petitioner,

v.

JUAN CARLOS CELESTINO
CODERCH MITJANS a/k/a JUAN CODERCH,

    Respondent.
_____/

**REPORT AND RECOMMENDATION RE: MOTION TO STAY**

THIS CAUSE came before the Court upon Defendant Juan Carlos Celestino Coderch Mitjans' ("Respondent" or "Coderch") Motion to Stay Proceedings on Amended Judgment Pending Appeal (hereafter, "Motion to Stay") [D.E. 458]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 460]. The undersigned held a hearing on this matter on August 12, 2021 [D.E. 460]. For the reasons stated below, the undersigned respectfully recommends that Coderch's Motion to Stay be DENIED.

**PROCEDURAL BACKGROUND**

Plaintiff EGI-VSR, LLC ("Plaintiff" or "EGI") commenced this action on January 12, 2015 with the filing of a Petition to Confirm International Arbitral Award ("Arbitration Award") (hereafter, "Petition") [D.E. 1]. The arbitration dispute underlying the Petition related to a shareholder agreement involving the stock of a private company engaged in the production and distribution of wine, Viña San Rafael S.A. ("VSR"), in which EGI was a minority shareholder and Coderch was a controlling shareholder. Id. at 3-4. EGI prevailed on its claim that the VSR

controlling shareholders, including Coderch, had breached the shareholder agreement and obtained a final arbitration award in its favor.  Id. at 5-6.  The Arbitration Award required the controlling shareholders to buy back EGI's shares in VSR and set forth a method for computing the purchase price.  Id.  In its Petition, EGI sought a judgment confirming the Arbitration Award in the amount computed pursuant to the prescribed methodology, plus post-award interest, plus attorney's fees and costs.  Id. at 10.

On June 4, 2018, the Court entered Final Judgment in favor of EGI and against Coderch in the amount of $28,700,450.07, plus post-judgment interest [D.E. 43].  On June 18, 2018, Coderch appealed the Final Judgment [D.E. 44].  On August 7, 2020, the Eleventh Circuit Court of Appeals issued its Mandate, finding that "the District Court properly found that the Arbitration Award should be confirmed under the Panama Convention"; but vacating the Final Judgment and remanding the matter with instructions "to recalculate the purchase price of [EGI's] shares using the January 13, 2012, conversion date" and to "enter an order requiring both Mr. Coderch and EGI to perform their obligations under Section 10 of the [VSR] Shareholders' Agreement by paying the purchase price for the relevant shares, after proper calculation and conversion, and tendering those shares, respectively."  See Mandate [D.E. 340 at 26–27].

On March 31, 2021, the Court entered its Amended Final Judgement pursuant to the Mandate of the Eleventh Circuit.  See Amended Final Judgment [D.E. 408].  Therein, the Court reconfirmed the Arbitration Award and entered a judgment of specific performance requiring the following:

Within ten (10) business days of the entry of this Amended Final Judgment:

A. Coderch **shall deposit** into the Court Registry, the amount of **$27,301,296.33**, plus accrued post-judgment interest from the date of the Court's Final Judgment (ECF No. 43) calculated in accordance with 28 U.S.C. § 1961; and

> B. EGI **shall deposit** into the Court Registry its 7,554,449 shares in Viña San Rafael S.A. ("VSR").
>
> Upon satisfaction of conditions (a) and (b) above, the Clerk of Court shall simultaneously transfer the 7,544,449 VSR shares to Coderch and the $27,301,296.33, plus accrued post-judgment interest from the date of the Court's Final Judgment (ECF No. 43) calculated in accordance with 28 U.S.C. § 1961, to EGI.

Id. at 1 (emphasis in original). The Court retained jurisdiction to enforce the terms of the Amended Final Judgment. Id. at 2.

On April 9, 2021, EGI filed a Notice of Compliance with Final Judgment ("EGI's Notice"), stating that it had deposited the shares with the Court Registry. See EGI's Notice [D.E. 410]. On April 14, 2021, Coderch filed a Notice of Inability to Comply with Final Judgment ("Coderch's Notice") contending that: (1) EGI had not complied with the Amended Final Judgment because it had not deposited in the Court Registry preferred shares of VSR; and (2) Coderch had commenced bankruptcy proceedings in Paraguay, his country of residence, because his payment obligations pursuant to the Amended Final Judgment exceeded his assets. See Coderch's Notice [D.E. 412].[1]

On April 29, 2021, Coderch appealed the Amended Final Judgment without posting a supersedeas bond [D.E. 416]. On May 6, 2021, EGI filed a Motion for Enforcement and Post Judgment Relief (hereafter, "Motion to Enforce Judgment") [D.E. 419]. On May 20, 2021, Coderch filed his response to the Motion to Enforce Judgment and a Cross-Motion to Modify and for Relief from Judgment (hereafter, "Motion to Modify Judgment") [D.E. 432]. On July 6, 2021, Coderch filed the Motion to Stay [D.E. 458].

---

[1] On May 14, 2021, the Court found that "the shares deposited by EGI into the Court's registry are the very shares that were at issue in the parties' arbitration and in these proceedings" and concluded that EGI had complied with the Amended Final Judgment. See Order [D.E. 431 at 3]. Coderch appealed this Order, but the appeal was dismissed for lack of jurisdiction [D.E. 447, 465].

