United States District Court
for the
Southern District of Florida

| | |
|---|---|
| EGI-VSR, LLC, Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-20098-Civ-Scola |
| | ) |
| Juan Carlos Celestino Coderch | ) |
| Mitjans, Respondent. | ) |

**Order on Objections to Magistrate Judge's Report and Recommendation**

This matter is before the Court on the Respondent's objections to United States Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation (ECF No. 470), in which Judge Otazo-Reyes recommended denying the Respondent's motion to stay (ECF No. 458). For the reasons stated below, the Court **overrules** the Respondent's objections, **adopts** the Report and Recommendation (**ECF No. 470**), and **denies** the motion to stay (**ECF No. 458**).

### 1. Legal Standard

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989)). The objections must also present "supporting legal authority." *See* Local Mag. J. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath,* 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *See Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

As an initial matter, the Court agrees with the Magistrate Judge that the requirements of Rule 62(d) apply, as the Amended Final Judgment is properly construed as an injunction under Rule 65(d). Therefore, to obtain a stay

pending appeal under Rule 62(d), a movant must show that (1) they are likely to prevail on the merits on appeal, (2) absent a stay, the movant will suffer irreparable damage, (3) the adverse party will not suffer substantial harm from issuance of a stay, and (4) the public interest will be served by issuing the stay. *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). In general, a stay of an injunction pending appeal constitutes "extraordinary relief" that carries with it a "heavy burden." *See Winston-Salem/Forsyth Cnty. Brd. of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971).

### 2. Analysis

As the parties are familiar with the facts of this case, the Court will not recount the relevant background. First, Coderch argues that the Magistrate Judge erred by "undervalu[ing]" his likelihood of success on appeal. (ECF No. 471 at 9.) A movant must make a showing of "only likely or probable, rather than certain, success." *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005). Here, Coderch argues that the "emergence of the Mary Carter agreement between EGI and the Hubers" is enough to warrant a likelihood of success on appeal. (ECF No. 471 at 10.) Coderch also argues that there is a likelihood of success on his remaining arguments, namely that the Hubers settlement was undervalued, that the law of the case doctrine did not bar his renewed public policy defense to confirmation of the arbitration award at issue, that post-judgment interest is not available in these circumstances, that the adjustment of the award was improperly calculated, and that EGI did not perform under the Amended Final Judgment. (ECF No. 470 at 5; ECF No. 471 at 10–11.) As Magistrate Judge Otazo-Reyes stated, the Court has previously conducted a detailed analysis of these issues, and for the reasons previously discussed and noted by the Magistrate Judge, the Court finds that Coderch does not have a likelihood of success on appeal.[1]

Next, Coderch argues that the Report and Recommendation "omit[ted] serious consideration of comity" with respect to an analysis of Coderch's pending bankruptcy proceeding in Paraguay. (ECF No. 471 at 12.) Coderch argues that his assets are tied up in this foreign bankruptcy and that failure to stay the current proceeding would cause irreparable harm to the Paraguay bankruptcy. (*Id.* at 13–14.) Moreover, Coderch presses that the public interest factor weighs in favor of a stay because of the need to respect the Paraguayan

---

[1] On November 24, 2021, Coderch filed a declaration and a Chilean criminal Particular Instruction, arguing that the Chilean police are investigating the Hubers in connection with their activities during the underlying arbitration. (ECF No. 473.) The mere fact that some investigation of the Hubers is taking place in Chile does not equal a likelihood of success on Coderch's claim.

bankruptcy. (*Id.* at 16.) While comity with respect to recognition of judicial process in foreign countries is laudable and often desirable, courts will only grant comity where the Plaintiff meets its burden to establish that comity is appropriate. *See Daewoo Motor Am., Inc. v. Gen. Motors Corp.*, 459 F.3d 1249, 1257–58 (11th Cir. 2006) (setting forth factors that courts must consider before granting comity); *see also Allstate Life Ins. Co. v. Linter Grp. Ltd.*, 994 F.2d 996, 999 (2d Cir. 1993). Coderch does not attempt to argue the comity factors as set out in *Daewoo*; rather, Coderch rests on generalized principles that comity is usually appropriate when dealing with foreign bankruptcy proceedings. (ECF No. 458 at 12.) As Coderch has not met his burden to show that the comity factors set out in *Daewoo* weigh in favor of a stay, the Court agrees with Magistrate Judge Otazo-Reyes and holds that comity is not warranted here.

Coderch also argues that irreparable harm is likely, as EGI "wants to use its contempt sanctions motion as a way to go after third-party assets." (ECF No. 471 at 13.) But as Magistrate Judge Otazo-Reyes found, these arguments are defenses that Coderch can raise against enforcement of the Amended Final Judgment. (ECF NO. 470 at 6.) Coderch's fears that EGI may seek to recover third-party property does not warrant a stay pending appeal.

Last, Coderch argues that no party will be substantially harmed by a stay. Coderch argues that EGI can pursue its claim in the Paraguayan bankruptcy and that a stay would preserve the status quo and protect third parties. (ECF No. 471 at 15–16.) However, as Magistrate Judge Otazo-Reyes held, a stay could harm EGI, as EGI would be forced to litigate in a foreign country without Coderch posting any security in this proceeding. The mere fact that EGI may be able to bring a claim in the Paraguayan bankruptcy, alone, does not lessen the harm that EGI would face if this case were stayed pending appeal without the posting of security.

For these reasons, the Court **overrules** the Respondent's objections, **adopts** the Magistrate Judge's Report and Recommendation (**ECF No. 470**), and **denies** the motion to stay (**ECF No. 458**).

**Done and ordered** at Miami, Florida, on December 1, 2021.

Robert N. Scola, Jr.
United States District Judge