3

## **STANDARD OF REVIEW**

Rule 62(b) of the Federal Rules of Civil Procedure ("Rule 62(b)") provides:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b). Rule 62.1 of the Local Rules for the Southern District of Florida ("Rule 62.1") provides:

> A supersedeas bond or other security staying execution of a money judgment shall be in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay. Upon its own motion or upon application of a party the Court may direct otherwise.

S.D. Fla. L.R. 62.1.

In opposition to the Motion to Stay, EGI correctly notes that Coderch has not posted a bond for 110% of the amount he has been ordered to pay in the Amended Final Judgment pursuant to Rule 62(b) and Rule 62.1.  However, Coderch's Motion to Stay is wholly predicated on Rule 62(d) of the Federal Rules of Civil Procedure ("Rule 62(d)"), which provides:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(d).  Specifically, Coderch contends that the Amended Final Judgment of specific performance "is an injunction[.]"  See Motion to Stay [D.E. 458 at 4].

For a judgment of specific performance to be treated as an injunction, it must comply with the requirements of Rule 65(d) of the Federal Rules of Civil Procedure ("Rule 65(d)").  See Supreme Fuels Trading FZE v. Sargeant, 689 F.3d 1244, 1247 (11th Cir. 2012) (Pryor, J., concurring).  Rule 65(d) provides that an order granting an injunction must:

> (A) state the reasons why it issued;

4

  (B) state its terms specifically; and

  (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

Fed. R. Civ. P. 65(d).  The Amended Final Judgment of specific performance appears to meet all three of these criteria given that it was issued pursuant to the Mandate of the Eleventh Circuit; and that the specific performance terms are specifically stated and described in detail for each party. Therefore, the undersigned will analyze the Motion to Stay under Rule 62(d).

## DISCUSSION

To succeed in his Motion to Stay, Coderch mush show: "1) that [he] is likely to prevail on the merits on appeal; 2) that absent a stay [he] will suffer irreparable damage; 3) that [EGI] will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986) (citing Jean v. Nelson, 683 F.2d 1311, 1312 (11th Cir.1982) (*per curiam*)).

With regard to the first requirement, Coderch contends that he is likely to prevail on the merits of one or more of the following issues raised in his pending appeal of the Amended Final Judgment: (1) that the Hubers' settlement was undervalued; (2) that the law of the case doctrine did not bar his new defense to confirmation of the Arbitration Award under the Federal Arbitration Act ("FAA") and the Panama Convention; (3) that his other defenses to calculation were not explicitly or implicitly decided in his prior appeal; (4) that post-judgment interest is outside of the Eleventh Circuit's mandate and not possible for a judgment of specific performance; and (5) that EGI did not perform under the Amended Final Judgment because it deposited ordinary shares and not preferred stock.  See Motion to Stay [D.E. 458 at 5-9].  Based on the detailed and exhaustive analysis of these issues, both prior to issuance of the Amended Final Judgment and after Coderch's

challenge to the sufficiency of EGI performance by depositing ordinary shares, the undersigned does not find that Coderch is likely to prevail on the merits of these points on appeal.

Coderch also contends that he will suffer irreparable harm absent a stay of the Amended Final Judgment because: EGI conceived its proposed contempt sanctions as a way to collect third-party assets, which once liquidated would be impossible to undo; his individual assets are already in bankruptcy under the control of a court-appointed bankruptcy receiver so he cannot liquidate them; and his wife of forty years has clear interests in his corporate assets. However, these are not immediate harms faced by Coderch absent a stay; rather they are potential defenses Coderch may choose to advance against enforcement of the Amended Final Judgment at a later stage in the proceedings. Therefore, the undersigned concludes that Coderch has not made the required showing of irreparable harm absent a stay of the Amended Final Judgment.

By contrast, a stay of the Amended Final Judgment without any security will prejudice EGI. Coderch argues that the ongoing bankruptcy proceedings in Paraguay will ensure the orderly liquidation and distribution of his assets and that EGI, as his biggest creditor, may assert its claims in those proceedings. The undersigned does not find that such a potential claim in a foreign bankruptcy court adequately secures EGI's rights, as required by Rule 62(d). Therefore, Coderch has not shown that EGI will suffer no substantial harm from the issuance of the stay.

Finally, Coderch argues that the public interest favors a stay because U.S. courts apply the principle of comity to foreign bankruptcy proceedings, such as the one he is pursuing in Paraguay. However, Coderch has not properly brought the Paraguayan bankruptcy to this Court's attention and general principles of comity are insufficient for a showing that the public interest favors a stay of the Amended Final Judgment pending appeal.

Based on the foregoing analysis, the undersigned concludes that Coderch has not satisfied

the four requirements for obtaining a stay of the Amended Final Judgment pending appeal pursuant to Rule 62(d).

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Respondent's Motion to Stay [D.E. 458] be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen** days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Robert N. Scola, Jr.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 27th day of October, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Robert N. Scola, Jr.
      Counsel of Record